TROY LAW, PLLC
*Attorneys for the Plaintiffs, proposed FLSA*
*Collective and Proposed Class Plaintiffs*
John Troy (JT 0481)
41-25 Kissena Blvd., Suite 119
Flushing, NY 11355
Tel:    (718) 762-1324

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
RODOLFO TECOCOATZI-ORTIZ,
DIEGO DE LA CRUZ ROSAS,
NEFTALI D. BATEN,
ADELAIDO GALEANA,
JOSE PEREDA ABARCA,
CAMILO RAMOS FLORES,
OMAR RAUL ZAPOTITLAN SANCHEZ,
RODOLFO ZEMPOALTECA MONTES,
ENRIQUE DOSITEO ENCALADA ABAD,
*on behalf of themselves, and on behalf others similarly*
*situated in the Proposed FLSA Collective and Potential*
*Rule 23 Class*

LUIS JOFREE LEMA MAYANCELA,
ANTHONY PETER ROSARIO,
REYMUNDO MOLINA MEDEL, and
BERNALDO TLACZANI CARRANZA,
*on behalf of themselves, and on behalf of others*
*similarly situated in the Potential Rule 23 Class*
                                                    Plaintiffs,
                              v.
JUST SALAD LLC
        d/b/a Just Salad;
JUST SALAD 600 THIRD LLC
        d/b/a Just Salad Murray Hill;
JUST SALAD GP LLC
        d/b/a Just Salad Fashion District;
JUST SALAD 134 37TH ST. LLC
        d/b/a Just Salad Fashion District;
JUST SALAD PARTNERS LLC
        d/b/a Just Salad Financial District;
JUST SALAD 315 PAS LLC
        d/b/a Just Salad 315 Park Ave South;
JUST SALAD 320 PARK AVE LLC
        d/b/a Just Salad Park Avenue;

**Case No: 18-cv-07342**

**29 U.S.C. § 216(b)**
**COLLECTIVE ACTION &**
**F.R.C.P. 23  CLASS ACTION**

**COMPLAINT**

JUST SALAD 30 ROCK LLC
    d/b/a Just Salad 30 Rock;
JUST SALAD 706 6TH AVE LLC
    d/b/a Just Salad Chelsea;
JUST SALAD WWP LLC
    d/b/a Just Salad World Wide Plaza;
JUST SALAD 663 LEX LLC
    d/b/a Just Salad Lexington;
JUST SALAD PARK SLOPE LLC
    d/b/a Just Salad Park Slope;
JUST SALAD 8TH ST LLC
    d/b/a Just Salad 8th Street (NYU);
JUST SALAD 1471 3RD AVE LLC
    d/b/a Just Salad Upper East Side (83rd and 3rd);
JUST SALAD 1ST AVENUE LLC
    d/b/a Just Salad Upper East Side (70th and 1st);
JUST SALAD HUDSON SQUARE LLC
    d/b/a Just Salad Hudson Square;
JUST SALAD STATE STREET LLC
    d/b/a Just Salad Downtown Brooklyn;
JUST SALAD HERALD SQUARE LLC
    d/b/a Just Salad Macy's Herald Square;
JUST SALAD 90 BROAD STREET LLC
    d/b/a Just Salad Financial District (90 Broad
    Street);
JUST SALAD 2056 BROADWAY LLC
    d/b/a Just Salad Upper West Side;
JUST SALAD 140 8TH AVE LLC
    d/b/a Just Salad Chelsea (8th Ave);
JUST SALAD 233 BROADWAY LLC
    d/b/a Just Salad City Hall;
JUST SALAD WOODBURY LLC
    d/b/a Just Salad Woodbury;
JUST SALAD 291 7TH AVENUE LLC
    d/b/a Just Salad FIT;
JUST SALAD 437 5TH AVENUE LLC
    d/b/a Just Salad Bryant Park; and
NICHOLAS F KENNER a/k/a Nick Kenner

                        Defendants.
------------------------------------------------------------x

Plaintiffs RODOLFO TECOCOATZI-ORTIZ, DIEGO DE LA CRUZ ROSAS,

NEFTALI D. BATEN, ADELAIDO GALEANA, JOSE PEREDA ABARCA, CAMILO

RAMOS FLORES, OMAR RAUL ZAPOTITLAN SANCHEZ, RODOLFO ZEMPOALTECA

MONTES, ENRIQUE DOSITEO ENCALADA ABAD, LUIS JOFREE LEMA MAYANCELA,

ANTHONY PETER ROSARIO, REYMUNDO MOLINA MEDEL, and BERNALDO

TLACZANI CARRANZA (hereafter referred to as "Plaintiffs"), on behalf of themselves and

other similarly situated, by and through their attorney, Troy Law, PLLC, hereby bring this

complaint against Defendants JUST SALAD LLC d/b/a Just Salad; JUST SALAD 600 THIRD

LLC d/b/a Just Salad Murray Hill; JUST SALAD GP LLC d/b/a Just Salad Fashion District;

JUST SALAD 134 37TH ST. LLC d/b/a Just Salad Fashion District; JUST SALAD PARTNERS

LLC d/b/a Just Salad Financial District; JUST SALAD 315 PAS LLC d/b/a Just Salad 315 Park

Ave South; JUST SALAD 320 PARK AVE LLC d/b/a Just Salad Park Avenue; JUST SALAD

30 ROCK LLC d/b/a Just Salad 30 Rock; JUST SALAD 706 6TH AVE LLC d/b/a Just Salad

Chelsea; JUST SALAD WWP LLC d/b/a Just Salad World Wide Plaza; JUST SALAD 663 LEX

LLC d/b/a Just Salad Lexington; JUST SALAD PARK SLOPE LLC d/b/a Just Salad Park Slope;

JUST SALAD 8TH ST LLC d/b/a Just Salad 8th Street (NYU); JUST SALAD 1471 3RD AVE

LLC d/b/a Just Salad Upper East Side (83rd and 3rd); JUST SALAD 1ST AVENUE LLC d/b/a

Just Salad Upper East Side (70th and 1st); JUST SALAD HUDSON SQUARE LLC d/b/a Just

Salad Hudson Square; JUST SALAD STATE STREET LLC d/b/a Just Salad Downtown

Brooklyn; JUST SALAD HERALD SQUARE LLC d/b/a Just Salad Macy's Herald Square;

JUST SALAD 90 BROAD STREET LLC d/b/a Just Salad Financial District (90 Broad Street);

JUST SALAD 2056 BROADWAY LLC d/b/a Just Salad Upper West Side; JUST SALAD 140

8TH AVE LLC d/b/a Just Salad Chelsea (8th Ave); JUST SALAD 233 BROADWAY LLC d/b/a

Just Salad City Hall; JUST SALAD WOODBURY LLC d/b/a Just Salad Woodbury; JUST

SALAD 291 7TH AVENUE LLC d/b/a Just Salad FIT; NICHOLAS F KENNER and allege as

follows:

## INTRODUCTION

1. This action is brought by Plaintiffs, on behalf of themselves as well as other similarly

situated employees against Defendants for alleged violations of the Federal Labor Standards

Act, ("FLSA") 29 U.S.C. § 201 *et seq.* and of the New York Labor Law (NYLL), arising from

Defendants' various willful and unlawful employment policies, patterns and/or practices.

2. Because they were not given enough T-shirts for the T-shirts to be washed along with

their weekly laundry, Plaintiffs were required to wear uniform and to launder the uniform at

their own expense and in their own time.

3. Upon information and belief, at all relevant times following September 01, 2017,

Defendants that do business as Just Salad have systematically, willfully and intentionally

committed widespread violations of the FLSA and the NYLL by unlawfully retaining the entire

portion of the $1.99 "delivery fee" on Seamless, GrubHub and credit card orders, which

increased to $2.50 on or about March 20, 2018, which many Just Salad customers believes is

intended for the deliverymen in violation of 29 U.S.C. §203(m) and (t), NYLL §146-2.18 and

NYLL §146-2.20.

4. This is in spite of the fact that at least some if not all the Plaintiffs and other Just

Salad employees who worked after September 01, 2017 received a subminimum wage (whether

federal or state) below the full minimum wage.

5. Plaintiffs allege pursuant to the FLSA, that they are entitled to recover from the

Defendants: (1) unpaid wage/ minimum wage compensation, (2) unpaid overtime wages

compensation, (3) the full portion of tips illegally retained by Defendants, including the entirety

of the "delivery fee" advertised as tips for Just Salad deliverymen, including tips from the tip

pool used to pay unpaid-for Just Salad customer orders or to reconcile the delivery orders

actually paid for and the delivery orders processed by the point-of-sale system, (4) uniform

maintenance costs, (4) uniform maintenance costs, (6) liquidated damages, (7) prejudgment and

post-judgment interest; and/or (8) attorneys' fees and costs.

6. Plaintiffs further allege pursuant to New York Labor Law § 650 *et seq*. and 12 New

York Codes, Rules and Regulations §§ 146 ("NYCRR") that they are entitled to recover from the

Defendants:   (1) unpaid wage/ minimum wage compensation, (2) unpaid overtime

compensation, (3) the full portion of tips illegally retained by Defendants, including the entirety

of the "delivery fee" advertised as tips for Just Salad deliverymen, including tips from the tip

pool used to pay unpaid-for Just Salad customer orders or to reconcile the delivery orders

actually paid for and the delivery orders processed by the point-of-sale system, (4) uniform

maintenance costs, (5) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure

to provide a Time of Hire Notice detailing rates of pay and payday in English and in each

Plaintiff's native language (if it is not English) on each pay day, (6) unpaid uniform costs, (7) up to

five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that

accurately and truthfully lists employee's hours along with the name, employer's name,

employer's address and telephone number, employee's rate or rates of pay, any deductions

made from employee's wages, any allowances claimed as part of the minimum wage, and the

employee's gross and net wages for each pay day, (8) liquidated damages equal to the sum of

unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime in the amount of

twenty five percent under NYLL §§190 *et seq.*, §§650 *et seq.*, and one hundred percent (100%)

after April 9, 2011 under NY Wage Theft Prevention Act, (9) 9% simple prejudgment interest provided by NYLL, (10) post-judgment interest, and (11) attorney's fees and costs.

7. Defendants have further willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay its employees, including Plaintiff, minimum wage and overtime compensation for all hours worked over forty (40) each workweek.

8. Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL.

## JURISDICTION AND VENUE

9. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

10. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFFS

11. Plaintiff RODOLFO TECOCOATZI-ORTIZ was employed as a deliveryman by Defendants to work for the following Just Salad stores, which is owned by JUST SALAD LLC d/b/a Just Salad:

    a.   JUST SALAD 706 6TH AVE LLC d/b/a Just Salad Chelsea, located at 706 6th Ave, New York, NY 10010;

    b.   JUST SALAD 90 BROAD STREET LLC d/b/a Just Salad 90 Broad Street, located at 90 Broad Street, New York, NY 10004;

    c.   JUST SALAD 663 LEX LLC d/b/a Just Salad Lexington, located at 663 Lexington Avenue, New York, NY 10022;

    d.   JUST SALAD 233 BROADWAY LLC d/b/a Just Salad City Hall, located at 233 Broadway, Woolworth Building, New York, NY 10007; and

    e.   JUST SALAD WWP LLC d/b/a Just Salad World Wide Plaza, located at 321 W 49th Street, New York, NY 10019.

12. Plaintiff DIEGO DE LA CRUZ ROSAS was employed as a deliveryman by Defendants to work for the following Just Salad stores, which is owned by JUST SALAD LLC d/b/a Just Salad:

    a.   JUST SALAD 30 ROCK LLC d/b/a Just Salad 30 Rock at 30 Rockefeller Plaza Concourse Level #6, New York, NY 10112;

    b.   JUST SALAD 600 THIRD LLC d/b/a Just Salad Murray Hill located at 600 Third Avenue, New York, NY 10016;

    c.   JUST SALAD 134 37TH ST. LLC d/b/a Just Salad Fashion District located at 134 W 37th Street, New York, NY 10018;

    d.   JUST SALAD 315 PAS LLC d/b/a Just Salad 315 Park Avenue South located at 315 Park Avenue South, New York, NY 10010;

    e.   JUST SALAD 320 PARK AVE LLC d/b/a Just Salad Park Avenue located at 320 Park Avenue, New York, NY 10022;

    f.   JUST SALAD 1471 3RD AVE LLC d/b/a Just Salad Upper East Side located at 1471 3rd Avenue, New York, NY 10028; and

    g.   JUST SALAD 90 BROAD STREET LLC d/b/a Just Salad 90 Broad Street, located at 90 Broad Street, New York, NY 10004.

13. Plaintiff NEFTALI D. BATEN was employed as a deliveryman by Defendants to work for the following Just Salad stores, which is owned by JUST SALAD LLC d/b/a Just Salad:

      a.   JUST SALAD 600 THIRD LLC d/b/a Just Salad Murray Hill located at 600 Third Avenue, New York, NY 10016;

      b.   JUST SALAD 30 ROCK LLC d/b/a Just Salad 30 Rock at 30 Rockefeller Plaza Concourse Level #6, New York, NY 10112;

      c.   JUST SALAD 315 PAS LLC d/b/a Just Salad 315 Park Avenue South located at 315 Park Avenue South, New York, NY 10010; and

      d.   JUST SALAD 663 LEX LLC d/b/a Just Salad Lexington, located at 663 Lexington Avenue, New York, NY 10022.

14. Plaintiff ADELAIDO GALEANA was employed as a deliveryman by Defendants to work for the following Just Salad stores, which is owned by JUST SALAD LLC d/b/a Just Salad:

      a.   JUST SALAD 320 PARK AVE LLC d/b/a Just Salad Park Avenue located at 320 Park Avenue, New York, NY 10022;

      b.   JUST SALAD 600 THIRD LLC d/b/a Just Salad Murray Hill located at 600 Third Avenue, New York, NY 10016;

      c.   JUST SALAD 30 ROCK LLC d/b/a Just Salad 30 Rock at 30 Rockefeller Plaza Concourse Level #6, New York, NY 10112; and

      d.   JUST SALAD 663 LEX LLC d/b/a Just Salad Lexington, located at 663 Lexington Avenue, New York, NY 10022.

15. Plaintiff JOSE PEREDA ABARCA was employed as a deliveryman by Defendants

to work for the following Just Salad stores, which is owned by JUST SALAD LLC d/b/a Just Salad:

    a.   JUST SALAD 320 PARK AVE LLC d/b/a Just Salad Park Avenue located at 320 Park Avenue, New York, NY 10022;

    b.   JUST SALAD 600 THIRD LLC d/b/a Just Salad Murray Hill located at 600 Third Avenue, New York, NY 10016;

    c.   JUST SALAD 30 ROCK LLC d/b/a Just Salad 30 Rock at 30 Rockefeller Plaza Concourse Level #6, New York, NY 10112;

    d.   JUST SALAD 134 37TH ST. LLC d/b/a Just Salad Fashion District located at 134 W 37th Street, New York, NY 10018;

    e.   JUST SALAD WWP LLC d/b/a Just Salad World Wide Plaza, located at 321 W 49th Street, New York, NY 10019; and

    f.   JUST SALAD 663 LEX LLC d/b/a Just Salad Lexington, located at 663 Lexington Avenue, New York, NY 10022.

