USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/12/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RODOLFO TECOCOATZI-ORTIZ et al.,

                Plaintiffs,

- against -

JUST SALAD LLC et al.,

                Defendants.

---

18cv7342 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, District Judge:

The plaintiffs in this case are fifteen current and former employees of the defendants who worked as delivery persons.[1] The defendants are Just Salad LLC, a holding company; twenty-four Just Salad franchises; and Nicholas Kenner, Just Salad's cofounder and chief executive officer.

The plaintiffs allege claims under the Fair Labor Standards Act ("FLSA") for unlawful tip retention, unlawful kickbacks, nonpayment of minimum wages, and nonpayment of overtime wages. Additionally, the plaintiffs allege claims under the New York Labor Law ("NYLL") for nonpayment of spread-of-hours pay, failure to retain records, failure to provide time-of-hire wage notices, failure to provide wage statements with each wage

---

[1] The plaintiffs are: Rodolfo Tecocoatzi-Ortiz, Diego De La Cruz Rosas, Neftali D. Baten, Adelaido Galeana, Jose Pereda Abarca, Camilo Ramos Flores, Omar Raul Zapotitlan Sanchez, Rodolfo Zempoalteca Montes, Enrique Dositeo Encalada Abad, Luis Jofree Lema Mayancela, Anthony Peter Rosario, Reymundo Molina Medel, and Bernaldo Tlaczani Carranza.

1

payment, failure to pay for uniform maintenance, and failure to reimburse the plaintiffs for tools of the trade.

The defendants have moved to dismiss portions of the plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## I.

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiffs' favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiffs have stated "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a

2

court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." Id. When presented with a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents that are referenced in the complaint, documents that the plaintiffs relied on in bringing suit and that are either in the plaintiffs' possession or that the plaintiffs knew of when bringing suit, or matters of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002).

**II.**

The plaintiffs in this action are thirteen current or former employees of various Just Salad franchises.[2] (Compl.

---

[2] Plaintiff Rodolfo Tecocoatzi-Ortiz was employed from on or about May 20, 2011, to November 20, 2016, at Just Salad 706 6th Ave LLC. (Compl. ¶¶ 92, 120.) Plaintiff Diego De La Cruz Rosas was employed from on or about March 1, 2009, to September 8, 2017, at Just Salad 30 Rock LLC and Just Salad 600 Third LLC. (Id. ¶¶ 134, 139-40.) Plaintiff Neftali Baten was employed from on or about January 18, 2016, to November 15, 2016, at Just Salad 600 Third LLC. (Id. ¶¶ 174, 176.) Plaintiff Adelaido Galeana was employed from on or about February 1, 2015, to the present at Just Salad 320 Park Ave LLC. (Id. ¶¶ 196, 199.) Plaintiff Jose Pereda Abarca was employed from on or about April 27, 2011, to September 15, 2017, at Just Salad 320 Park Ave LLC. (Id. ¶¶ 229, 232.) Plaintiff Camilo Ramos Flores was employed from on or about August 1, 2016, to the present at Just Salad 1st Avenue LLC and Just Salad 320 Park Ave LLC. (Id. ¶¶ 253, 256-57.) Plaintiff Omar Raul Zapotitlan Sanchez was employed from on or about March 2, 2015, to May 14, 2015, and again from March 7, 2016, to July 27, 2016, at Just Salad 600 Third LLC. (Id. ¶¶ 281, 284.) Plaintiff Rodolfo Zempoalteca was employed from on or about March 2, 2015, to April 31, 2017, at Just Salad 663 Lex LLC, Just Salad 1471 3rd Ave LLC, and Just Salad 1st Avenue LLC. (Id. ¶¶ 300, 304.) Plaintiff Enrique Dositeo Encalada Abad was employed from on or about March 1, 2009, to February 23, 2018, at Just Salad 30 Rock LLC and Just Salad 134 37th St. LLC. (Id. ¶¶ 317, 320-21.) Plaintiff Luis Jofree Lema Mayancela was employed from on or about March 21, 2016, to October 16, 2016, at Just Salad 1471 3rd Ave LLC. (Id. ¶¶ 350, 352.) Plaintiff Anthony Peter Rosario was employed from on or about August 6, 2012, to May 28, 2014, at Just Salad 600 Third LLC, (id. ¶¶ 365, 367), but would also infrequently deliver orders

