

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RODOLFO TECOCOATZI-ORTIZ, et al.

    Plaintiffs,

  -against-

JUST SALAD LLC, et al.

    Defendants.

18-CV-7342 (JGK) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    The Court has received and reviewed two competing letter-motions, both dated March 3, 2021, in which the parties argue about whether all 16 plaintiffs in this action must appear for deposition. Defendants' letter (Def. Ltr.) (Dkt. No. 105) asserts that it is "essential that all sixteen (16) plaintiffs are deposed," Def. Ltr. at 3, and requests a conference to address the "refusal" of opposing counsel to produce more than ten of the plaintiffs. *Id.* at 1. Plaintiffs' letter (Pl. Ltr.) (Dkt. No. 106) requests a conference regarding their anticipated motion for "a protective order against Defendants deposing sixteen (16) Plaintiffs in excess of the limits set forth [in] Fed. R. Civ. P. 30(a)(2)(A)(i)." Pl. Ltr. at 1.

    No conference is necessary. On February 26, 2021, the parties *jointly* submitted a proposed revised discovery plan which called for all 16 plaintiffs to be deposed between March 8 and March 23, 2021. (Dkt. No. 102 at 3). On March 1, 2021, this Court issued an order (March 1 Order) (Dkt. No. 103) adopting the parties' proposed revised discovery schedule in its entirety, including the provision that all 16 plaintiffs be deposed, thereby granting leave, pursuant to Rule 33(a)(2)(A)(i) for more than 10 depositions to be taken.

    To the extent defendants' letter-motion seeks an advisory opinion that plaintiffs are required to comply with the March 1 Order, it is DENIED as moot. If plaintiffs fail to cooperate

in scheduling the depositions, or fail to attend a deposition once properly noticed, redress will be available pursuant to, inter alia, Rules 16(f), 37(b), and/or 37(d). To the extent plaintiff's letter-motion seeks reconsideration of the March 1 Order, it does not begin to meet the stringent requirements of Local Civil Rule 6.3. In any event, the Court sees no reason to reconsider that aspect of the March 1 Order or to issue a protective order reducing the number of plaintiff depositions to 10. The Court sees even less reason to "defer" plaintiffs' depositions until a conditional certification motion (which has not yet been filed) "has been decided." Pl. Ltr. at 2. Given the number of plaintiffs to schedule, however, and the limited window within which the depositions are to take place, each plaintiff deposition shall be limited (unless the parties otherwise stipulate) to one half day; that is, a maximum of 3-1/2 hours.

Except to the extent set forth above, the parties' letter-motions are DENIED without prejudice to an application – if necessary – for a short extension of time to produce one or more plaintiffs due to exigent circumstances specific to those plaintiffs. Any such application may be filed only after the parties have met and conferred in good faith to schedule the subject plaintiff(s) for deposition and must state with particularity: (i) why the subject plaintiff(s) cannot appear before March 23, 2021; (ii) when the subject plaintiff(s) can appear; and (iii) why the parties were unable to resolve this issue without judicial intervention.

Dated: New York, New York
       March 5, 2021

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**