

# MIRANDA SLONE SKLARIN VERVENIOTIS LLP

MICHAEL A. MIRANDA*
STEVEN VERVENIOTIS
ONDINE SLONE
RICHARD S. SKLARIN°
MAURIZIO SAVOIARDO
KELLY M. ZIC
FRANK R. MALPIGLI□
ANDREW B. KAUFMAN±
LAWRENCE S. WASSERMAN

_____

**SENIOR COUNSEL**
LOUISE FASANO
NANCY R. SCHEMBRI°

**WRITER'S E-MAIL:**
REPSTEIN@MSSSV.COM

THE ESPOSITO BUILDING
240 MINEOLA BOULEVARD
MINEOLA, NY 11501
TEL   (516) 741-7676
FAX   (516) 741-9060

WWW.MSSSV.COM

**BRANCH OFFICES:**
WESTCHESTER, NY
NEW YORK, NY
CLARK, NJ

ANNE P. EDELMAN
GABRIELLA CAMPIGLIA
RICHARD B. EPSTEIN
ABRAHAM WARMBRAND
ALLYSON N. BROWN
MICHAEL A. BAYRON
MICHAEL HOFMANN
GALINA STILER°
LAURA ALTO
CHRISTOPHER J. LAMPERT*

*ALSO ADMITTED IN NEW JERSEY
□ALSO ADMITTED IN FLORIDA
±ALSO ADMITTED IN DISTRICT OF COLUMBIA
° RESIDENT IN WESTCHESTER

May 10, 2021

**VIA ECF**
Honorable Barbara Moses
U.S. Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 12B
New York, New York 10007-1312

Re:   *Rodolfo Tecocoatzi-Ortiz et al. v Just Salad et. al.*
      **18-cv-07342(JGK)(BM)**

Dear Magistrate Moses :

We represent the Defendants in the above matter.  We write in accordance with Your Honor's Order of May 3, 2021 to respectfully request that the Court schedule a pre-motion conference to resolve a discovery dispute, or, in the alternative, that the Court consider this submission as our motion to compel plaintiffs to produce a questionnaire that was shown to plaintiff Sanchez prior to his deposition.

The undersigned discussed this matter with Aaron B. Schweitzer for approximately ten (10) minutes on April 30th in an attempt to resolve the matter.  Since that time, plaintiffs responded to Defendants' demand by producing the responses annexed hereto as **Exhibit "A"** and a privilege log, annexed hereto as **Exhibit "B"**.  Defendants transmitted a letter to plaintiffs advising that the response was insufficient, and requesting that plaintiff's call to discuss. **Exhibit "C"**. I then called plaintiffs' counsel in an attempt to discuss the response and left a message.  Today, I called counsel a second time and followed up with an email again asking counsel to call.  In response, at 5:40 this evening, I received an email from counsel stating that they would not produce the document, but remain unable to reach counsel by phone.

The law is clear that even otherwise privileged documents must be disclosed if a witness reviews the document in preparation for a deposition and the documents affect the substance of the witness's testimony. Johnson-Harris v. United States, 2020 WL 550279, at *2 (S.D.N.Y. Feb.

**MIRANDA SLONE SKLARIN VERVENIOTIS LLP**

---

**Honorable Barbara Moses**
**MAY 10, 2021**
**PAGE 2 OF 3**

4, 2020) United States v. Mount Sinai Hosp., 185 F. Supp. 3d 383, 393 (S.D.N.Y. 2016); Thomas v. Euro RSCG Life, 264 F.R.D. 120, 122 (S.D.N.Y. 2010).  Thus, as plaintiff Sanchez reviewed the questionnaire prior to giving testimony, and the questionnaire influenced his testimony, it must be produced, even if it was otherwise privileged.

During his deposition, plaintiff Sanchez testified that he reviewed "all the questions" prior to his deposition "[b]ecause I needed some things to remember, what days I started working there, and things like that, there were some things." Ex. D at pp. 7-8. Mr. Sanchez then testified that he met with his lawyer in order to prepare for his deposition, and that:

> Q. Okay. When you were with this lawyer, did they show you any documents to help you remember things?
> A. Yes. The questions.
> Q. What questions did they show you?
> A. Well, the day that I started and what were the things that I did at Just Salad, and things like that.
> Q. What documents did your attorneys have that helped you remember the day you started at Just Salad; was it something the attorneys wrote, was it documents they had from Just Salad, what did they show you?
> A. Well, it's something that I remember I told them when I started, and they just wrote it.
> Q. They showed this to you prior to your deposition?
> A. Yes.
> Q. Did that help you remember things for your testimony today, that paper?
> A. Yes.

Ex. D at pp. 9-10.

Mr. Sanchez's testimony is clear that, when testifying during his deposition, he relied on "the questions" shown to him by his lawyers in order to remember certain dates, and, crucially, what he did when he was at Just Salad.  In this regard, plaintiffs allege at bar that Defendants were not entitled to take the tip credit against the minimum wage because plaintiffs were doing untipped work for more than twenty percent (20%) of their time.  Thus, Mr. Sanchez's testimony as to a central issue in the lawsuit was influenced by the "questionnaire" shown to him by his attorneys prior to the deposition.  Moreover, the deposition testimony is particularly important here as plaintiff's counsel has been found to have filed misleading affidavits in the past. Peng Bai v. Fu Xing Zhuo, 2014 WL 5475395, at *3 (E.D.N.Y. 2014)

Given that plaintiff Sanchez's testimony was influenced by "the questions" shown to him by his attorneys prior to his deposition, that document must be produced regardless of whether any privilege would ordinarily attach.  As such, we ask that the court schedule a pre-motion conference to resolve this matter.  In the event that the Court does not believe a conference is necessary, we ask that the Court compel plaintiff to produce the questionnaire shown to plaintiff Sanchez prior to his deposition.

**MIRANDA SLONE SKLARIN VERVENIOTIS LLP**

**Honorable Barbara Moses**
**MAY 10, 2021**
**PAGE 3 OF 3**

    We thank the Court for its consideration of this matter.

                            Very truly yours,
                            **MIRANDA SLONE SKLARIN VERVENIOTIS LLP**

                            s/Richard B. Epstein

                            Richard B. Epstein

cc: All Counsel (via ECF)