

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RODOLFO TECOCOATZI-ORTIZ, et al.

    Plaintiffs,

-against-

JUST SALAD LLC, et al.

    Defendants.

18-CV-7342 (JGK) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

By letter dated May 10, 2021 (Def. Ltr.) (Dkt. No. 118), defendants seek an order compelling plaintiffs to produce a "questionnaire" that was shown to plaintiff Omar Raul Zapotitlan Sanchez prior to his deposition. The relevant deposition testimony, elicited with the assistance of a Spanish/English translator, is as follows:

> Q. Okay. When you were with this lawyer, did they show you any documents to help you remember things?
>
> A. Yes. The questions.
>
> Q. What questions did they show you?
>
> A. Well, the day that I started and what were the things that I did at Just Salad, and things like that.
>
> Q. What documents did your attorneys have that helped you remember the day you started at Just Salad; was it something the attorneys wrote, was it documents they had from Just Salad, what did they show you?
>
> A. Well, it's something that I remember I told them when I started, and they just wrote it.
>
> Q. They showed this to you prior to your deposition?
>
> A. Yes.
>
> Q. Did that help you remember things for your testimony today, that paper?
>
> A. Yes.

Def. Ltr. Ex. D (Dkt. No. 118-4) (Dep. Tr.) at 9:9-10:9.

Defendants point out, correctly, that "even otherwise privileged documents must be disclosed if a witness reviews the documents in preparation for a deposition and the documents affect the substance of the witness's testimony." Def. Ltr. at 1. *See* Fed. R. Evid. 612(b); *United States v. Mount Sinai Hosp.*, 185 F. Supp. 3d 383, 393 (S.D.N.Y. 2016) (if a party uses privileged documents to "to refresh [a witness's] recollection for the purpose of testimony, they may no longer withhold those documents from discovery"); *Thomas v. Euro RSCG Life*, 264 F.R.D. 120, 122 (S.D.N.Y. 2010) (although plaintiff's notes, communicated to her attorney in confidence, were at that point "clothe[d] . . . with privilege," plaintiff "waived that privilege when she relied on the notes in connection with her deposition testimony"). Therefore, defendants contend, they are entitled to see "the questions" that were shown to Sanchez by his counsel prior to his deposition. Def. Ltr. at 2.

In their opposition letter, dated May 18, 2021 (Pl. Opp. Ltr.) (Dkt. No. 122), plaintiffs state that "the alleged 'questionnaire' or the 'questions' testified by Plaintiff that the Defense counsel is indefatigably chasing for are highly likely do not exist." Pl. Opp. Ltr. at 1 (grammar as in the original). According to plaintiffs, the only documents that their counsel showed plaintiff Sanchez prior to his deposition were (i) "deposition preparation aid[s]," which "guided the attorney [sic] over what topics and possible questions that will be addressed during the real deposition," but did not contain any "substantive information" which could have refreshed Sanchez's recollection as to the facts of his case; and (ii) "the Complaint and Plaintiffs' own affidavits, which had been filed with the Court and they are openly accessible." *Id*. at 1-2. The deposition preparation aids are further described, on a privilege log produced by plaintiffs, as two different documents, each including a "translation to witnesses" and containing a "list of possible questions that will be deposed [sic] during the deposition," but no "suggestive answers

to the questions." Def. Ltr. Ex. B (Dkt. No. 118-2). The deposition preparation aids have not been produced. During the deposition, defendants' counsel marked both the complaint and the witness's affidavit as exhibits, and questioned Sanchez about them at length. Dep. Tr. at 50-71.

In their reply letter, dated May 19, 2021 (Def. Reply Ltr.) (Dkt. No. 123), defendants note that plaintiffs' opposition letter is "unsworn" and argue that it is contradicted by the testimony of Sanchez himself, who stated that what he was shown – and what refreshed his recollection – was "something that I remember I told them when I started, and they just wrote it." Dep. Tr. at 9:24-10:2. It is unlikely that Sanchez meant either the complaint or his own affidavit, defendants argue, because those documents were written in English, which Sanchez reads "very little." Def. Reply Ltr. at 2; Dep. Tr. at 19:6. Therefore, defendants conclude, Sanchez must have been shown another document – a questionnaire – which included substantive information about his case and which "informed his testimony as to key issues." Def. Reply Ltr. at 2.

The Court cannot reach a conclusion as to the nature of the documents shown to the witness on the present record. Plaintiffs' opposition letter is both unsworn and inconclusive. Rather than state forthrightly that there was no questionnaire or list of questions that included substantive information, they assert that documents of that nature "highly likely do not exist." Pl. Opp. Ltr. at 1. However, the witness's testimony – provided through a translator – is also somewhat unclear as to what he was shown. Consequently, the Court will review the contested documents *in camera*. *See generally In re Grand Jury Subpoenas Dated Mar. 19, 2002 & Aug. 2, 2002*, 318 F.3d 379, 386 (2d Cir. 2003) (noting that *in camera* review is "a practice both long-standing and routine in cases involving claims of privilege").

It is hereby ORDERED that no later than **May 26, 2021**, plaintiffs shall deliver, to chambers, complete and accurate photocopies of every document shown to plaintiff Sanchez in

3

preparation for his deposition in this action, including but not limited to the deposition preparation aids listed in their privilege log. Any translations of or annotations on the documents, if shown to the witness, must also be produced. The documents shall be accompanied by a cover letter that lists and describes each enclosed document without revealing their allegedly privileged content. A copy of the cover letter shall be filed on the electronic docket of this action.

The Clerk of Court is respectfully directed to close the letter-motions at Dkt. Nos. 116 and 118.

Dated: New York, New York
      May 19, 2021

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**