16. Plaintiff CAMILO RAMOS FLORES was employed as a deliveryman by Defendants to work for the following Just Salad stores, which is owned by JUST SALAD LLC d/b/a Just Salad:

    a.   JUST SALAD 1ST AVENUE LLC d/b/a Just Salad 1st Avenue and 70th located at 1306 First Avenue, New York, NY 10021;

    b.   JUST SALAD 320 PARK AVE LLC d/b/a Just Salad Park Avenue located at 320 Park Avenue, New York, NY 10022;

    c.   JUST SALAD 600 THIRD LLC d/b/a Just Salad Murray Hill located at 600 Third Avenue, New York, NY 10016; and

    d.  JUST SALAD 663 LEX LLC d/b/a Just Salad Lexington, located at 663 Lexington Avenue, New York, NY 10022.

17. Plaintiff OMAR RAUL ZAPOTITLAN SANCHEZ was employed as a deliveryman by Defendants to work for the following Just Salad stores, which is owned by JUST SALAD LLC d/b/a Just Salad:

    a.  JUST SALAD 600 THIRD LLC d/b/a Just Salad Murray Hill located at 600 Third Avenue, New York, NY 10016;

    b.  JUST SALAD 134 37TH ST. LLC d/b/a Just Salad Fashion District located at 134 W 37th Street, New York, NY 10018;

    c.  JUST SALAD 315 PAS LLC d/b/a Just Salad 315 Park Avenue South located at 315 Park Avenue South, New York, NY 10010;

    d.  JUST SALAD 30 ROCK LLC d/b/a Just Salad 30 Rock at 30 Rockefeller Plaza Concourse Level #6, New York, NY 10112;

    e.  JUST SALAD 320 PARK AVE LLC d/b/a Just Salad Park Avenue located at 320 Park Avenue, New York, NY 10022;

    f.  JUST SALAD 663 LEX LLC d/b/a Just Salad Lexington, located at 663 Lexington Avenue, New York, NY 10022; and

    g.  JUST SALAD 8TH ST LLC d/b/a Just Salad 8th Street, located at 53 E 8th Street, New York, NY 10003.

18. Plaintiff RODOLFO ZEMPOALTECA was employed as a deliveryman by Defendants to work for the following Just Salad stores, which is owned by JUST SALAD LLC d/b/a Just Salad:

    a.  JUST SALAD 663 LEX LLC d/b/a Just Salad Lexington, located at 663

Lexington Avenue, New York, NY 10022;

    b.   JUST SALAD 1471 3RD AVE LLC d/b/a Just Salad Upper East Side located at 1471 3rd Avenue, New York, NY 10028; and

    c.   JUST SALAD 1ST AVENUE LLC d/b/a Just Salad 1st Avenue and 70th located at 1306 First Avenue, New York, NY 10021;

   19. Plaintiff ENRIQUE DOSITEO ENCALADA ABAD was employed as a deliveryman by Defendants to work for the following Just Salad stores, which is owned by JUST SALAD LLC d/b/a Just Salad:

    a.   JUST SALAD 30 ROCK LLC d/b/a Just Salad 30 Rock at 30 Rockefeller Plaza Concourse Level #6, New York, NY 10112;

    b.   JUST SALAD 134 37TH ST. LLC d/b/a Just Salad Fashion District located at 134 W 37th Street, New York, NY 10018;

    c.   JUST SALAD 320 PARK AVE LLC d/b/a Just Salad Park Avenue located at 320 Park Avenue, New York, NY 10022;

    d.   JUST SALAD WWP LLC d/b/a Just Salad World Wide Plaza, located at 321 W 49th Street, New York, NY 10019;

    e.   JUST SALAD 315 PAS LLC d/b/a Just Salad 315 Park Avenue South located at 315 Park Avenue South, New York, NY 10010; and

    f.   JUST SALAD 663 LEX LLC d/b/a Just Salad Lexington, located at 663 Lexington Avenue, New York, NY 10022.

   20. Plaintiff LUIS JOFREE LEMA MAYANCELA was employed as a deliveryman by Defendants to work for the following Just Salad stores, which is owned by JUST SALAD LLC d/b/a Just Salad:

      a.   JUST SALAD 1471 3RD AVE LLC d/b/a Just Salad Upper East Side located at 1471 3rd Avenue, New York, NY 10028;

21. Plaintiff ANTHONY PETER ROSARIO was employed as a deliveryman by Defendants to work for the following Just Salad stores, which is owned by JUST SALAD LLC d/b/a Just Salad:

      a.   JUST SALAD 600 THIRD LLC d/b/a Just Salad Murray Hill located at 600 Third Avenue, New York, NY 10016;

      b.   JUST SALAD 706 6TH AVE LLC d/b/a Just Salad Chelsea, located at 706 6th Ave, New York, NY 10010; and

      c.   JUST SALAD 663 LEX LLC d/b/a Just Salad Lexington, located at 663 Lexington Avenue, New York, NY 10022.

22. Plaintiff MUNDO MOLINA MEDEL was employed as a deliveryman by Defendants to work for the following Just Salad stores, which is owned by JUST SALAD LLC d/b/a Just Salad:

      a.   JUST SALAD 600 THIRD LLC d/b/a Just Salad Murray Hill located at 600 Third Avenue, New York, NY 10016;

      b.   JUST SALAD 30 ROCK LLC d/b/a Just Salad 30 Rock at 30 Rockefeller Plaza Concourse Level #6, New York, NY 10112 and

      c.   JUST SALAD 320 PARK AVE LLC d/b/a Just Salad Park Avenue.

23. Plaintiff BERNALDO TLACZANI CARRANZA was employed as a deliveryman by Defendants to work for the following Just Salad stores, which is owned by JUST SALAD LLC d/b/a Just Salad:

      a.   JUST SALAD 600 THIRD LLC d/b/a Just Salad Murray Hill located at 600

Third Avenue, New York, NY 10016;

    b.   JUST SALAD 134 37TH ST. LLC d/b/a Just Salad Fashion District located

at 134 W 37th Street, New York, NY 10018;

    c.   JUST SALAD 30 ROCK LLC d/b/a Just Salad 30 Rock at 30 Rockefeller

Plaza Concourse Level #6, New York, NY 10112.

## **DEFENDANTS**

***Corporate Defendants***

24. Defendant JUST SALAD LLC d/b/a Just Salad is a business corporation organized under the laws of the State of New York with a principal address at 663 Lexington Avenue, 2nd Floor, New York, NY 10022.

25. Upon information and belief, JUST SALAD LLC d/b/a Just Salad is the parent company of the other Corporate Defendants listed below, which are part of the common corporate structure and common ownership:

26. Defendant JUST SALAD 600 THIRD LLC d/b/a Just Salad Murray Hill is a domestic business corporation organized under the laws of the State of New York with a principal address at 600 3rd Avenue, New York, NY 10016.

27. Defendant JUST SALAD 663 LEX LLC d/b/a Just Salad Lexington is a domestic business corporation organized under the laws of the State of New York with a principal address at 663 Lexington Avenue, New York, NY 10022.

28. Defendant JUST SALAD GP LLC d/b/a Just Salad Fashion District is a domestic business corporation organized under the laws of the State of New York with a principal address at 134 W 37th Street, New York, NY 10018.

29. Defendant JUST SALAD 134 37TH ST. LLC d/b/a Just Salad Fashion District is a

domestic business corporation organized under the laws of the State of New York with a

principal address at 134 W 37th Street, New York, NY 10018.

30. Defendant JUST SALAD PARTNERS LLC d/b/a Just Salad Financial District is a

domestic business corporation organized under the laws of the State of New York with a

principal address at 100 Maiden Lane, New York, NY 10038.

31. Defendant Just Salad JUST SALAD 315 PAS LLC d/b/a Just Salad 315 Park

Avenue South is a domestic business corporation organized under the laws of the State of New

York with a principal address at 315 Park Avenue South, New York, NY 10010.

32. Defendant JUST SALAD 320 PARK AVE LLC d/b/a Just Salad Park Avenue is a

domestic business corporation organized under the laws of the State of New York with a

principal address at 320 Park Avenue, New York, NY 10022.

33. Defendant JUST SALAD 30 ROCK LLC d/b/a Just Salad 30 Rock is a domestic

business corporation organized under the laws of the State of New York with a principal address

at 30 Rockefeller Plaza Concourse Level #6, New York, NY 10112.

34. Defendant JUST SALAD 706 6TH AVE LLC d/b/a Just Salad Chelsea is a domestic

business corporation organized under the laws of the State of New York with a principal address

at 706 6th Ave, New York, NY 10010.

35. Defendant JUST SALAD WWP LLC d/b/a Just Salad World Wide Plaza is a

domestic business corporation organized under the laws of the State of New York with a

principal address at 321 W 49th Street, New York, NY 10019.

36. Defendant JUST SALAD PARK SLOPE LLC d/b/a Just Salad Park Slope is a

domestic business corporation organized under the laws of the State of New York with a

principal address at 252 7th Avenue, Brooklyn, NY 11215.

37. Defendant JUST SALAD 8TH ST LLC d/b/a Just Salad 8th Street is a domestic business corporation organized under the laws of the State of New York with a principal address at 53 E 8th Street, New York, NY 10003.

38. Defendant JUST SALAD 1471 3RD AVE LLC d/b/a Just Salad Upper East Side is a domestic business corporation organized under the laws of the State of New York with a principal address at 1471 3rd Avenue, New York, NY 10028.

39. Defendant JUST SALAD 1ST AVENUE LLC d/b/a Just Salad 1st Avenue and 70th is a domestic business corporation organized under the laws of the State of New York with a principal address at 1306 First Avenue, New York, NY 10021.

40. Defendant JUST SALAD HUDSON SQUARE LLC d/b/a Just Salad Hudson Square is a domestic business corporation organized under the laws of the State of New York with a principal address at 325 Hudson Street, New York, NY 10013.

41. Defendant JUST SALAD STATE STREET LLC d/b/a Just Salad Downtown Brooklyn is a domestic business corporation organized under the laws of the State of New York with a principal address at 210 State Street, Brooklyn, NY 11201.

42. Defendant JUST SALAD HERALD SQUARE LLC d/b/a Just Salad Macy's Herald Square is a domestic business corporation organized under the laws of the State of New York with a principal address at 151 West 34th Street, New York, NY 10001.

43. Defendant JUST SALAD 90 BROAD STREET LLC d/b/a Just Salad 90 Broad Street is a domestic business corporation organized under the laws of the State of New York with a principal address at 90 Broad Street, New York, NY 10004.

44. Defendant JUST SALAD 2056 BROADWAY LLC d/b/a Just Salad Upper West Side is a domestic business corporation organized under the laws of the State of New York with

a principal address at 2056 Broadway, New York, NY 10023.

45. Defendant JUST SALAD 140 8TH AVE LLC d/b/a Just Salad 140 8th Avenue is a domestic business corporation organized under the laws of the State of New York with a principal address at 140 8th Avenue, New York, NY 10011.

46. Defendant JUST SALAD 233 BROADWAY LLC d/b/a Just Salad 233 Broadway is a domestic business corporation organized under the laws of the State of New York with a principal address at 233 Broadway, Woolworth Building, New York, NY 10007.

47. Defendant JUST SALAD WOODBURY LLC d/b/a Just Salad Woodbury is a domestic business corporation organized under the laws of the State of New York with a principal address at 498 Red Apple Ct, Woodbury, NY 10917.

48. Defendant JUST SALAD 291 7TH AVENUE LLC d/b/a Just Salad FIT is a domestic business corporation organized under the laws of the State of New York with a principal address at 291 7th Avenue, New York, NY 10001.

49. Defendant JUST SALAD 437 5TH AVENUE LLC d/b/a Just Salad Bryant Park is a domestic business corporation organized under the laws of the State of New York with a principal address at 437 5th Avenue, New York, NY 10016.

### Owner/ Operator Defendants

50. The Individual Defendants are officers, directors, managers and/or majority shareholders or owners of the Corporate Defendants and being among the ten largest shareholders and/or LLC members, are individually responsible for unpaid wages under the New York Business Corporation Law and Limited Liability Company Law. NYBSC § 630(a), NYLLC § 609(c).

51. Upon information and belief, Corporate Defendants of JUST SALAD LLC, which is

the parent company of the Corporate Defendants, include NICHOLAS F. KENNER PEGGY

CHERNG; and DAVID LANDSBERG, Chief Financial Officer of PANDA RESTAURANT

GROUP.

52. NICHOLAS F. KENNER is the Chief Executive Officer of JUST SALAD LLC, (1)

had the power to hire and fire employees, (2) supervised and controlled employee work

schedules or conditions of employment, (3) determined the rate and method of payment, and (4)

53. NICHOLAS F. KENNER did hire and fire JUST SALAD employees, including a

JUST SALAD manager featured in "Tough Love is Hard to Give."

54. Further, NICHOLAS F. KENNER did instruct former JUST SALAD deliverymen to

run personal errands for him throughout their employment at JUST SALAD, like going to the

bank to deposit money.

55. NICHOLAS F. KENNER acted intentionally and maliciously and is an employer

pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. §

791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with the

Corporate Defendants.

## STATEMENT OF FACTS

***Defendants Constitute an "Enterprise"***

56. At all times relevant herein, Defendant Corporations which all do business as JUST

SALAD in New York City, was, are joint employers of Plaintiffs and constitute an enterprise as

(hereinafter referred to as "Just Salad") the term is defined by 29 USC §203(r) insofar as they

share staff, including Plaintiff, pay Plaintiff as the shareholders of the enterprise, advertise the

Corporate Defendants as an enterprise, and are otherwise engaged in related activities.

57. Investors in JUST SALAD and those who benefitted from underpaying JUST SALAD deliverymen (by denying them the full minimum wage and the full overtime rate at one and one half times the minimum wage and by undercutting their tips by assigning them to non-tipped work, through tip theft and through the institution of mandatory "delivery fee," the entirety of which was retained by JUST SALAD investors, which include NICHOLAS KENNER a/k/a Nick Kenner; ROBERT CRESPI a/k/a Rob Crespi; NEIL CRESPI; and PANDA RESTAURANT GROUP owner and billionaire PEGGY CHERNG; and DAVID LANDSBERG, Chief Financial Officer of PANDA RESTAURANT GROUP.

58. At all relevant times, JUST SALAD LLC (a New York corporation) was single and joint employer and has had a high degree of interrelated and unified operation, and share common management, centralized control of labor relations, common ownership, common control, common website, common business purposes and interrelated business goals.