3

¶¶ 11-23.) Each of the plaintiffs worked as a delivery driver and primarily delivered food orders. (Id. ¶¶ 92, 134, 174, 196, 229, 253, 281, 300, 317, 350, 365, 382, 422.) However, the plaintiffs allege that they also "could be and were assigned to work at or deliver supplies between . . . Just Salad locations in and around New York City," (Pls.' Opp'n at 1), and that the plaintiffs would perform other tasks at the restaurants, such as cleaning, packing delivery orders, taking out the trash, mopping the floor, and restocking, (Compl. ¶¶ 122, 148-50, 180, 235, 288, 305, 326, 353, 369, 400, 429).

The plaintiffs each assert a variety of FLSA and NYLL claims. They assert violations for: nonpayment of the applicable minimum wage, (id. ¶¶ 467-75); nonpayment of overtime wages, (id. ¶¶ 476-88); nonpayment of spread-of-hours pay, (id. ¶¶ 489-91); failure to keep required records, (id. ¶¶ 492-500); failure to provide wage notices at the time of hire, (id. ¶¶ 501-05); failure to provide wage statements with each wage

---

from Just Salad 706 6th Ave LLC and Just Salad 663 Lex LLC, (id. ¶ 370). Plaintiff Reymundo Molina Medel was employed from on or about February 1, 2009, to October 31, 2012, at Just Salad Murray Hill located at 600 Third Avenue, New York, NY 10016, (id. ¶¶ 382, 399), but also picked up deliveries at Just Salad 233 Broadway LLC, Just Salad 100 Maiden Lane, New York, NY 10038, Just Salad 30 Rock LLC, and Just Salad 320 Park Ave LLC, located at 320 Park Avenue, New York, NY 10022, (id. ¶¶ 401-02). Plaintiff Bernaldo Tlaczani Carranza was employed from on or about September 23, 2010, to December 31, 2011, at Just Salad 600 Third LLC. (Id. ¶¶ 422, 427.)

Plaintiffs Mayancela, Rosario, Medel, and Carranza purport to bring claims only under the NYLL. (Pls.' Opp'n at 1.) The other plaintiffs bring their claims under the NYLL and FLSA. (Id.)

4

payment, (id. ¶¶ 506-09); and failure to reimburse the plaintiffs for tools of the trade, (id. ¶¶ 510-25).

The plaintiffs allege that the defendants instituted a delivery fee policy that resulted in the defendants unlawfully retaining tips, (id. ¶ 3), and unlawfully accepting kickbacks, (id. ¶¶ 458-66). The plaintiffs assert that around September 1, 2017, Just Salad instituted a $1.99 delivery fee across all Just Salad locations. (Id. ¶ 67.) Around March 20, 2018, Just Salad increased the delivery fee at some Just Salad locations to $2.50. (Id. ¶ 68.) This fee was charged to customers who ordered delivery from Just Salad on Seamless, GrubHub, and other online ordering services and was retained by the defendants. (Id. ¶ 3.) The plaintiffs claim that this fee was "intended for the deliverymen" and unlawfully retained by the defendants. (Id.) The plaintiffs also allege that money from the tip pool was used to cover the cost of orders when a customer failed to pay. (Id. ¶ 5.)

The plaintiffs also assert a claim for failure to reimburse for tools of the trade, arguing that the defendants failed to pay for uniform maintenance. (Id. ¶ 512.) The plaintiffs allege specifically that they were not given enough uniforms, and that because they had an insufficient number of uniforms the plaintiffs were required to wash their uniforms daily apart from other personal garments. (Id. ¶ 2.)