59. JUST SALAD is an enterprise engaged in interstate commerce that has gross sales way in excess of Five Hundred Thousand Dollars ($500,000) per year.

60. JUST SALAD has twenty (21) active stores in New York City:

    a.   600 Third Avenue, New York, NY 10016;

    b.   134 W 37th Street, New York, NY 10018;

    c.   100 Maiden Lane, New York, NY 10038;

    d.   315 Park Avenue South, New York, NY 10010;

    e.   320 Park Avenue, New York, NY 10022;

    f.   30 Rockefeller Plaza Concourse Level #6, New York, NY 10112;

    g.   706 6th Ave, New York, NY 10010;

    h.   321 W 49th Street, New York, NY 10019;

    i.  663 Lexington Avenue, New York, NY 10022;

    j.  252 7th Avenue, New York, NY 10001;

    k.  53 E 8th Street, New York, NY 10003;

    l.  1471 3rd Avenue, New York, NY 10028;

    m.  1306 First Avenue, New York, NY 10021;

    n.  325 Hudson Street, New York, NY 10013;

    o.  151 West 34th Street, New York, NY 10001;

    p.  90 Broad Street, New York, NY 10004;

    q.  2056 Broadway, New York, NY 10023;

    r.  140 8th Avenue, New York, NY 10011;

    s.  233 Broadway, Woolworth Building, New York, NY 10007;

    t.  498 Red Apple Ct, Woodbury, NY 10917;

    u.  291 7th Avenue, New York, NY 10001; and

    v.  2 East 39th Street, New York, NY 10016.

61. All the aforementioned JUST SALAD locations are listed on Just Salad's website (at http://justsalad.com/locations/) (See Exhibit 05).

62. Previously, Just Salad has additionally maintained a store at 210 State Street, Brooklyn, NY 11201 (See Exhibit 06).

63. JUST SALAD has one (1) store in Newport, New Jersey; three (3) stores in Chicago, Illinois; two (2) stores in Philadelphia, Pennsylvania; two (2) stores in Hong Kong, and four (4) stores in the United Arab Emirates. These stores are listed separately on Just Salad's website.

64. Upon information and belief, Defendant Corporations, are joint employers of Plaintiff and constitute an enterprise as the term is defined by 29 USC §203(r) insofar as:

a.  Corporate Defendants doing business as JUST SALAD is owned and operated by the parent company JUST SALAD LLC;

b.  Corporate Defendant doing business as JUST SALAD share employees (including Plaintiffs), assigning employees to different locations based on necessity;

c.  JUST SALAD has the ability to assign employees to work at more than one (1) store, depending on need;

d.  JUST SALAD has the ability to discipline and fire managers for their conduct towards customers as well as their conduct towards Just Salad employees, which includes the setting and retention of "delivery fees" customers assumed are meant for Just Salad deliverymen; and tip theft and tip misappropriation from the tip pool intended for Just Salad deliverymen;

e.  JUST SALAD stores share ingredients, and JUST SALAD managers could ask JUST SALAD deliverymen to carry goods from one store to many other stores on their bicycle, including from the Just Salad warehouse in Queens;

f.  JUST SALAD managers require employees, including Plaintiffs, to transport ingredients among the stores;

g.  JUST SALAD managers require employees to transport boxes of vegetables, meat, and cheese from the warehouse in Queens to each of the Just Salad stores, including its warehouse in Queens;

h.  JUST SALAD employees can request transfers to different JUST SALAD stores in New York City;

i.  Similarly, whether JUST SALAD managers can transfer employees on

demand to different JUST SALAD stores in New York City;

    j.   JUST SALAD managers coordinate the requirement that some employees,
including Plaintiffs;

    k.   JUST SALAD OWNERS set the common, uniform, and malicious
employment policies at all Just Salad stores,

    l.   Upon information and belief, JUST SALAD is otherwise engaged in related
activities performed through unified operation and/or common control for a
common business purpose.

65. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/
or conditions have been waived.

66. Plaintiffs additionally hereby give Notice Should Corporate Defendant pursuant to
the provisions of Section 630 of the Business Corporation Law of New York and Section 609 of
the Limited Liability Company Law of New York that should Corporate Defendants fail to pay
Plaintiffs, they intend to charge each and every one of the ten largest shareholders and/or
members personally liable, jointly and severally, as one of the ten largest shareholders and/or
members of Corporate Defendants.

***JUST SALAD's UNIFORM DELIVERY FEE POLICY***

67. Upon information and belief, around September 01, 2017, JUST SALAD instituted a
$1.99 "delivery fee" across all JUST SALAD locations.

68. Upon information and belief, around March 20, 2018, JUST SALAD increased the
"delivery fee" at some JUST SALAD locations to $2.50.

69. As of today, the delivery fee at each of the locations, according to the Seamless
Website are:

a.   At 600 Third Avenue, New York, NY 10016: $1.99;

b.   At 134 W 37th Street, New York, NY 10018: $1.99;

c.   At 100 Maiden Lane, New York, NY 10038: $1.99;

d.   At 315 Park Avenue South, New York, NY 10010: $1.99;

e.   At 320 Park Avenue, New York, NY 10022: $2.99 $1.99, $0.99;

f.   At 30 Rockefeller Plaza Concourse Level #6, New York, NY 10112: $1.99;

g.   At 321 W 49th Street, New York, NY 10019: $1.99;

h.   At 663 Lexington Avenue, New York, NY 10022: $1.99;

i.   At 252 7th Avenue, New York, NY 10001: $1.99;

j.   At 53 E 8th Street, New York, NY 10003: $1.99;

k.   At 1471 3rd Avenue, New York, NY 10028 $1.99;

l.   At 1306 First Avenue, New York, NY 10021: $1.99;

m.   At 325 Hudson Street, New York, NY 10013: $1.99;

n.   At 90 Broad Street, New York, NY 10004: $1.99;

o.   At 2056 Broadway, New York, NY 10023: $1.99;

p.   At 140 8th Avenue, New York, NY 10011: $1.99;

q.   At 233 Broadway, Woolworth Building, New York, NY 10007: $1.99;

r.   At 291 7th Avenue, New York, NY 10001: $1.99; and

s.   At 2 East 39th Street, New York, NY 10016: $0.99.


*JUST SALAD's UNIFORM MAINTENANCE POLICY*

70. Corporate Defendants which do business as Just Salad focus on branding and uniformity of its franchisees is reflected in the careful consistency of the physical appearance Just Salad locations, pizza selections, and uniformed employees.

71. The black polo T-shirt features a mark of a swirl of light green and dark green swirls atop on orange bowl, as well as the trademark "Just Salad", with the word "Just" the same dark green and the word "Salad" the same orange.

72. All Just Salad employees were required to wear the Just Salad uniform at or away from the Just Salad restaurant.

73. Just Salad's practice is to provide full-time Just Salad deliverymen, including Plaintiffs, with only one (1) or two (2) Just Salad T-shirt when they began working for Just Salad.

74. JUST SALAD's uniform does not fit into the "wash and wear" exception as JUST SALAD employees are required to launder their uniform frequently and not routinely washed and dried with personal garments.

75. This is because JUST SALAD uniforms are not furnished to the employee in sufficient number consistent with the number of days per week worked by the employee.

76. Just Salad employees are required to keep their T-shirts in a clean and orderly fashion.

77. As a result, Just Salad deliverymen like Plaintiffs are required to launder their own uniforms in their own time without pay for Just Salad benefit.

78. Defendants committed the following alleged acts knowingly, intentionally and willfully against the Plaintiffs, the FLSA Collective Plaintiffs, and the Class.

**_JUST SALAD's PAYMENT OF SUBMINIMUM WAGE TO UNQUALIFIED WORKERS CLASSIFIED AS "DELIVERYMEN"_**

79. Pursuant to NYCRR Part 146-2.2 and 29 USC 203 (m), an employer cannot take credit towards the basic minimum wage if a service employee or food service worker has not received notification of the tip credit.

80. Further, under both the FLSA and the NYLL, an employer claiming tip credits must ensure that its employees retain all of the tip they received and that the total wages plus tips the employees receive is equal to or greater than the minimum wage.

81. As described below, Plaintiffs were required to commit part of their work day in non-tipped work.

82. For at least some of the Plaintiffs for at least some of the time during their employment with Just Salad, this non-tipped work exceeds two hours or twenty percent (20%) of the Plaintiffs' workday.

83. Also as described below, for all Plaintiffs who worked after on or about September 01, 2017, they have had their tips illegally retained from them in the form of the "delivery fee."

84. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs and similarly situated employees at least the federal and/or New York minimum wage for each hour worked.

85. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawfully overtime compensation of one and one half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

86. While employed by Defendants, Plaintiffs were not exempt under federal and state laws requiring employers to pay employees overtime.

87. Defendants failed to keep full and accurate records of Plaintiffs' hours and wages.

88. Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for their wage violations. Defendants never furnished any notice of their use of tip credit.

***JUST SALAD's FAILURE TO PROVIDE EMPLOYEES WITH TIME-OF-HIRE NOTICE IN ENGLISH AND IN DELIVERYMEN'S NATIVE LANGUAGE THAT PROPERLY SHOWED THE TIP DEDUCTIONS TAKEN***

89. At all relevant times, Defendants knowingly and willfully failed to provide Plaintiffs and similarly situated employees with Time of Hire Notice in English and in Spanish/ French (Plaintiffs' primary language) reflecting true rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day as required by NYLL §195(1).

90. Defendants knew that the nonpayment of overtime pay and New York's "spread of hours" premium for every day in which Plaintiff worked over ten (10) hours would financially injure Plaintiffs and similarly situated employees and violate state and federal laws.

91. Defendants did not post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, tip credit, and pay day.

***Plaintiff RODOLFO TECOCOATZI-ORTIZ***

92. From on or about May 20, 2011 to November 20, 2016, Plaintiff RODOLFO TECOCOATZI-ORTIZ was employed by Defendants to work as a deliveryman for JUST SALAD.

93. For some period during this same time period, in or around May 06, 2013 to August 18, 2013, Plaintiff RODOLFO TECOCOATZI-ORTIZ worked as a receptionist and packer for JUST SALAD.

94. From on or about May 20, 2011, to January 01, 2012, Plaintiff RODOLFO TECOCOATZI-ORTIZ was paid at a rate of five dollars and thirty eight cents ($5.38) per hour.

95. For the first five (5) or six (6) months, Plaintiff worked between thirty (30) to forty

(40) hours.

96. Thereafter, Plaintiff RODOLFO TECOCOATZI-ORTIZ worked between forty (40) or fifty (50) hours per week, with the exception of between around May 06, 2013 to August 18, 2013, when Plaintiff worked between fifty (50) to seventy (70) hours a week.

97. During this time period, Plaintiff RODOLFO TECOCOATZI-ORTIZ's work hours sometimes extended from 11:00 to 15:00 and then from 16:00 to 22:00 for approximately ten (10) hours a day for four (4) days a week plus four (4) to five (5) hours on Friday.

98. Thereafter, Plaintiff RODOLFO TECOCOATZI-ORTIZ worked around forty hours a week until September 25, 2016, when he began working around twenty (20) to thirty (30) hours a week, till the end of his employment.

99. From on or about January 01, 2012 to September 02, 2012, Plaintiff RODOLFO TECOCOATZI-ORTIZ was paid six dollars ($6.00) an hour for hours he worked up to forty (40) hours in a workweek.

100. During this same period, Plaintiff RODOLFO TECOCOATZI-ORTIZ was paid either nine dollars ($9.00) or nine dollars and sixty three cents ($9.63) an hour for each hour worked in excess of forty (40) hours in a workweek.

101. The nine dollars ($9.00) rate was even below one and one half times the New York minimum wage *less* the tip credit.

102. From on or about September 03, 2012 to February 03, 2013, Plaintiff RODOLFO TECOCOATZI-ORTIZ was paid at two rates: six dollars and seventy five cents ($6.75) an hour he worked up to forty (40) hours in a workweek.

103. During this period, Plaintiff RODOLFO TECOCOATZI-ORTIZ was paid either the eight dollars fifty cents ($8.50) rate or the ten dollars and thirty eight cents ($10.38) an hour

rate for each hour worked in excess of forty (40) hours in a workweek.

104. The eight dollars fifty rate ($8.50) rate was even below one and one half times the New York minimum wage *less* the tip credit.

105. From February 04, 2013 to April 28, 2013, Plaintiff RODOLFO TECOCOATZI-ORTIZ was paid at two rates seven dollars and twenty five cents ($7.25) an hour and thirteen dollars ($13.00) an hour for hours he worked up to forty (40) hours in a workweek.

106. During this period, Plaintiff RODOLFO TECOCOATZI-ORTIZ was not paid at the one and one half times his regular hourly rate for hours in which he worked in excess of forty (40) in a workweek.

107. Instead, Plaintiff RODOLFO TECOCOATZI-ORTIZ was paid at either the seven dollars and twenty five cents ($7.25) an hour or thirteen dollars ($13.00) rate.

108. From April 29, 2013 to May 05, 2013, Plaintiff RODOLFO TECOCOATZI-ORTIZ was paid at two rates seven dollars and twenty five cents ($7.25) an hour and fifteen dollars ($15.00) an hour for hours he worked up to forty (40) hours in a workweek.

109. During this period, Plaintiff RODOLFO TECOCOATZI-ORTIZ was not paid at the one and one half times his regular hourly rate for hours in which he worked in excess of forty (40) in a workweek.

110. Instead, Plaintiff RODOLFO TECOCOATZI-ORTIZ was paid at either the seven dollars and twenty five cents ($7.25) an hour or fifteen dollars ($15.00) rate.

111. From May 05, 2013 to September 08, 2013, Plaintiff RODOLFO TECOCOATZI-ORTIZ was paid at two rates seven dollars and twenty five cents ($7.25) an hour and fifteen dollars ($15.00) an hour for hours he worked up to forty (40) hours in a workweek.

112. During this period, Plaintiff RODOLFO TECOCOATZI-ORTIZ was not paid at

the one and one half times his regular hourly rate for all hours in which he worked in excess of forty (40) in a workweek.

113. Instead, in any given week, Plaintiff RODOLFO TECOCOATZI-ORTIZ would be paid fifteen dollars ($15) for forty (40) hours, around twenty (20) or twenty five (25) hours at the seven dollars and twenty five cents ($7.25) rate and a token of less than one (1) hour at the twenty two and a half dollar ($22.5) hourly rate.

114. From September 09, 2013 to November 10, 2013, Plaintiff RODOLFO TECOCOATZI-ORTIZ was paid seven dollars and twenty five cents ($7.25) an hour for hours he worked up to forty (40) hours in a workweek.

115. During this period, Plaintiff RODOLFO TECOCOATZI-ORTIZ was paid ten dollars and eight hundred seven five thousandth dollars ($10.875) in which he worked in excess of forty (40) in a workweek.