5

Plaintiffs Medel and Carranza previously attempted to opt into an action before this Court with similar claims against many of the same defendants, Camara v. Kenner, No. 16cv7078, 2018 WL 1596195, at *1 (S.D.N.Y. Mar. 29, 2018). Their FLSA claims were dismissed as time barred and the Court declined to exercise supplemental jurisdiction over their NYLL claims. Id. at *5-6.

### III.

#### A.

The defendants argue that Medel's and Carranza's FLSA claims should be dismissed pursuant to the doctrine of res judicata because the Court dismissed their FLSA claims in Camara. In their opposition papers, Medel and Carranza state that they are not bringing any claims under the FLSA. Therefore, the defendants' motion to dismiss the FLSA claims by Medel and Carranza is **denied without prejudice as moot.**

#### B.

The defendants argue that Medel and Carranza cannot pursue their NYLL claims because the Court declined to exercise jurisdiction over their claims in Camara, and accordingly that decision precludes those plaintiffs from asserting their NYLL claims in this case.

The defendants' argument is meritless. The doctrine of collateral estoppel, or issue preclusion, provides that "when an

6

action between two parties terminates in a valid judgment, a later action between the parties may be affected, and possibly barred." Levy v. Kosher Overseers Ass'n of Am., Inc., 104 F.3d 38, 41 (2d Cir. 1997) (quotation marks omitted and alterations accepted). Courts are "generally accorded 'broad discretion' in determining whether or not collateral estoppel should apply in a given case." Bear, Stearns & Co., Bear, Stearns Sec. Corp. v. 1109580 Ontario, Inc., 409 F.3d 87, 91-92 (2d Cir. 2005) (quoting Parklane Hosiery Co. v. Shore, 439 U.S. 322, 331 (1979)). In order for a party to bar an opponent from relitigating an issue on collateral estoppel grounds:

> (1) the issues in both proceedings must be identical, (2) the issue in the prior proceeding must have been actually litigated and actually decided, (3) there must have been a full and fair opportunity for litigation in the prior proceeding, and (4) the issue previously litigated must have been necessary to support a valid and final judgment on the merits.

Faulkner v. Nat'l Geographic Enters. Inc., 409 F.3d 26, 37 (2d Cir. 2005) (quoting Gelb v. Royal Globe Ins. Co., 798 F.2d 38, 44 (2d Cir. 1986)).

Medel and Carranza were plaintiffs in the Camara case and asserted FLSA and NYLL claims. The NYLL claims brought by Medel and Carranza are the same in this case as they were in Camara. However, there was no final judgment in Camara on Medel's and Carranza's NYLL claims. Rather, the Court declined to exercise

7

supplemental jurisdiction and dismissed their NYLL claims without prejudice. The Court's decision to decline to exercise supplemental jurisdiction in Camara was not a final judgment deciding Medel's and Carranza's NYLL claims, and that decision does not bar them from bringing their claims in this action.

Therefore, the defendants' motion to dismiss Medel's and Carranza's NYLL claims based on the doctrine of collateral estoppel is **denied**.

### C.

The defendants also argue that collateral estoppel bars all of the plaintiffs in this case from relitigating issues the Court decided in Camara, namely whether: (1) the defendant restaurants where the plaintiffs did not work can be held liable as a joint enterprise, (2) defendant Kenner is the plaintiffs' employer, (3) Just Salad's uniform policy fits into the "Wash and Wear" provision of the NYLL, and (4) a collective action can be certified. The defendants argue that these issues were already decided in Camara and should preclude the plaintiffs in this case from relitigating those issues.