116. From November 11, 2013 to January 03, 2016, Plaintiff was paid three rates: four dollars and sixty cents ($4.60), eight dollars ($8.00) an hour and fifteen dollars ($15.00) an hour for hours he worked up to forty (40) hours in a workweek.

117. During this period, Plaintiff RODOLFO TECOCOATZI-ORTIZ was not paid at the one and one half times his regular hourly rate for all hours in which he worked in excess of forty (40) in a workweek.

118. From January 04, 2016 to June 19, 2016, Plaintiff RODOLFO TECOCOATZI-ORTIZ was paid eight dollars and twelve cents ($8.12) an hour and twelve dollars and eighteen cents ($12.18) an hour for each hour worked in excess of forty (40) hours in a workweek.

119. From June 20, 2016 to November 20, 2016, Plaintiff RODOLFO TECOCOATZI-ORTIZ was paid nine dollars ($9.00) an hour and thirteen and fifty cents ($13.50) an hour for

each hour worked in excess of forty (40) hours in a workweek.

120. During this time, Plaintiff RODOLFO TECOCOATZI-ORTIZ would primarily deliver customers orders from JUST SALAD 706 6TH AVE LLC d/b/a Just Salad Chelsea, located at 706 6th Ave, New York, NY 10010.

121. However, during the same time, Plaintiff would also help pick up boxes at the following stores:

   a.   JUST SALAD 90 BROAD STREET LLC d/b/a Just Salad 90 Broad Street, located at 90 Broad Street, New York, NY 10004;

   b.   JUST SALAD 663 LEX LLC d/b/a Just Salad Lexington, located at 663 Lexington Avenue, New York, NY 10022;

   c.   JUST SALAD 233 BROADWAY LLC d/b/a Just Salad City Hall, located at 233 Broadway, Woolworth Building, New York, NY 10007; and

   d.   JUST SALAD WWP LLC d/b/a Just Salad World Wide Plaza, located at 321 W 49th Street, New York, NY 10019.

122. Additionally, Plaintiff RODOLFO TECOCOATZI-ORTIZ was required to re-stock the drink, pack the deliveries, clean the table, bring the garbage onto the streets, mop the floor, stock the utensils (forks and napkins, plastic bowls).

123. This side work lasts at least two (2) hours a day, and sometimes more.

124. In addition, Plaintiff RODOLFO TECOCOATZI-ORTIZ was required to help prep for catering once a month.

125. At a period during his employment Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

126. At all relevant times, Plaintiff RODOLFO TECOCOATZI-ORTIZ was required to

clock in and clock out.

127. Plaintiff RODOLFO TECOCOATZI-ORTIZ was also not informed of his hourly pay rate or any tip deductions toward the minimum wage, and he was not paid overtime pay for overtime work.

128. Furthermore, Defendants never informed Plaintiff RODOLFO TECOCOATZI-ORTIZ that there were taking tip credit towards the minimum wage.

129. Throughout Plaintiff's employment with Defendants, Plaintiff RODOLFO TECOCOATZI-ORTIZ was never reimbursed for his bicycle purchases and maintenance.

130. Upon information and belief, Plaintiff RODOLFO TECOCOATZI-ORTIZ's bicycle cost around one hundred dollars ($100).

131. Plaintiff RODOLFO TECOCOATZI-ORTIZ purchased two (2) bikes.

132. Defendants required Plaintiff RODOLFO TECOCOATZI-ORTIZ to use and maintain a delivery vehicle to benefit Defendants' business.

133. Defendants also required Plaintiff RODOLFO TECOCOATZI-ORTIZ to maintain the delivery vehicle. Defendants did not compensate for the purchase, repair, maintenance, utilization of the delivery vehicle according to state and federal labor laws.

### Plaintiff DIEGO DE LA CRUZ ROSAS

134. From on or about March 01, 2009 to September 08, 2017, Plaintiff DIEGO DE LA CRUZ ROSAS was employed by Defendants to work as a deliveryman for JUST SALAD.

135. Plaintiff DIEGO DE LA CRUZ ROSAS was initially paid at a rate of six dollars ($6.00) an hour.

136. Between 2011 and 2012, Plaintiff DIEGO DE LA CRUZ ROSAS was paid in cash.

137. On or about December 04, 2015 and thereafter, DIEGO DE LA CRUZ ROSAS

was paid at a rate of seven dollars ($7.00) an hour.

138. On or about January 18, 2016 and thereafter, DIEGO DE LA CRUZ ROSAS was paid at a rate of seven dollars and fifty cents ($7.50) an hour.

139. From on or about March 01, 2009 to August 2016, Plaintiff would primarily deliver customer orders from JUST SALAD 30 ROCK LLC d/b/a Just Salad 30 Rock at 30 Rockefeller Plaza Concourse Level #6, New York, NY 10112.

140. From on or about September 2016 to September 08, 2017, Plaintiff DIEGO DE LA CRUZ ROSAS would primarily deliver customer orders from JUST SALAD 600 THIRD LLC d/b/a Just Salad Murray Hill located at 600 Third Avenue, New York, NY 10016.

141. From on or about March 01, 2009 to August 31, 2016, Plaintiff DIEGO DE LA CRUZ ROSAS would regularly work from:

      a.  11:00 to 20:30 for nine and a half (9.5) hours on Mondays through Thursdays for four (4) days and thirty eight (38) hours a week;

      b.  from 11:00 to 15:00 for four (4) hours on Fridays;

      c.  from 11:00 to 17:00 for six (6) hours on Saturdays.

142. Beginning in 2015, there was a "break" instituted.

143. However, in reality there was no break because Plaintiff DIEGO DE LA CRUZ ROSAS was required to side work during any such "break."

144. From on or about September 01, 2016 to December 15, 2016, Plaintiff DIEGO DE LA CRUZ ROSAS would regularly work from:

      a.  11:00 to 14:00 and again from 14:45 to 20:00 for eight and a quarter (8.25) hours a day for four (4) days for thirty three (33) hours a week.

145. From on or about December 16, 2016 to September 08, 2017, Plaintiff DIEGO DE

LA CRUZ ROSAS would regularly work from:

    a.  11:00 to 14:00 for three (3) hours on Mondays and Tuesdays for two (2) days and six (6) hours per week and

    b.  11:00 to 17:00 for six (6) hours on Wednesdays, Thursdays and Fridays for three (3) days and eighteen (18) hours per week.

146. At all relevant times, Plaintiff DIEGO DE LA CRUZ ROSAS was additionally required to bring boxes of vegetables, meat, pork, and dressing amongst the following Just Salad locations:

    a.  The big kitchen/ Queens City Warehouse, from which the stock/ inventory of food and supplies are dispersed among the Just Salad store using JUST SALAD deliverymen;

    b.  JUST SALAD 134 37TH ST. LLC d/b/a Just Salad Fashion District located at 134 W 37th Street, New York, NY 10018;

    c.  JUST SALAD 315 PAS LLC d/b/a Just Salad 315 Park Avenue South located at 315 Park Avenue South, New York, NY 10010;

    d.  JUST SALAD 320 PARK AVE LLC d/b/a Just Salad Park Avenue located at 320 Park Avenue, New York, NY 10022;

    e.  JUST SALAD 1471 3RD AVE LLC d/b/a Just Salad Upper East Side located at 1471 3rd Avenue, New York, NY 10028;

    f.  JUST SALAD 90 BROAD STREET LLC d/b/a Just Salad 90 Broad Street, located at 90 Broad Street, New York, NY 10004;

147. Plaintiff DIEGO DE LA CRUZ ROSAS was not paid at all for the transportation cost to go to the Queens warehouse at his own expense.

148. Additionally, Plaintiff DIEGO DE LA CRUZ ROSAS was required to clean the floor, restock items (juice and soda, forks and napkins and plastic bowls).

149. Further, as there was no packer at JUST SALAD 30 ROCK LLC d/b/a Just Salad 30 Rock, Plaintiff DIEGO DE LA CRUZ ROSAS was required to pack all the delivery orders.

150. When the dishwasher did not come to work, Plaintiff DIEGO DE LA CRUZ ROSAS was required to work as the dishwasher.

151. In addition, Plaintiff DIEGO DE LA CRUZ ROSAS was required to help prep for catering once a month.

152. As a result, from March 01, 2009 to August 31, 2016, on average, Plaintiff DIEGO DE LA CRUZ ROSAS's side work lasts at least two (2) hours a day on Mondays through Thursdays and one (1) hour on Fridays and Saturdays.

153. From on or about September 01, 2016 to December 14, 2016, Plaintiff DIEGO DE LA CRUZ ROSAS's side work lasts two (2) hour per day.

154. From on or about December 15, 2016 to September 2017, Plaintiff DIEGO DE LA CRUZ ROSAS's side work lasts two (2) hours per day.

155. At a period during his employment Plaintiff DIEGO DE LA CRUZ ROSAS was not exempt under federal and state laws requiring employers to pay employees overtime.

156. At all relevant times, Plaintiff DIEGO DE LA CRUZ ROSAS was required to clock in and clock out.

157. Plaintiff DIEGO DE LA CRUZ ROSAS was also not informed of his hourly pay rate or any tip deductions toward the minimum wage, and he was not paid overtime pay for overtime work.

158. Furthermore, Defendants never informed Plaintiff DIEGO DE LA CRUZ ROSAS

that there were taking tip credit towards the minimum wage.

159. Plaintiff DIEGO DE LA CRUZ ROSAS's and other JUST SALAD deliverymen's tips are recorded by the computer system.

160. At all relevant times, Defendants knowingly and willfully failed to provide Plaintiffs with Time of Hire Notice in English and in Spanish (Plaintiff DIEGO DE LA CRUZ ROSAS' primary language) reflecting true rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day as required by NYLL §195(1).

161. Defendants knew that the nonpayment of overtime pay and New York's "spread of hours" premium for every day in which Plaintiff DIEGO DE LA CRUZ ROSAS worked over ten (10) hours would financially injure Plaintiffs and similarly situated employees and violate state and federal laws.

162. Defendants did not post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, tip credit, and pay day.

163. Plaintiff DIEGO DE LA CRUZ ROSAS only received three (3) sets of uniform and one (1) hat when he begun working for Just Salad.

164. Accordingly, Plaintiff DIEGO DE LA CRUZ ROSAS was required to launder and maintain the uniform at his own time and expense.

165. Throughout Plaintiff DIEGO DE LA CRUZ ROSAS's employment with Defendants, Plaintiff was never reimbursed for his bicycle purchases and maintenance.

166. Upon information and belief, Plaintiff DIEGO DE LA CRUZ ROSAS' bicycle cost

around one hundred dollars ($100).

167. Plaintiff DIEGO DE LA CRUZ ROSAS purchased a bike for between three hundred dollars ($300) and four hundred dollars ($400).

168. Defendants required Plaintiff DIEGO DE LA CRUZ ROSAS to use and maintain a delivery vehicle to benefit Defendants' business.

169. Defendants also required Plaintiff DIEGO DE LA CRUZ ROSAS to maintain the delivery vehicle. Defendants did not compensate for the purchase, repair, maintenance, utilization of the delivery vehicle according to state and federal labor laws.

170. This cost Plaintiff DIEGO DE LA CRUZ ROSAS around two hundred dollars ($200) a year to maintain the bicycle.

171. On or about September 04, 2017, the JUST SALAD store manager announced that the JUST SALAD deliverymen would no longer receive tips.

172. Instead, the "delivery fee" would go to directly to JUST SALAD.

### Plaintiff NEFTALI D. BATEN

173. Plaintiff NEFTALI D. BATEN was hired by Manager Elizabeth of JUST SALAD LLC d/b/a Just Salad, at 663 Lexington Avenue, 2nd Floor, New York, NY 10022.

174. From on or about January 18, 2016 to November 15, 2016, Plaintiff NEFTALI BATEN was employed by Defendants to work as a deliveryman for JUST SALAD.

175. Plaintiff NEFTALI BATEN was initially paid at a rate of seven dollars and fifty cents ($7.50) an hour.

176. At all relevant times, Plaintiff would primarily deliver customer orders from JUST SALAD 600 THIRD LLC d/b/a Just Salad Murray Hill located at 600 Third Avenue, New York, NY 10016.

177. At all relevant times, Plaintiff NEFTALI D. BATEN would regularly work for six (6) days, with Sundays off:

    a.  17:00 to 22:00 for five (5) hours on Mondays through Fridays for five (5) days and twenty five (25) hours per week;

    b.  14:00 to 15:00 and again from 17:00 to 21:00 for five (5) hours on Saturdays.

178. Plaintiff's hours ranged from twenty (20) hours to thirty eight (38) hours each week.

179. At all relevant times, Plaintiff NEFTALI D. BATEN was additionally required to bring boxes of vegetables and meat as well as inventories that are low amongst the following Just Salad locations:

    a.  JUST SALAD 30 ROCK LLC d/b/a Just Salad 30 Rock at 30 Rockefeller Plaza Concourse Level #6, New York, NY 10112;

    b.  JUST SALAD 315 PAS LLC d/b/a Just Salad 315 Park Avenue South located at 315 Park Avenue South, New York, NY 10010;

    c.  JUST SALAD 663 LEX LLC d/b/a Just Salad Lexington, located at 663 Lexington Avenue, New York, NY 10022;

180. At all relevant times, Plaintiff NEFTALI D. BATEN's side work include changing the garbage, filling the soda, leaving the restaurant clean, preparing delivery bags for clients to take with their delivery, lasts around one (1) hour each day.

181. At a period during his employment Plaintiff NEFTALI D. BATEN was not exempt under federal and state laws requiring employers to pay employees overtime.

182. At all relevant times, Plaintiff NEFTALI D. BATEN was required to clock in and clock out.

183. Plaintiff NEFTALI D. BATEN was also not informed of his hourly pay rate or any tip deductions toward the minimum wage, and he was not paid overtime pay for overtime work.

184. Furthermore, Defendants never informed Plaintiff NEFTALI D. BATEN that there were taking tip credit towards the minimum wage.

185. Plaintiff NEFTALI D. BATEN's and other JUST SALAD deliverymen's tips are recorded by the computer system.

186. At all relevant times, Defendants knowingly and willfully failed to provide Plaintiff NEFTALI D. BATEN with Time of Hire Notice in English and in Spanish (Plaintiffs' primary language) reflecting true rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day as required by NYLL §195(1).

187. Defendants knew that the nonpayment of overtime pay and New York's "spread of hours" premium for every day in which Plaintiff worked over ten (10) hours would financially injure Plaintiffs and similarly situated employees and violate state and federal laws.

188. Defendants did not post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, tip credit, and pay day.

189. Plaintiff NEFTALI D. BATEN only received three (3) sets of uniform when he begun working for Just Salad.

190. Accordingly, Plaintiff NEFTALI D. BATEN was required to launder and maintain the uniform at his own time and expense.

191. Throughout Plaintiff NEFTALI D. BATEN's employment with Defendants, Plaintiff was never reimbursed for his bicycle purchases and maintenance.