Collateral estoppel may be used to prevent a plaintiff or defendant from relitigating an issue that party previously lost. Parklane, 439 U.S. at 326. There are two forms of collateral estoppel, mutual and non-mutual. Id. at 329-31. Mutual collateral estoppel stops litigants "from relitigating an

8

identical issue with the same party or his privy." Id. at 326. Non-mutual collateral estoppel[3] prevents the losing party from relitigating an issue against a different party. Id. at 329-30.

Eleven of the thirteen plaintiffs in this case were not plaintiffs in Camara. Therefore, neither form of collateral estoppel applies because those plaintiffs have not yet had "a full and fair opportunity to litigate" any of the claims at issue in this case and were not losing parties in a prior litigation. Id. And, as to Medel and Carranza, the defendants argue only that those plaintiffs are barred from litigating their NYLL claims in this case because the Court declined to exercise supplemental jurisdiction over those claims in Camara.[4] As previously explained, that argument is meritless.

---

[3] Non-mutual collateral estoppel may be used defensively or offensively: "non-mutual defensive collateral estoppel 'precludes a plaintiff from relitigating identical issues by merely switching adversaries,'" Lipin v. Hunt, No. 14cv1081, 2015 WL 1344406, at *5 (S.D.N.Y. Mar. 20, 2015) (quoting Parklane, 439 U.S. at 326); and non-mutual offensive collateral estoppel "preclude[s] a defendant from relitigating an issue the defendant has previously litigated and lost to another plaintiff," Faulkner, 409 F.3d at 37 (citing Parklane, 439 U.S. at 326).

[4] It is unclear whether some of Medel's and Carranza's claims are barred by collateral estoppel. Both Medel and Carranza were parties in Camara, and the Court decided several issues in that case that are also at issue in this case; for example, whether defendant Kenner is the plaintiffs' employer. Camara, 2018 WL 1596195, at *7. However, the defendants do not argue that Medel's and Carranza's substantive claims should be barred by collateral estoppel; rather, the defendants argue only that Medel and Carranza cannot assert their NYLL claims in this case because the Court previously declined to exercise supplemental jurisdiction over their NYLL claims. Therefore, determination of whether some or all of Medel's and Carranza's NYLL claims are barred by collateral estoppel remains a question for another day.

9

Therefore, collateral estoppel is inapplicable and the defendants' motion to dismiss the plaintiffs' claims based on collateral estoppel is **denied**.

## IV.

The defendants argue that the plaintiffs cannot assert claims against twelve of the twenty-four Just Salad franchises because the plaintiffs did not work at those locations. However, the plaintiffs have sufficiently pleaded that the defendants were operating as a single integrated enterprise and therefore liable as joint employers of the plaintiffs.

The Second Circuit Court of Appeals has yet to apply the single integrated enterprise rule to FLSA liability. However, district courts in this Circuit have applied the single integrated enterprise doctrine in the FLSA context. See, e.g., Flores v. 201 W. 103 Corp., 256 F. Supp. 3d 433, 440-41 (S.D.N.Y. 2017); Li v. Ichiro Sushi, Inc., No. 14cv10242, 2016 WL 1271068, at *6 (S.D.N.Y. Mar. 29, 2016); Cordova v. SCCF, Inc., No. 13cv5665, 2014 WL 3512838, at *3 (S.D.N.Y. July 16, 2014); Lopez v. Pio Pio NYC, Inc., No. 13cv4490, 2014 WL 1979930, at *3-4 (S.D.N.Y. May 14, 2014). The single integrated enterprise theory holds multiple legally distinct entities liable as a single employer when the entities are a single integrated enterprise, as in the case of "parent and wholly-owned subsidiary corporations, or separate corporations under

10

common ownership and management." Arculeo v. On-Site Sales & Mktg., LLC, 425 F.3d 193, 198 (2d Cir. 2005).[5] Whether a group of entities qualifies as a single integrated enterprise turns on four-factors: "(1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." Brown v. Daikin Am. Inc., 756 F.3d 219, 226 (2d Cir. 2014) (quotation marks omitted). Although no one factor is dispositive, "control of labor relations is the central concern." Id. (quotation marks omitted).[6]

The plaintiffs allege that: Just Salad LLC is the parent corporation of the twenty-four franchise defendants, there is a common corporate and ownership structure, the defendants share employees based on necessity, the plaintiffs would deliver supplies to different Just Salad locations, Just Salad delivery

---

[5] The single integrated enterprise theory originally grew out of Title VII doctrine. See Arculeo, 425 F.3d at 198.