192. Upon information and belief, Plaintiff NEFTALI D. BATEN's first bicycle, which was robbed, cost two hundred dollars ($200) while the second bicycle cost one hundred dollars ($100).

193. Defendants required Plaintiff NEFTALI D. BATEN to use and maintain a delivery vehicle to benefit Defendants' business.

194. Defendants also required Plaintiff NEFTALI D. BATEN to maintain the delivery vehicle. Defendants did not compensate for the purchase, repair, maintenance, utilization of the delivery vehicle according to state and federal labor laws.

### Plaintiff ADELAIDO GALEANA

195. Plaintiff ADELAIDO GALEANA was hired by Manager Mike.

196. From on or about February 01, 2015 to the present day, Plaintiff ADELAIDO GALEANA was employed by Defendants to work as a deliveryman for JUST SALAD.

197. From on or about February 01, 2015 to December 31, 2017, Plaintiff ADELAIDO GALEANA was paid at a rate of seven dollars and fifty cents ($7.50) an hour.

198. From on or about January 01, 2018 to the present day, Plaintiff ADELAIDO GALEANA was paid at a rate of eight dollars and sixty five cents ($8.65) an hour.

199. Plaintiff ADELAIDO GALEANA would primarily deliver customer orders from JUST SALAD 320 PARK AVE LLC d/b/a Just Salad Park Avenue located at 320 Park Avenue, New York, NY 10022;

200. From on or about February 01, 2015 to December 31, 2016, Plaintiff ADELAIDO GALEANA would regularly work from:

      a. 10:30 to 14:00 for three and a half (3.5) hours a day from Mondays through Fridays for five (5) days and seventeen and a half (17.5) hours a week.

201. From on or about January 01, 2017 to the present day, Plaintiff ADELAIDO GALEANA would regularly work from:

     a.   10:30 to 14:00 and again from 17:00 to 20:30 for seven (7) hours a day for five (5) days and thirty five (35) hours a week.

202. At all relevant times, Plaintiff ADELAIDO GALEANA was additionally required to bring boxes of vegetables and meat as well as inventories that are low amongst the following Just Salad locations:

     a.   JUST SALAD 600 THIRD LLC d/b/a Just Salad Murray Hill located at 600 Third Avenue, New York, NY 10016;

     b.   JUST SALAD 30 ROCK LLC d/b/a Just Salad 30 Rock at 30 Rockefeller Plaza Concourse Level #6, New York, NY 10112;

     c.   JUST SALAD 663 LEX LLC d/b/a Just Salad Lexington, located at 663 Lexington Avenue, New York, NY 10022.

203. From on or about February 01, 2015 to December 31, 2016, Plaintiff ADELAIDO GALEANA's side work last around one third (1/3) of the workday.

204. From on or about January 01, 2017 to the present day, Plaintiff ADELAIDO GALEANA's side work last almost half (1/2) of the workday.

205. At all relevant times, Plaintiff ADELAIDO GALEANA was required to clock in and clock out.

206. Plaintiff ADELAIDO GALEANA was also not informed of his hourly pay rate or any tip deductions toward the minimum wage, and he was not paid overtime pay for overtime work.

207. Furthermore, Defendants never informed Plaintiff ADELAIDO GALEANA that

there were taking tip credit towards the minimum wage.

208. In addition, Defendants illegally retained Plaintiff ADELAIDO GALEANA's tips or tips intended for Plaintiff and other Just Salad employees.

209. To illustrate, in one instance in 2016, where one cash order was mistaken as a credit card order and the JUST SALAD customer did not pay, Plaintiff ADELAIDO GALEANA was required to pay the forty six dollar ($46) order from his pocket.

210. The Manager threatened Plaintiff ADELAIDO GALEANA that should he refuse to pay out of his pocket, Plaintiff would be terminated.

211. Additionally, on or about September 04, 2017, JUST SALAD instituted a $1.99 delivery fee, which increased to $2.50 later on, on March 20, 2018.

212. As a result of the "delivery fee" charge, many customers began to not pay JUST SALAD deliverymen, like Plaintiff ADELAIDO GALEANA any tips.

213. Upon information and belief, JUST SALAD customers gave JUST SALAD deliverymen less tips because they believed that the "delivery fee" was intended for the deliverymen.

214. JUST SALAD retained the entirety of the "delivery fee", without sharing any portion of the "delivery fee" to JUST SALAD deliverymen, including Plaintiff ADELAIDO GALEANA.

215. In the past, Plaintiff ADELAIDO GALEANA delivered around twenty five (25) orders in the mornings and around twenty five (25) orders in the afternoons on "busy" days and ten (10) orders in the morning and twelve (12) orders in the afternoon on non-busy days.

216. Now, Plaintiff ADELAIDO GALEANA delivered around ten (10) in the morning and ten (10) in the afternoon.

217. Plaintiff ADELAIDO GALEANA's and other JUST SALAD deliverymen's tips are recorded by the computer system.

218. Plaintiff ADELAIDO GALEANA lost around fifty dollars ($50) in tips per week as a result of the institution of the delivery fee.

219. At all relevant times, Defendants knowingly and willfully failed to provide Plaintiff ADELAIDO GALEANA with Time of Hire Notice in English and in Spanish (Plaintiffs' primary language) reflecting true rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day as required by NYLL §195(1).

220. Defendants knew that the nonpayment of overtime pay and New York's "spread of hours" premium for every day in which Plaintiff ADELAIDO GALEANA worked over ten (10) hours would financially injure Plaintiffs and similarly situated employees and violate state and federal laws.

221. Defendants did not post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, tip credit, and pay day.

222. Plaintiff ADELAIDO GALEANA only received three (3) sets of uniform and one (1) hat when he begun working for Just Salad.

223. Accordingly, Plaintiff ADELAIDO GALEANA was required to launder and maintain the uniform at his own time and expense.

224. Throughout Plaintiff ADELAIDO GALEANA's employment with Defendants, Plaintiff was never reimbursed for his bicycle purchases and maintenance.

225. Upon information and belief, Plaintiff ADELAIDO GALEANA's bicycle cost six hundred and fifty dollars ($650).

226. Defendants required Plaintiff ADELAIDO GALEANA to use and maintain a delivery vehicle to benefit Defendants' business.

227. The maintenance cost of the bicycle is around one thousand dollars ($1,000) a year.

228. Defendants also required Plaintiff ADELAIDO GALEANA to maintain the delivery vehicle. Defendants did not compensate for the purchase, repair, maintenance, utilization of the delivery vehicle according to state and federal labor laws.

### Plaintiff JOSE PEREDA ABARCA

229. From on or about April 27, 2011 to September 15, 2017, Plaintiff JOSE PEREDA ABARCA was employed by Defendants to work as a deliveryman for JUST SALAD.

230. Initially, Plaintiff JOSE PEREDA ABARCA was paid at a rate of five dollars and ninety five cents an hour.

231. At the end of Plaintiff JOSE PEREDA ABARCA's employment, he was paid seven dollars and fifty cents ($7.50) an hour.

232. Plaintiff JOSE PEREDA ABARCA would primarily deliver customer orders from JUST SALAD 320 PARK AVE LLC d/b/a Just Salad Park Avenue located at 320 Park Avenue, New York, NY 10022;

233. At all relevant times, Plaintiff JOSE PEREDA ABARCA would regularly work from:

    a.   10:30 to 14:00 and again from 17:00 to 20:30 for seven (7) hours a day from Mondays through Fridays for five days and thirty five (35) hours a week.

234. At all relevant times, Plaintiff JOSE PEREDA ABARCA was additionally required

to bring boxes of vegetables and meat as well as inventories that are low amongst the following Just Salad locations:

    a.  JUST SALAD 600 THIRD LLC d/b/a Just Salad Murray Hill located at 600 Third Avenue, New York, NY 10016;

    b.  JUST SALAD 30 ROCK LLC d/b/a Just Salad 30 Rock at 30 Rockefeller Plaza Concourse Level #6, New York, NY 10112;

    c.  JUST SALAD 134 37TH ST. LLC d/b/a Just Salad Fashion District located at 134 W 37th Street, New York, NY 10018;

    d.  JUST SALAD WWP LLC d/b/a Just Salad World Wide Plaza, located at 321 W 49th Street, New York, NY 10019;

    e.  JUST SALAD 663 LEX LLC d/b/a Just Salad Lexington, located at 663 Lexington Avenue, New York, NY 10022;

235. Plaintiff JOSE PEREDA ABARCA spent more than two (2) hours a day in non-tipped side work, which included refilling the soda, sweeping and mopping the floor, and other tasks as needed.

236. At all relevant times, Plaintiff JOSE PEREDA ABARCA was required to clock in and clock out.

237. Plaintiff JOSE PEREDA ABARCA was also not informed of his hourly pay rate or any tip deductions toward the minimum wage, and he was not paid overtime pay for overtime work.

238. Further, between 2011 to 2013, JUST SALAD took cash orders.

239. As a result of the policy, JOSE PEREDA ABARCA lost two hundred dollars ($200) in tips as a result of misclassified orders.

240. These misclassified orders are paid out of Plaintiff JOSE PEREDA ABARCA's tips, around once every week.

241. Plaintiff JOSE PEREDA ABARCA's and other JUST SALAD deliverymen's tips are recorded by the computer system.

242. At all relevant times, Defendants knowingly and willfully failed to provide Plaintiff JOSE PEREDA ABARCA with Time of Hire Notice in English and in Spanish (Plaintiffs' primary language) reflecting true rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day as required by NYLL §195(1).

243. Defendants knew that the nonpayment of overtime pay and New York's "spread of hours" premium for every day in which Plaintiff JOSE PEREDA ABARCA worked over ten (10) hours would financially injure Plaintiffs and similarly situated employees and violate state and federal laws.

244. Defendants did not post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, tip credit, and pay day.

245. Plaintiff JOSE PEREDA ABARCA only received two (2) sets of uniform and one (1) hat when he begun working for Just Salad.

246. Accordingly, Plaintiff JOSE PEREDA ABARCA was required to launder and maintain the uniform at his own time and expense.

247. Throughout Plaintiff JOSE PEREDA ABARCA's employment with Defendants, Plaintiff was never reimbursed for his bicycle purchases and maintenance.

248. Upon information and belief, Plaintiff JOSE PEREDA ABARCA's first bicycle cost five hundred dollars ($500), and was robbed.

249. Plaintiff JOSE PEREDA ABARCA's second bicycle cost six hundred dollars.

250. Defendants required Plaintiff JOSE PEREDA ABARCA to use and maintain a delivery vehicle to benefit Defendants' business.

251. The maintenance cost of the bicycle is around one thousand dollars ($1,000) a year.

252. Defendants also required Plaintiff to maintain the delivery vehicle. Defendants did not compensate for the purchase, repair, maintenance, utilization of the delivery vehicle according to state and federal labor laws.

### Plaintiff CAMILO RAMOS FLORES

253. From on or about August 01, 2016 to the present day, Plaintiff CAMILO RAMOS FLORES was employed by Defendants to work as a deliveryman for JUST SALAD.

254. From on or about August 01, 2016 to December 31, 2017, Plaintiff CAMILO RAMOS FLORES was paid at a rate of around seven dollars and fifty cents ($7.50) per hour.

255. Beginning January 01, 2018, Plaintiff CAMILO RAMOS FLORES was paid at a rate of eight dollars and sixty cents ($8.60) per hour.

256. For the first four (4) months of Plaintiff CAMILO RAMOS FLORES's employment, Plaintiff would primarily deliver customer orders from JUST SALAD 1ST AVENUE LLC d/b/a Just Salad 1st Avenue and 70th located at 1306 First Avenue, New York, NY 10021.

257. Thereafter, Plaintiff CAMILO RAMOS FLORES would primarily deliver customer orders from JUST SALAD 320 PARK AVE LLC d/b/a Just Salad Park Avenue located at 320 Park Avenue, New York, NY 10022.

258. At all relevant times, Plaintiff CAMILO RAMOS FLORES would regularly work from:

    a.   10:30 to 14:00 for three and a half (3.50) hours for five (5) days and seventeen and a half (17.50) hours per week.

259. At all relevant times, Plaintiff CAMILO RAMOS FLORES was additionally required to bring boxes of vegetables and meat as well as inventories that are low amongst the following Just Salad locations:

    a.   JUST SALAD 600 THIRD LLC d/b/a Just Salad Murray Hill located at 600 Third Avenue, New York, NY 10016;

    b.   JUST SALAD 663 LEX LLC d/b/a Just Salad Lexington, located at 663 Lexington Avenue, New York, NY 10022.

260. At all relevant times, the non-tipped side job exceeds twenty percent (20%) of Plaintiff CAMILO RAMOS FLORES' work day.

261. At all relevant times, Plaintiff CAMILO RAMOS FLORES was required to clock in and clock out.

262. Plaintiff CAMILO RAMOS FLORES was also not informed of his hourly pay rate or any tip deductions toward the minimum wage, and he was not paid overtime pay for overtime work.

263. In addition, Defendants illegally retained Plaintiff CAMILO RAMOS FLORES' tips or tips intended for Plaintiff and other Just Salad employees.

264. Additionally, on or about September 04, 2017, JUST SALAD instituted a $1.99 delivery fee, which increased to $2.50 later on, on March 20, 2018.

265. As a result of the "delivery fee" charge, many customers began to not pay JUST

SALAD deliverymen, like Plaintiff CAMILO RAMOS FLORES any tips.

266. Upon information and belief, JUST SALAD customers gave JUST SALAD deliverymen less tips because they believed that the "delivery fee" was intended for the deliverymen.

267. JUST SALAD retained the entirety of the "delivery fee", without sharing any portion of the "delivery fee" to JUST SALAD deliverymen, including Plaintiff CAMILO RAMOS FLORES.

268. Plaintiff CAMILO RAMOS FLORES delivered around ten (10) deliveries per day.

269. Plaintiff CAMILO RAMOS FLORES lost around twenty five dollars ($25) in tips per week as a result of the institution of the delivery fee.

270. Plaintiff CAMILO RAMOS FLORES's and other JUST SALAD deliverymen's tips are recorded by the computer system.

271. At all relevant times, Defendants knowingly and willfully failed to provide Plaintiffs with Time of Hire Notice in English and in Spanish (Plaintiffs' primary language) reflecting true rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day as required by NYLL §195(1).

272. Defendants knew that the nonpayment of overtime pay and New York's "spread of hours" premium for every day in which Plaintiff worked over ten (10) hours would financially injure Plaintiffs and similarly situated employees and violate state and federal laws.

273. Defendants did not post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, tip credit, and pay day.

274. Plaintiff only received three (3) sets of uniform and one (1) hat when he begun working for Just Salad.

275. Accordingly, Plaintiff was required to launder and maintain the uniform at his own time and expense.

276. Throughout Plaintiff's employment with Defendants, Plaintiff was never reimbursed for his bicycle purchases and maintenance.