[6] Other district courts in this Circuit have declined to apply the formal single integrated enterprise doctrine in the FLSA context and have instead used the traditional economic realities test to determine whether multiple legal entities constitute a single employer for FLSA purposes. See, e.g., Olvera v. Bareburger Grp. LLC, 73 F. Supp. 3d 201, 205-06 (S.D.N.Y. 2014); Hart v. Rick's Cabaret Int'l, Inc., 967 F. Supp. 2d 901, 939-40 & n.16 (S.D.N.Y. 2013); Gorey v. Manheim Servs. Corp., 788 F. Supp. 2d 200, 210 (S.D.N.Y. 2011). Under the economic realities theory, courts look "to the totality of the facts and circumstances of the case to determine whether an entity is a[] 'joint employer' of the plaintiff-employees within the meaning of the FLSA." Gorey, 788 F. Supp. 2d at 210. The relevant factors under that test include whether the entity (1) was able to hire and fire the employees, (2) controlled work schedules or employment conditions, (3) determined the rate or method of payment, and (4) maintained employment records. Id.

11

drivers all had to adhere to common policies such as the delivery fee and uniform policies, and the defendants could hire and fire the plaintiffs. That is enough to allege that the defendants were operating as a single integrated enterprise. See Flores, 256 F. Supp. 3d at 442 (denying a motion to dismiss where the plaintiffs alleged "that the Restaurants had similar names, a common theme, and similar menus," that the plaintiffs "personally transferred items between the Restaurants, . . . that the Restaurants were commonly owned and operated," and that "[t]wo of the Restaurants shared a website"); Juarez v. 449 Rest., Inc., 29 F. Supp. 3d 363, 367-68 (S.D.N.Y. 2014) (holding that the plaintiff sufficiently pleaded that the defendants operated as a single integrated enterprise where the plaintiff alleged that an individual defendant owned, managed, and oversaw operations at all of the defendant restaurants, the restaurants had the same decor and menus, workers at all restaurants wore the same uniform, and the plaintiff had worked at least a few hours at each restaurant). Whether the evidence will substantiate the plaintiff's allegation cannot be decided on this motion. The motion to dismiss the franchises where the plaintiffs did not work is **denied.**

V.

The defendants also assert that the plaintiffs have failed to allege that defendant Kenner is the plaintiffs' "employer" under the FLSA and NYLL. The defendants are incorrect.

The plaintiffs have plainly alleged that Kenner was their employer. To determine if a defendant qualifies as an "employer" under the FLSA and NYLL, courts apply the economic realities test, which looks at "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." Irizarry v. Catsimatidis, 722 F.3d 99, 105 (2d Cir. 2013).[7] The plaintiffs in this case specifically allege that Kenner had the power to hire and fire employees, supervise and control employee work schedules, and determine employees' rate of pay. (Compl. ¶¶ 52-54.) The plaintiffs also allege generally that all of the defendants failed to keep full and accurate records.

Therefore, the plaintiffs have alleged that Kenner was an "employer" for the purposes of the FLSA and NYLL. Moreover, as

---

[7] The New York Court of Appeals has not yet answered the question of whether the test for "employer" status is the same under the FLSA and the NYLL, see Irizarry, 722 F.3d at 117, but courts in the Second Circuit have generally assumed that it is, see Camara, 2018 WL 1596195, at *7; Sethi v. Narod, 974 F. Supp. 2d 162, 188-89 (E.D.N.Y. 2013).