277. Upon information and belief, Plaintiff's bicycle cost two hundred dollars ($200).

278. Defendants required Plaintiff to use and maintain a delivery vehicle to benefit Defendants' business.

279. The maintenance cost of the bicycle is around one thousand dollars ($1,000) a year.

280. Defendants also required Plaintiff to maintain the delivery vehicle. Defendants did not compensate for the purchase, repair, maintenance, utilization of the delivery vehicle according to state and federal labor laws.

### Plaintiff OMAR RAUL ZAPOTITLAN SANCHEZ

281. From on or about March 02, 2015 to May 14, 2015 and again from March 07, 2016 to July 27, 2016, Plaintiff OMAR RAUL ZAPOTITLAN SANCHEZ was employed by Defendants to work as a deliveryman for JUST SALAD.

282. From on or about March 02, 2015 to May 14, 2015, OMAR RAUL ZAPOTITLAN SANCHEZ was paid at a rate of around six dollars ($6.00) per hour.

283. From on or about March 07, 2016 to July 27, 2016, Plaintiff OMAR RAUL ZAPOTITLAN SANCHEZ was paid at a rate of seven dollars and fifty cents ($7.50) per hour.

284. Plaintiff would primarily deliver customer orders from JUST SALAD 600 THIRD LLC d/b/a Just Salad Murray Hill located at 600 Third Avenue, New York, NY 10016;

285. From on or about March 02, 2015 to May 14, 2015, Plaintiff would regularly work from:

a. 10:00 to 18:00 with a two (2) hour break for six (6) hours a day on Mondays through Fridays for five (5) days and forty two (42) hours a week.

286. From on or about March 07, 2016 to July 27, 2016, Plaintiff would regularly work from:

a. 10:00 to 18:00 with a two (2) hour break for six (6) hours a day on Mondays through Fridays for five (5) days and forty two (42) hours a week.

287. At all relevant times, Plaintiff was additionally required to bring boxes of vegetables and meat as well as inventories that are low amongst the following Just Salad locations:

a. JUST SALAD 134 37TH ST. LLC d/b/a Just Salad Fashion District located at 134 W 37th Street, New York, NY 10018;

b. JUST SALAD 315 PAS LLC d/b/a Just Salad 315 Park Avenue South located at 315 Park Avenue South, New York, NY 10010;

c. JUST SALAD 30 ROCK LLC d/b/a Just Salad 30 Rock at 30 Rockefeller Plaza Concourse Level #6, New York, NY 10112;

d. JUST SALAD 320 PARK AVE LLC d/b/a Just Salad Park Avenue located at 320 Park Avenue, New York, NY 10022;

e. JUST SALAD 663 LEX LLC d/b/a Just Salad Lexington, located at 663 Lexington Avenue, New York, NY 10022;

f. JUST SALAD 8TH ST LLC d/b/a Just Salad 8th Street, located at 53 E 8th Street, New York, NY 10003.

288. At all relevant times, Plaintiff was required to clean the table, mop the floor, sweep the floor, fill the refrigerator (water, drinks, juice), clean door glass, windows, fill the fryer side door with potatoes, throw out garbage, placing the lines to form, and accommodate chairs.

289. Plaintiff was also not informed of his hourly pay rate or any tip deductions toward the minimum wage, and he was not paid overtime pay for overtime work.

290. Plaintiff's and other JUST SALAD deliverymen's tips are recorded by the computer system.

291. At all relevant times, Defendants knowingly and willfully failed to provide Plaintiffs with Time of Hire Notice in English and in Spanish (Plaintiffs' primary language) reflecting true rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day as required by NYLL §195(1).

292. Defendants knew that the nonpayment of overtime pay and New York's "spread of hours" premium for every day in which Plaintiff worked over ten (10) hours would financially injure Plaintiffs and similarly situated employees and violate state and federal laws.

293. Defendants did not post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, tip credit, and pay day.

294. Plaintiff only received two (2) sets of uniform and one (1) hat when he begun working for Just Salad.

295. Accordingly, Plaintiff was required to launder and maintain the uniform at his own time and expense.

296. Throughout Plaintiff's employment with Defendants, Plaintiff was never

reimbursed for his bicycle purchases and maintenance.

297. Upon information and belief, Plaintiff's bicycle cost three hundred and fifty dollars ($350).

298. Defendants required Plaintiff to use and maintain a delivery vehicle to benefit Defendants' business.

299. Defendants also required Plaintiff to maintain the delivery vehicle. Defendants did not compensate for the purchase, repair, maintenance, utilization of the delivery vehicle according to state and federal labor laws.

### Plaintiff RODOLFO ZEMPOALTECA MONTES

300. From on or about March 02, 2015 to April 31, 2017, Plaintiff RODOLFO ZEMPOALTECA was employed by Defendants to work as a deliveryman for JUST SALAD.

301. From on or about March 02, 2015 to December 27, 2015, RODOLFO ZEMPOALTECA was paid at a rate of around six dollars ($6.00) per hour.

302. From on or about December 28, 2015 to October 09, 2016, RODOLFO ZEMPOALTECA was paid at a rate of around seven dollars and fifty cents ($7.50) per hour.

303. From on or about October 10, 2016 to April 31, 2017, RODOLFO ZEMPOALTECA was paid at a rate of around seven dollars and fifty cents ($7.50) per hour.

304. Plaintiff would primarily deliver customer orders from the following three (3) locations:

    a.  JUST SALAD 663 LEX LLC d/b/a Just Salad Lexington, located at 663 Lexington Avenue, New York, NY 10022;

    b.  JUST SALAD 1471 3RD AVE LLC d/b/a Just Salad Upper East Side located at 1471 3rd Avenue, New York, NY 10028;

    c.  JUST SALAD 1ST AVENUE LLC d/b/a Just Salad 1st Avenue and 70th

       located at 1306 First Avenue, New York, NY 10021.

305. At all relevant times, Plaintiff was also required to clean the table, mop the floor, sweep the floor, fill the refrigerator (water, drinks, juice), clean door glass, windows, fill the fryer side door with potatoes, throw out garbage, placing the lines to form, and accommodate chairs.

306. Plaintiff was also not informed of his hourly pay rate or any tip deductions toward the minimum wage, and he was not paid overtime pay for overtime work.

307. Plaintiff's and other JUST SALAD deliverymen's tips are recorded by the computer system.

308. At all relevant times, Defendants knowingly and willfully failed to provide Plaintiffs with Time of Hire Notice in English and in Spanish (Plaintiffs' primary language) reflecting true rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day as required by NYLL §195(1).

309. Defendants knew that the nonpayment of overtime pay and New York's "spread of hours" premium for every day in which Plaintiff worked over ten (10) hours would financially injure Plaintiffs and similarly situated employees and violate state and federal laws.

310. Defendants did not post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, tip credit, and pay day.

311. Plaintiff only received two (2) sets of uniform and one (1) hat when he begun working for Just Salad.

312. Accordingly, Plaintiff was required to launder and maintain the uniform at his own time and expense.

313. Throughout Plaintiff's employment with Defendants, Plaintiff was never reimbursed for his bicycle purchases and maintenance.

314. Upon information and belief, Plaintiff's bicycle cost three hundred and fifty dollars ($350).

315. Defendants required Plaintiff to use and maintain a delivery vehicle to benefit Defendants' business.

316. Defendants also required Plaintiff to maintain the delivery vehicle. Defendants did not compensate for the purchase, repair, maintenance, utilization of the delivery vehicle according to state and federal labor laws.

### *Plaintiff ENRIQUE DOSITEO ENCALADA ABAD*

317. From on or about March 01, 2009 to February 23, 2018, Plaintiff ENRIQUE DOSITEO ENCALADA ABAD was employed by Defendants to work as a deliveryman for JUST SALAD.

318. From on or about March 01, 2009 to September 30, 2016, Plaintiff ENRIQUE DOSITEO ENCALADA ABAD was paid at the minimum wage.

319. From on or about October 01, 2016 to February 23, 2018, Plaintiff ENRIQUE DOSITEO ENCALADA ABAD was paid at a rate of eight dollars and sixty five cents ($8.65) per hour.

320. From on or about March 01, 2009 to September 30, 2016, Plaintiff ENRIQUE DOSITEO ENCALADA ABAD would primarily deliver customer orders from the following location:

    a.   JUST SALAD 30 ROCK LLC d/b/a Just Salad 30 Rock at 30 Rockefeller

       Plaza Concourse Level #6, New York, NY 10112.

321. From on or about October 01, 2016 to February 23, 2018, Plaintiff ENRIQUE

DOSITEO ENCALADA ABAD would primarily deliver customer orders from the following

location:

    a.   JUST SALAD 134 37TH ST. LLC d/b/a Just Salad Fashion District located

       at 134 W 37th Street, New York, NY 10018.

322. From on or about March 01, 2009 to May 14, 2015, Plaintiff ENRIQUE DOSITEO

ENCALADA ABAD worked from 11:00 to 20:30 or 21:00 from Mondays through Fridays,

with Saturdays or Sundays Off, with no break, for forty eight and three quarter (48.75) hours per

week.

323. From on or about May 15, 2015 to September 30, 2016, Plaintiff ENRIQUE

DOSITEO ENCALADA ABAD worked from 11:00 to 20:30 or 21:00 from Mondays through

Fridays, with Saturdays or Sundays Off, with break of forty five (45) minute break, for forty

five (45) hours per week.

324. From October 01, 2016 to December 14, 2017, Plaintiff ENRIQUE DOSITEO

ENCALADA ABAD worked from 11:00 to 14:00 and then from 17:00 to 21:00 for seven (7)

hours from Mondays through Fridays for five (5) days and thirty five (35) hours per week.

325. From December 15, 2017, to February 23, 2018, Plaintiff ENRIQUE DOSITEO

ENCALADA ABAD worked from 11:00 to 14:00 or 14:30 for between three (3) and three and

a half (3.5) hours from Mondays through Fridays for five (5) days and roughly sixteen and a

quarter (16.5) hours per week.

326. At all relevant times, Plaintiff ENRIQUE DOSITEO ENCALADA ABAD was also

required to clean, put the cartons for the delivery, fill the soda and throw out the garbage.

327. Plaintiff ENRIQUE DOSITEO ENCALADA ABAD was also not informed of his hourly pay rate or any tip deductions toward the minimum wage, and he was not paid overtime pay for overtime work.

328. At all relevant times, the non-tipped side job exceeds twenty percent (20%) of Plaintiff ENRIQUE DOSITEO ENCALADA ABAD's work day.

329. At all relevant times, Plaintiff ENRIQUE DOSITEO ENCALADA ABAD was required to clock in and clock out.

330. Plaintiff ENRIQUE DOSITEO ENCALADA ABAD was also not informed of his hourly pay rate or any tip deductions toward the minimum wage, and he was not paid overtime pay for overtime work.

331. In addition, Defendants illegally retained Plaintiff ENRIQUE DOSITEO ENCALADA ABAD' tips or tips intended for Plaintiff and other Just Salad employees.

332. Additionally, on or about September 04, 2017, ENRIQUE DOSITEO ENCALADA ABAD instituted a $1.99 delivery fee.

333. As a result of the "delivery fee" charge, many customers began to not pay JUST SALAD deliverymen, like Plaintiff ENRIQUE DOSITEO ENCALADA ABAD any tips.

334. Upon information and belief, JUST SALAD customers gave JUST SALAD deliverymen less tips because they believed that the "delivery fee" was intended for the deliverymen.

335. JUST SALAD retained the entirety of the "delivery fee", without sharing any portion of the "delivery fee" to JUST SALAD deliverymen, including Plaintiff ENRIQUE DOSITEO ENCALADA ABAD.

336. Plaintiff ENRIQUE DOSITEO ENCALADA ABAD delivered around ten (10) deliveries per day.

337. Plaintiff ENRIQUE DOSITEO ENCALADA ABAD lost around twenty five dollars ($25) in tips per week as a result of the institution of the delivery fee.

338. Plaintiff ENRIQUE DOSITEO ENCALADA ABAD's and other JUST SALAD deliverymen's tips are recorded by the computer system.

339. Plaintiff's and other JUST SALAD deliverymen's tips are recorded by the computer system.

340. At all relevant times, Defendants knowingly and willfully failed to provide Plaintiffs with Time of Hire Notice in English and in Spanish (Plaintiffs' primary language) reflecting true rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day as required by NYLL §195(1).

341. Defendants knew that the nonpayment of overtime pay and New York's "spread of hours" premium for every day in which Plaintiff worked over ten (10) hours would financially injure Plaintiffs and similarly situated employees and violate state and federal laws.

342. Defendants did not post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, tip credit, and pay day.

343. Plaintiff only received two (2) sets of uniform and one (1) hat when he begun working for Just Salad.

344. Accordingly, Plaintiff ENRIQUE DOSITEO ENCALADA ABAD was required to launder and maintain the uniform at his own time and expense.

345. Throughout Plaintiff ENRIQUE DOSITEO ENCALADA ABAD's employment with Defendants, Plaintiff was never reimbursed for his bicycle purchases and maintenance.

346. Upon information and belief, Plaintiff ENRIQUE DOSITEO ENCALADA ABAD's bicycle cost one hundred dollars ($100).

347. Defendants required Plaintiff ENRIQUE DOSITEO ENCALADA ABAD to use and maintain a delivery vehicle to benefit Defendants' business.

348. Plaintiff ENRIQUE DOSITEO ENCALADA ABAD expends eight hundred dollars ($800) a year to maintain the bicycle, and to change the bicycle lights and brake.

349. Defendants also required Plaintiff ENRIQUE DOSITEO ENCALADA ABAD to maintain the delivery vehicle. Defendants did not compensate for the purchase, repair, maintenance, utilization of the delivery vehicle according to state and federal labor laws.

***Plaintiff LUIS JOFREE LEMA MAYANCELA***

350. From on or about March 21, 2016 to October 16, 2016, Plaintiff LUIS JOFREE LEMA MAYANCELA was employed by Defendants to work as a deliveryman for JUST SALAD.

351. At all relevant times, LUIS JOFREE LEMA MAYANCELA was paid at a rate of around seven dollars and fifty cents ($7.50) per hour.

352. Plaintiff would primarily deliver customer orders from JUST SALAD 1471 3RD AVE LLC d/b/a Just Salad Upper East Side located at 1471 3rd Avenue, New York, NY 10028.

353. At all relevant times, Plaintiff was required to do sanitation, clean the floor, take out the garbage to the street in the morning and at night, put the soda, water, juice in the refrigerator for the customers, filling things when "busy".

354. This exceeds twenty percent (20%) of Plaintiff's workday.

355. Plaintiff was also not informed of his hourly pay rate or any tip deductions toward the minimum wage, and he was not paid overtime pay for overtime work.

356. Plaintiff's and other JUST SALAD deliverymen's tips are recorded by the computer system.

357. At all relevant times, Defendants knowingly and willfully failed to provide Plaintiffs with Time of Hire Notice in English and in Spanish (Plaintiffs' primary language) reflecting true rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day as required by NYLL §195(1).