13

explained above, the plaintiffs have alleged an enterprise theory of liability. Whether the evidence will support the plaintiffs' allegations cannot be decided on this motion. The defendants' motion to dismiss Kenner from this case is **denied**.

## VI.

The defendants argue that the plaintiffs cannot assert claims for failure to pay them delivery fees because the delivery fee policy was not instituted until after some of the plaintiffs had already terminated their employment with Just Salad. The plaintiffs respond that they are not asserting a separate cause of action for tip retention by institution of a delivery fee. Rather, the plaintiffs claim that the defendants' retention of the delivery fee is just one of the ways the defendants unlawfully retained tips.

Because the plaintiffs are not asserting a stand-alone claim for unlawful tip retention based on the delivery-fee policy, the defendants' motion to dismiss that claim is **denied as moot**.

## VII.

The defendants argue that the plaintiffs have failed to plead a collective action because they do "not provide allegations outlining what group of individuals is to be considered in this collective, what the collective period is, or

what each member of the collective has in common with the named plaintiffs." (Defs.' Mem. at 18.)

Under the FLSA, "[a]n action . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b).[8] At the pleading stage, "a complaint must allege facts sufficient to create the plausible inference that there is a group of individuals similarly situated to [the p]laintiff." Peck v. Hillside Childrens Ctr., 915 F. Supp. 2d 435, 438 (W.D.N.Y. 2013). The plaintiffs "can carry that burden, at the notice stage, by presenting substantial allegations that the putative class members were together the victims of a single decision, policy or plan." Id. (quotation marks omitted). Generally, resolution of whether there are other employees who are similarly situated to the plaintiffs is better left for the conditional certification stage of litigation. See, e.g., id. at 439.

---

[8] A two-step approach is used to determine if the named plaintiffs and the potential opt-in plaintiffs are "similarly situated." Myers v. Hertz Corp., 624 F.3d 537, 554-55 (2d Cir. 2010). At step one, the plaintiffs need make "only a modest factual showing that they and other employees were victims of a common policy or plan." Salomon v. Adderley Indus., Inc., 847 F. Supp. 2d 561, 564 (S.D.N.Y. 2012). Courts "regularly rely on plaintiffs' affidavits and hearsay statements [at step one] in determining the propriety of sending notice." Id. at 563. In the second stage of analysis, "a court determines whether the collective action "may go forward by determining whether the plaintiffs who have opted in are in fact similarly situated to the named plaintiffs." Id. (quotation marks omitted) (quoting Myers, 624 F.3d at 555). If the plaintiffs are not similarly situated, then the collective action may be "de-certified" and "the opt-in plaintiffs' claims may be dismissed without prejudice." Myers, 624 F.3d at 555.

15

In this case, the plaintiffs have alleged that there are "similarly situated" employees. The plaintiffs allege that: the defendants instituted a delivery fee policy that allowed the defendants to retain tips unlawfully that were meant for delivery drivers, the defendants had a uniform maintenance policy that did not comply with the NYLL, the defendants failed to pay overtime and minimum wages, and the defendants subjected them to other unlawful employment practices. It is at the very least plausible that, as the plaintiffs claim, there are other "similarly situated" delivery drivers who suffered from these alleged practices. Whether the plaintiffs will be able to make a sufficient showing to support certification at the first stage of the certification process so that notice should be sent to potential members of the class, see Myers, 624 F.3d at 554-55, cannot be decided on this motion to dismiss.

Therefore, the defendants' motion to dismiss the plaintiffs' collective action is **denied without prejudice**.

## CONCLUSION

The defendants' motion to dismiss the plaintiffs' complaint is **denied**. The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the

arguments are either moot or without merit. The Clerk of Court is directed to close docket numbers 25 and 29.

**SO ORDERED.**

**Dated:**     **New York, New York**
                **April 12, 2019**

                                          _____
                                               John G. Koeltl
                                       **United States District Judge**