358. Defendants knew that the nonpayment of overtime pay and New York's "spread of hours" premium for every day in which Plaintiff worked over ten (10) hours would financially injure Plaintiffs and similarly situated employees and violate state and federal laws.

359. Defendants did not post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, tip credit, and pay day.

360. Plaintiff was required to launder and maintain the uniform at his own time and expense.

361. Throughout Plaintiff's employment with Defendants, Plaintiff was never reimbursed for his bicycle purchases and maintenance.

362. Upon information and belief, Plaintiff's first bicycle cost around four hundred dollars ($400) and his second bicycle cost around three hundred dollars ($300).

363. Defendants required Plaintiff to use and maintain a delivery vehicle to benefit Defendants' business.

364. Defendants also required Plaintiff to maintain the delivery vehicle. Defendants did not compensate for the purchase, repair, maintenance, utilization of the delivery vehicle according to state and federal labor laws.

**Plaintiff ANTHONY PETER ROSARIO**

365. From on or about August 06, 2012 to May 28, 2014, Plaintiff ANTHONY PETER ROSARIO was employed by Defendants to work as a deliveryman for JUST SALAD.

366. At all relevant times, ANTHONY PETER ROSARIO was paid at a rate of around six dollars and fifty cents ($6.50) per hour.

367. Plaintiff would primarily deliver customer orders from JUST SALAD 600 THIRD LLC d/b/a Just Salad Murray Hill located at 600 Third Avenue, New York, NY 10016.

368. Plaintiff would regularly work from 18:00 to 22:00 for four (4) hours on four (4) days of Mondays through Fridays for sixteen (16) hours, plus Sundays from 12:00 to 22:00 with a one-hour break for nine (9) hours.

369. At all relevant times, Plaintiff was required to stock the refrigerator, make sure that the garbage can is always empty, sweep and mop the floor, clean the window, and ensure that there are no fingerprints on the door.

370. In addition, while not frequent, Plaintiff would primarily deliver customer orders from the following three (3) locations:

    a.   JUST SALAD 706 6TH AVE LLC d/b/a Just Salad Chelsea, located at 706 6th Ave, New York, NY 10010; and

    b.   JUST SALAD 663 LEX LLC d/b/a Just Salad Lexington, located at 663 Lexington Avenue, New York, NY 10022.

371. This exceeds twenty five (25%) of Plaintiff's workday.

372. Plaintiff was also not informed of his hourly pay rate or any tip deductions toward the minimum wage, and he was not paid overtime pay for overtime work.

373. Plaintiff's and other JUST SALAD deliverymen's tips are recorded by the computer system.

374. At all relevant times, Defendants knowingly and willfully failed to provide Plaintiffs with Time of Hire Notice in English and in Spanish (Plaintiffs' primary language) reflecting true rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day as required by NYLL §195(1).

375. Defendants knew that the nonpayment of overtime pay and New York's "spread of hours" premium for every day in which Plaintiff worked over ten (10) hours would financially injure Plaintiffs and similarly situated employees and violate state and federal laws.

376. Defendants did not post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, tip credit, and pay day.

377. Plaintiff was required to launder and maintain the uniform at his own time and expense.

378. Throughout Plaintiff's employment with Defendants, Plaintiff was never reimbursed for his bicycle purchases and maintenance.

379. Upon information and belief, Plaintiff's first bicycle cost around four hundred dollars ($400) and his second bicycle cost around three hundred dollars ($300).

380. Defendants required Plaintiff to use and maintain a delivery vehicle to benefit Defendants' business.

381. Defendants also required Plaintiff to maintain the delivery vehicle. Defendants did not compensate for the purchase, repair, maintenance, utilization of the delivery vehicle according to state and federal labor laws.

**Plaintiff REYMUNDO MOLINA MEDEL**

382. From on or about February 1, 2009 to October 31, 2012, Plaintiff REYMUNDO MOLINA MEDEL was employed by Defendants to work as a deliveryman for JUST SALAD.

383. From on or about February 1, 2009 to October 31, 2012 Plaintiff REYMUNDO MOLINA MEDEL was paid at a rate of four dollars ($4.00) per hour.

384. At all relevant times, Plaintiff worked between sixty (60) to sixty five (65) hours per week.

385. During this time, Plaintiff REYMUNDO MOLINA MEDEL's work hours sometimes extended from 11:00 to 20:00 to 11:00 to 21:00 for approximately ten (10) hours a day for seven (7) days a week.

386. From on or about February 1, 2009 to October 31, 2012, Plaintiff was issued two separate paystubs with two paychecks under two names: "Reymundo Molina" and "Pablo Lopez."

387. Upon information and belief, Plaintiff was issued separate paychecks as a thinly veiled attempt by JUST SALAD to avoid paying him overtime pay.

388. Upon information and belief, this is not an isolated instance, nor is Plaintiff the only victim of Defendants' paystub splitting practice.

389. From on or about February 1, 2009 to July 12, 2009, Plaintiff was paid four dollars ($4.00) an hour for hours he worked up to sixty (60) hours in a workweek.

390. From on or about July 13, 2009 to July 19, 2009, Plaintiff REYMUNDO MOLINA

MEDEL was paid around $4.85 for hours worked up to sixty (60) hours in a workweek.

391. From on or about July 20, 2009 to November 01, 2009, Plaintiff REYMUNDO MOLINA MEDEL was paid around $4.90 for hours worked up to sixty (60) hours in a workweek.

392. From on or about November 02, 2009 to November 29, 2009, Plaintiff REYMUNDO MOLINA MEDEL was paid around $6.00 for hours worked up to sixty (60) hours in a workweek.

393. From on or about November 30, 2009 to December 04, 2010, Plaintiff REYMUNDO MOLINA MEDEL was paid around $8.50 for hours worked up to sixty (60) hours in a workweek.

394. From on or about December 05, 2010 to October 31, 2012, Plaintiff REYMUNDO MOLINA MEDEL was paid around $5.65 for hours worked up to sixty (60) hours in a workweek.

395. During this same period, Plaintiff REYMUNDO MOLINA MEDEL was not paid for each hour worked in excess of forty (40) hours in a workweek at the proper one-and-one-half (1.5) rate the minimum wage or the subminimum wage, whichever is higher.

396. During this period, Plaintiff REYMUNDO MOLINA MEDEL was paid either thirty (30) hours for REYMUNDO MOLINA and thirty five (35) hours under PABLO LOPEZ in a workweek.

397. During this period, Plaintiff REYMUNDO MOLINA MEDEL was not paid at the one and one half times his regular hourly rate for hours in which he worked in excess of forty (40) in a workweek.

398. Instead, Plaintiff REYMUNDO MOLINA MEDEL was paid four dollars ($4.00)

an hour .

399. During this time, Plaintiff REYMUNDO MOLINA MEDEL would primarily deliver customers' orders from JUST SALAD Murray Hill located at 600 Third Avenue, New York, NY 10016.

400. However, during the same time, Plaintiff REYMUNDO MOLINA MEDEL would also help fill up sodas, clean tables, sweep, chop and make salads.

401. Plaintiff REYMUNDO MOLINA MEDEL was also required to pick up deliveries from the following stores:

    a.  JUST SALAD 233 BROADWAY LLC d/b/a Just Salad City Hall, located at 233 Broadway, Woolworth Building, New York, NY 10007; and

    b.  JUST SALAD 100 Maiden Lane, New York, NY 10038.

402. Additionally, Plaintiff REYMUNDO MOLINA MEDEL was required to make deliveries, pack the deliveries, clean the table, bring the garbage onto the streets, mop the floor, stock the utensils (forks and napkins, plastic bowls) at the following stores:

    a.  JUST SALAD 30 Rock LLC, located at 30 Rockefeller Plaza Concourse Level #6, New York, NY 10112; and

    b.  JUST SALAD 320 PARK AVE LLC Park Avenue, located at 320 Park Avenue, New York, NY 10022.

403. This side work lasts at least two (2) hours a day, and sometimes more.

404. In addition, Plaintiff REYMUNDO MOLINA MEDEL was required to help prep for catering once a month.

405. At a period during his employment Plaintiff REYMUNDO MOLINA MEDEL was not exempt under federal and state laws requiring employers to pay employees overtime.

406. At all relevant times, Plaintiff REYMUNDO MOLINA MEDEL was required to clock in and clock out.

407. Plaintiff REYMUNDO MOLINA MEDEL was also not informed of his hourly pay rate or any tip deductions toward the minimum wage, and he was not paid overtime pay for overtime work.

408. Furthermore, Defendants never informed Plaintiff REYMUNDO MOLINA MEDEL sthat there were taking tip credit towards the minimum wage.

409. Throughout Plaintiff REYMUNDO MOLINA MEDEL's employment with Defendants, Plaintiff was never reimbursed for his bicycle purchases and maintenance.

410. Upon information and belief, Plaintiff REYMUNDO MOLINA MEDEL purchased four (4) bikes to five (5) bikes, including three (3) regular bicycles and one (1) electric bicycle.

411. Upon information and belief, Plaintiff REYMUNDO MOLINA MEDEL's regular bicycles cost around one hundred dollars ($100) each.

412. Upon information and belief, Plaintiff REYMUNDO MOLINA MEDEL's electric bicycle cost around seven hundred dollars ($700).

413. Upon information and belief, Plaintiff REYMUNDO MOLINA MEDEL purchased extra battery for his electric bicycle that cost around four hundred and fifty dollars ($450.00).

414. Upon information and belief, Plaintiff REYMUNDO MOLINA MEDEL purchased and replaced extra tires for his electric bike at the rate of one hundred and eighty dollars ($180.00) each year for two years.

415. Upon information and belief, Plaintiff REYMUNDO MOLINA MEDEL purchased and replaced extra brakes for his electric bike at the rate of three hundred dollars ($300.00) per year for two years.

416. Defendants required Plaintiff REYMUNDO MOLINA MEDEL to use and maintain a delivery bicycle to benefit Defendants' business.

417.  Plaintiff REYMUNDO MOLINA MEDEL purchased three (3) work uniforms for about five ($5.00) or ten ($10.00) dollars per shirt.

418. Plaintiff was not paid to maintain or launder his uniform.

419. Upon information and belief, Plaintiff REYMUNDO MOLINA MEDEL made deliveries and pickup between the stores with taxi every month, which cost between twenty ($20) to twenty-two dollars ($22.00) per trip.

420. Upon information and belief, Plaintiff REYMUNDO MOLINA MEDEL made deliveries and pick up with Train between the stores every month with an unlimited Train card.

421. Defendants also required Plaintiff REYMUNDO MOLINA MEDEL to make deliveries by any means. Defendants did not compensate for the alternative means of delivery or pickup.

### Plaintiff BERNALDO TLACZANI CARRANZA

422. From, on or about September 23, 2010 to December 31, 2011 Plaintiff BERNALDO TLACZANI CARRANZA was employed by Defendants to work as a deliveryman for JUST SALAD.

423. From, on or about September 23, 2010 to December 31, 2011, Plaintiff BERNALDO TLACZANI CARRANZA worked as a deliveryman for JUST SALAD.

424. From, on or about September 23, 2010 to December 31, 2011, Plaintiff BERNALDO TLACZANI CARRANZA was paid a rate of six dollars ($6.00) per hour.

425. At all relevant times, Plaintiff BERNALDO TLACZANI CARRANZA worked between 09:00 and 22:00 on Mondays, for between eleven (11) and twelve (12) hours with the

break; and an additional one (1) to three (3) days on weekdays from 16:00 to 22:00 for between

four (4) to five and a half (5.5) hours a day.

426. In total and on average, Plaintiff BERNALDO TLACZANI CARRANZA worked

between twenty three (23) and twenty five (25) hours each week.

427. During this time, Plaintiff BERNALDO TLACZANI CARRANZA would

primarily deliver customers' orders from:

      a.  JUST SALAD 600 THIRD LLC d/b/a Just Salad Murray Hill located at 600

           Third Avenue, New York, NY 10016;

428. However, during the same time, Plaintiff BERNALDO TLACZANI CARRANZA

would also help pick up boxes at the following stores:

      a.  JUST SALAD 320 PARK AVE LLC d/b/a Just Salad Park Avenue located at

           320 Park Avenue, New York, NY 10022;

      b.  JUST SALAD 30 ROCK LLC d/b/a Just Salad 30 Rock at 30 Rockefeller

           Plaza Concourse Level #6, New York, NY 10112;

      c.  JUST SALAD 134 37TH ST. LLC d/b/a Just Salad Fashion District located

           at 134 W 37th Street, New York, NY 10018.

429. Additionally, Plaintiff BERNALDO TLACZANI CARRANZA was required to

sweep and mop the floor of the store, stock soda, pack cheese, set up delivery bicycles after

work, organize delivery bags, pack the deliveries, and other jobs as needed.

430. This side work lasts at least two (2) hours a day, and sometimes more.

431. At all relevant times, Plaintiff BERNALDO TLACZANI CARRANZA was

required to clock in and clock out.

432. Plaintiff BERNALDO TLACZANI CARRANZA was also not informed of his

hourly pay rate or any tip deductions toward the minimum wage.

433. Furthermore, Defendants never informed Plaintiff BERNALDO TLACZANI CARRANZA that there were taking tip credit towards the minimum wage.

434. Throughout Plaintiff's employment with Defendants, Plaintiff BERNALDO TLACZANI CARRANZA was never reimbursed for his bicycle purchases and maintenance.

435. Upon information and belief, Plaintiff BERNALDO TLACZANI CARRANZA's bicycle cost around three hundred dollars ($300).

436. Plaintiff BERNALDO TLACZANI CARRANZA purchased two (2) bikes.

437. Plaintiff BERNALDO TLACZANI CARRANZA was required to wear the Just Salad uniform but was not reimbursed for the cost to maintain and launder his uniform.

438. Upon information and belief, Plaintiff BERNALDO TLACZANI CARRANZA did not receive his last pay check for the week he was fired.

## CLASS ACTION ALLEGATIONS

439. Plaintiffs bring their NYLL claims pursuant to Federal Rules of Civil Procedure ("F. R. C. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

440. All said persons, including Plaintiffs, are referred to herein as the "Class."

441. The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means

permissible under said F.R.C.P 23.

*Numerosity*

442. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are at least one thousand (1,000) members of the class.

*Commonality*

443. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a. Whether Defendant employed Plaintiffs and the Class within the meaning of the New York law;

b. Whether Plaintiffs and Class members are paid at least the minimum wage for each hour worked under the New York Labor Law;

c. Whether Plaintiffs and Class members are entitled to and paid overtime under the New York Labor Law;

d. Whether Defendants illegally retained the entire portion or some portion of the "delivery fee" from JUST SALAD deliverymen;

e. Whether Defendants required JUST SALAD deliverymen

f. Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiffs and the Rule 23 Class spread-of-hours pay as required by the NYLL;

g. Whether Defendants maintained a common policy, pattern and/or practice of

failing to provide requisite statutory meal periods;

h.  Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiffs and the Rule 23 Class's start of employment and/or or timely thereafter;

i.  Whether Defendants provided paystubs detailing the rates of pay and credits taken towards the minimum wage to Plaintiffs and the Rule 23 class on each payday;

j.  At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work;

### *Typicality*

444. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay at least the minimum wage for each hour worked and overtime compensation at one and a half times the minimum wage for each hour worked. Defendants' corporate wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/ or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

### *Adequacy*

445. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class.  Plaintiffs are represented by attorneys who are experienced and competent representing Plaintiffs in both class action and wage and hour

employment litigation cases.

### *Superiority*

446. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender.  Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.  Further, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

447. Upon information and belief, Defendants and other employers throughout the state

violate the New York Labor Law.  Current employees are often afraid to assert their rights out

of fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because

doing so can harm their employment, future employment, and future efforts to secure

employment.  Class actions provide class members who are not named in the complaint a

degree of anonymity which allows for the vindication of their rights while eliminating or

reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I.
### [Violation of 29 U.S.C. §203(M) And (T)—Illegal Retention Of Tips
### Brought on Behalf Of Plaintiffs And The Flsa Collective]

448. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though

fully set forth herein.

449. A tip is the sole property of the tipped employee regardless of whether the

employer takes a tip credit.

450. The FLSA prohibits any arrangement between the employer and tipped employee

whereby any part of the tip received becomes the property of the employer.

451. Retaining portions of the tips from Just Salad deliverymen to unjustly enrich the

Managers and/or Owner/ Operator Defendants or using portion of the tips to pay non-tipped

employees is prohibited under the FLSA.

### COUNT II.
### [Illegal Tip Retention, NYLL §146-2.18 and NYLL §146-2.20
### Brought on behalf of Plaintiffs and the Rule 23 Class]

452. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though

fully set forth herein.

453. Section 196-d of the New York State Labor Law prohibits employers from demanding, accepting, or retaining, directly or indirectly, any part of an employee's gratuity or any charge purported to be a gratuity.

454. A charge purported to be a gratuity, including charges advertised to be "delivery fee" to customers, must be distributed in full as gratuities to the service employees or food service workers who provided the service.

455. §146-2.18 provides that there shall be a rebuttable presumption that any charge in addition to charges for food, beverage, lodging, and other specified materials or services, including but not limited to any charge for "service" or "food service," is a charge purported to be a gratuity.

456. NYLL §146-2.20 provides that when tips are charged on credit cards, the employer must return to the employee the full amount of the tip charged on credit card minus the pro-rated portion of the tip taken by the credit card company.

457. Employers are prohibited from unjustly enriching themselves by charging their employees a gratuities service fee charge which exceed the costs of converting credit card gratuities into cash.

## COUNT III.
### [FLSA Unlawful Kickbacks
### 29 U.S.C. 201 et seq.; 29 CFR 531.35]

458. Plaintiffs repeat, re-allege and incorporate all allegations in all preceding paragraphs as if fully herein.

459. Throughout the period covered by the applicable statute of limitations, defendants have knowingly taken unlawful kickbacks in violation of FLSA and the supporting regulations of the U.S. Department of Labor. Specifically, Defendants required Plaintiff to purchase

delivery vehicles, and made deductions for unpaid cash orders, misclassified cash orders and contaminated the tip pool.

460. This kickback brings Plaintiffs' already subpar hourly minimum wage further below the hourly federal minimum wage.

461. Plaintiffs seek and are entitled to recover damages for their unpaid compensation, liquidated damages as provided by the FLSA, attorneys' fees and costs, together with such other relief as this Court deems just and proper.

## COUNT IV.
### [NYLL Unlawful Deductions,
### NYLL 193 & 196(d)]

462. Plaintiffs repeat, re-allege and incorporate all allegations in all preceding paragraphs as if fully herein.

463. Throughout the period covered by the applicable statute of limitations, Defendants knowingly retained portions of gratuities received by Plaintiffs in violation of the NYLL and the supporting regulations of the New York State Department of Labor.

464. In addition, throughout the period covered by the applicable statute of limitations, defendants have knowingly taken unlawful kickbacks in violation of New York Labor Law. Specifically, Defendants required Plaintiff to purchase delivery vehicles, and made deductions for unpaid cash orders, misclassified cash orders and contaminated the tip pool.

465. This kickback brings Plaintiffs' already subpar hourly minimum wage further below both the federal and state mandated hourly minimum wage.

466. Due to Defendants' willful violations of the NYLL, Plaintiffs and the members of the Class are entitled to recover from Defendants the amounts of any unlawful deductions,

liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT V.
### [Violations of the Fair Labor Standards Act—Minimum Wage
### Brought on behalf of the Plaintiff and the FLSA Collective]

467. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

468. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs, and the similarly situated collective action members, for some or all of the hours they worked.

469. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

470. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiffs and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT VI.
### [Violation of New York Labor Law—Minimum Wage
### Brought on behalf of Plaintiff and Rule 23 Class]

471. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

472. At all relevant times, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

473. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs, and the collective action members, for some or all of the hours they worked.

474. Defendants knowingly and willfully violated Plaintiffs' and similarly situated Class Members' rights by failing to pay him minimum wages in the lawful amount for hours worked.

475. An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty five percent (25%) of the shortfall under NYLL §§190 *et seq.*, §§650 *et seq.*, and one hundred percent (100%) after April 9, 2011 under NY Wage Theft Prevention Act, and interest.

## COUNT VII.
### [Violations of the Fair Labor Standards Act—Overtime Wage Brought on behalf of the Plaintiff and the FLSA Collective]

476. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

477. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

478. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

479. Defendants' failure to pay Plaintiffs and the FLSA Collective their overtime pay violated the FLSA.

480. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, *et seq.*, including 29 U.S.C. §§207(a)(1) and 215(a).

## COUNT VIII.
### [Violations of the Fair Labor Standards Act—Overtime Wage
Brought on behalf of the Plaintiff and the FLSA Collective]

481. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

482. Defendants willfully failed to notify Plaintiffs and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiffs' and FLSA Collectives' labor.

483. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

## COUNT IX.
### [Violation of New York Labor Law—Overtime Pay
Brought on behalf of Plaintiff and Rule 23 Class]

484. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

485. An employer who fails to pay the minimum wage shall be liable, in addition to the

amount of any underpayments, for liquidated damages equal to twenty five percent (25%) before April 9, 2011 and one hundred percent (100%) under NY Wage Theft Prevention Act, and interest.

486. At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiffs at one and one half times the hourly rate the Plaintiff and the class are entitled to.

487. Defendant' failure to pay Plaintiffs their overtime pay violated the NYLL.

488. Defendants' failure to pay Plaintiffs were not in good faith.

## COUNT X.
### [Violation of New York Labor Law—Spread of Time Pay
### Brought on behalf of Plaintiff and Rule 23 Class]

489. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

490. The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§190, *et seq.*, and §§650, *et seq.*, and New York State Department of Labor regulations §146-1.6.

491. Defendants' failure to pay Plaintiffs spread-of-hours pay was not in good faith.

## COUNT XI.
### [Violation of New York Labor Law—Record-Keeping Requirements
### Brought on behalf of Plaintiff and Rule 23 Class]

492. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

493. Defendants did not maintain, establish and preserve Plaintiffs' weekly payroll records fully and accurately for a period of not less than six years, as required by NYRR § 146-2.1.

494. In fact, Just Salad Managers assigned Plaintiffs to work at different Just Salad stores in order to avoid paying their overtime.

495. Just Salad Managers also paid Plaintiffs at different rates without paying them at the one and one half times hourly rate for hours in which they worked for over forty (40) hours a week.

496. Defendant Just Salad Managers further tampered with Plaintiffs' time records.

497. Defendant Just Salad Managers also failed to accurately record the unlawful deductions that they have made toward Plaintiffs' wages as a result of misclassified orders, unpaid-for orders.

498. As a result of Defendants' unlawful conduct, Plaintiffs have sustained damages including loss of earning, in an amount to be established at trial, liquidated damages, prejudgment interest, costs and attorneys' fee, pursuant to the state law.

499. Upon information and belief, Defendants failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff in order to facilitate their exploitation of Plaintiffs' labor.

500. Defendants' failure to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiffs were not in good faith.

## COUNT XII.
### [Violation of New York Labor Law—Time of Hire Wage Notice Requirement Brought on behalf of Plaintiff and Rule 23 Class]

501. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though

fully set forth herein.

502. The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.  NYLL §195-1(a).

503. Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on their or her first day of employment.

504. Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to Plaintiffs even after the fact.

505. Due to Defendants' violations of New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

### COUNT XIII.
**[Violation of New York Labor Law—New York Pay Stub Requirement**
**Brought on behalf of Plaintiff and Rule 23 Class]**

506. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

507. The NYLL and supporting regulations require employers to provide detailed

paystub information to employees every payday. NYLL §195-1(d).

508. Defendants have failed to make a good faith effort to comply with the New York

Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or

after each Plaintiffs' payday.

509. Due to Defendants' violations of New York Labor Law, each Plaintiffs are entitled

to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to

$5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor

Law. N.Y. Lab. Law §198(1-d).

**COUNT XIV.**
**[Failure to Pay Uniform Maintenance Pay**
**12 N.Y.C.R.R. §146-1.7 and 12 N.Y.C.R.R. §137-1.8**
**Brought on behalf of Plaintiffs and the Rule 23 Class]**

510. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though

fully set forth herein.

511. The wage provisions of Article 19 of the New York Labor Law and its supporting

regulations, including the current New York Hospitality Industry Wage Order, 12 N.Y.C.R.R.

Part 146 and former New York Minimum Wage Order for the Restaurant Industry, 12

N.Y.C.R.R. Part 137, apply to Defendants and establish payment floors to protect Plaintiffs and

all Class Members.

512. Just Salad has and continues to furnish Plaintiffs and Class Members with an

insufficient number of uniforms while requiring Plaintiffs and Class Members to maintain the

uniforms at their own expense, in violation of the uniform maintenance pay provision of the

current New York Hospitality Industry Wage Order, 12 N.Y.C.R.R. § 146-1.7 and former New

York Minimum Wage Order for the Restaurant Industry, 12 N.Y.C.R.R. § 137-1.8.

513. Just Salad's failure to pay Plaintiffs and Class Members uniform maintenance pay required pursuant to 12 N.Y.C.R.R. § 146-1.7 and 12 N.Y.C.R.R. § 137-1.8, notwithstanding JUST SALAD's clear failure to satisfy any exceptions to the requirement to provide such pay under the regulation, was and is not in good faith within the meaning of New York Labor Law§ 663.

514. Plaintiffs and Class Members are therefore entitled to recover from JUST SALAD's their unpaid uniform maintenance pay, together with liquidated damages, interest, and reasonable attorneys' fees and costs of the action.

## COUNT XV.
### [Breach of Implied Contract for Reimbursement of all Costs and Expenses of Bicycle/ Electric Delivery Vehicle, including Depreciation, Insurance, Maintenance and Repairs]

515. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

516. Throughout the relevant period, Defendants required their deliverymen to bear all of the "out-of-pocket" costs associated with their vehicles, including the purchase, maintenance, repair, maintenance of the delivery vehicles, including bicycles and electric bicycles.

517. Based on their personal experience and available information, Plaintiffs can document actual "out-of-pocket" vehicle related expenses of their delivery vehicle.

518. The conduct of Defendants, and the course of Defendant's conduct between the parties, evidenced an intent for Plaintiff to maintain the delivery vehicle in working condition.

519. Plaintiffs purchased, maintained and repaired the vehicle at their own expense.

520. These expenses reduced Plaintiffs' wage further below the minimum wage.

521. Plaintiffs performed these deliveries for the sole benefit of the Defendants.

522. Defendants neither explicitly nor implicitly requested Plaintiff to cease the the maintenance of the vehicle.

523. As a result of the afore-alleged conduct of the parties, an implied contract arose between them the terms of which are that Plaintiffs would incur the expenses for bicycle purchase and vehicle maintenance, in exchange for compensation from Defendants for such expenses.

524. Defendants never compensated Plaintiff for any expenses incurred from the purchase and maintenance of the electric bicycles, and the purchase of batteries.  As a result, Defendants breached the implied contract by failing and refusing to pay Plaintiff a reasonable sum under the afore-alleged facts.

525. Defendants owe Plaintiffs their overdue costs of delivery vehicles, cost of batter change, if applicable, and maintenance of the bicycle.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on their own behalves, and on the behalf of the FLSA Collective Plaintiffs and Rule 23 Class, respectfully requests that this Court enter a judgment providing the following relief:

a)   Authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

b)      Certification of this case as a collective action pursuant to FLSA;

c)      Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of

the FLSA opt-in class, apprising them of the pendency of this action, and permitting

them to assert timely FLSA claims and state claims in this action by filing individual

Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their

counsel to represent the Collective Action Members;

d)      A declaratory judgment that the practices complained of herein are unlawful under

FLSA and New York Labor Law;

e)      An injunction against Corporate Defendants, its officers, agents, successors,

employees, representatives and any and all persons acting in concert with them as

provided by law, from engaging in each of unlawful practices and policies set forth

herein;

f)      An award of unpaid minimum wage and overtime wages due under FLSA and New

York Labor Law due Plaintiff and the Collective Action members plus compensatory

and liquidated damages in the amount of twenty five percent (25%) prior to April 9,

2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention

Act;

g)      An award of the full portion of tips illegally retained by various Just Salad managers;

h)      An award of the full portion of tips used to pay unpaid-for Just Salad customer orders

or to reconcile the delivery orders actually paid for and the delivery orders processed

by the point-of-sale system;

i)      An award of uniform maintenance costs under 12 N.Y.C.R.R. §146-1.7 and 12

N.Y.C.R.R. §137-1.8;

j)      An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

k)      Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday;

l)      Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

m)     Reimbursement of reasonable out-of-pocket costs sustained by Plaintiffs and similarly situated deliverymen in the purchase, maintenance and repair of their delivery auto-bicycle in direct service of Defendants;

n)      An award of liquidated and/ or punitive damages as a result of Defendants' willful failure to overtime compensation, and "spread of hours" premium pursuant to New York Labor Law;

o)      An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

p)      The cost and disbursements of this action;

q)      An award of prejudgment and post-judgment fees;

r)      Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to

appeal and no appeal is then pending, whichever is later, the total amount of judgment

shall automatically increase by fifteen percent, as required by NYLL §198(4); and

s)   Such other and further legal and equitable relief as this Court deems necessary, just,

and proper.

Dated: Flushing, New York
       September 10, 2016

                                    TROY LAW, PLLC
                                    *Attorneys for the Plaintiffs, proposed FLSA*
                                    *Collective and Proposed Class Plaintiffs*


                                      /s/ John Troy
                                    John Troy (JT0481)