UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

RODOLFO TECOCOATZI-ORTIZ, DIEGO DE
LA CRUZ ROSAS, NEFTALI D. BATEN,
ADELAIDO GALEANA, JOSE PEREDA
ABARCA, CAMILO RAMOS FLORES, OMAR
RAUL ZAPOTITLAN SANCHEZ, RODOLFO
ZAPOTITLAN MONTES, ENRIQUE DOSITEO
ENCALADA ABAD, on behalf of themselves, and
on behalf of others similarly situated in the Proposed
FLSA Collective and Potential Rule 23 Class,
LUIS JOFREE LEMA MAYANCELA, ANTHONY
PETER ROSARIO, REYMUNDO MOLINA
MEDEL, and BERNALDO TLACZANI
CARRANZA, on behalf of themselves and others
similarly situated in the Potential Rule 23 Class,

Docket No.:  18-cv-07342
(JGK)

Plaintiffs,

-against-

JUST SALAD LLC  d/b/a Just Salad, JUST SALAD
600 THIRD LLC d/b/a Just Salad Murray Hill, JUST
SALAD GP LLC d/b/a Just Salad Fashion District,
JUST SALAD 134 37TH ST. LLC d/b/a Just Salad
Fashion District, JUST SALAD PARTNERS LLC
d/b/a Just Salad Financial District, JUST SALAD
315 PAS LLC d/b/a Just Salad 315 Park Avenue
South, JUST SALAD 320 PARK AVE LLC d/b/a
Just Salad Park Avenue, JUST SALAD 30 ROCK
LLC d/b/a Just Salad 30 Rock, JUST SALAD 706
6TH AVE LLC d/b/a Just Salad Chelsea, JUST
SALAD WWP LLC d/b/a Just Salad World Wide
Plaza, JUST SALAD 663 LEX LLC d/b/a Just Salad
Lexington, JUST SALAD PARK SLOPE LLC d/b/a
Just Salad Park Slope, JUST SALAD 8TH ST LLC
d/b/a Just Salad 8th Street (NYU), JUST SALAD
1471 3RD AVE LLC d/b/a Just Salad Upper East Side
(83RD AND 3RD), JUST SALAD 1ST AVENUE LLC
d/b/a Just Salad Upper East Side (70th and 1st), JUST
SALAD HUDSON SQUARE LLC d/b/a Just Salad
Hudson Square, JUST SALAD STATE STREET
LLC d/b/a Just Salad Downtown Brooklyn, JUST
SALAD HERALD SQUARE LLC d/b/a Just Salad
Macy's Herald Square, JUST SALAD 90 BROAD
STREET LLC d/b/a Just Salad Financial District (90

Broad Street), JUST SALAD 2056 BROADWAY
LLC d/b/a Just Salad Upper West Side, JUST
SALAD 140 8TH AVE LLC d/b/a Just Salad Chelsea
(8th Avenue), JUST SALAD 233 BROADWAY
LLC d/b/a Just Salad City Hall, JUST SALAD
WOODBURY LLC d/b/a Just Salad Woodbury,
JUST SALAD 291 7TH AVENUE LLC d/b/a Just
Salad FIT, JUST SALAD 437 5TH AVENUE LLC
d/b/a Just Salad Bryant Park and NICHOLAS F.
KENNER a/k/a Nick Kenner,

                              Defendants.
-------------------------------------------------------------------x

## **MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

                                        MIRANDA SLONE
                                        SKLARIN VERVENIOTIS LLP
                                        Attorneys for Defendants
                                        The Esposito Building
                                        240 Mineola Boulevard
                                        Mineola, New York 11501
                                        (516) 741-7676

Of Counsel
Michael A. Miranda
Richard B. Epstein

## TABLE OF CONTENTS

TABLE OF AUTHORITIES...................................................................................... ii

PRELIMINARY STATEMENT ................................................................................1

ARGUMENT
    POINT I
        PLAINTIFFS' MOTION IS UNTIMELY AND IMPROPERLY FILED AS A CROSS-
        MOTION .....................................................................................................2

    POINT II
        APPLICABLE STANDARD FOR CERTIFICATION ....................................................5

    POINT III
        PLAINTIFFS' PROPOSED CLASS IS IMPROPER ......................................................6
            Plaintiffs' Inclusion of "Food Preparers" Is Improper ...................................6
            Plaintiffs' Inclusion of Stores Where Plaintiffs Did Not Work is Improper .................7

    POINT IV
        PLAINTIFFS FAILED TO ESTABLISH NUMEROSITY.............................................9

    POINT V
        PLAINTIFFS FAILED TO ESTABLISH COMMONALITY OR TYPICALITY ...........10
            Minimum Wage Claims..........................................................................10
            Overtime Claims...................................................................................13
            Spread of Hours....................................................................................15
            Kick Backs ..........................................................................................16
            Delivery Fee ........................................................................................16
            Uniform Maintenance Pay ......................................................................17
            Bicycles..............................................................................................17
            Wage Notices .......................................................................................18

    POINT VI
        PLAINTIFFS' COUNSEL IS NOT ADEQUATE TO REPRESENT THE CLASS.........18

CONCLUSION....................................................................................................23

CERTIFICATION ................................................................................................24

i

## TABLE OF AUTHORITIES

**Cases**

Bao Guo Zhang v. Shun Lee Palace Rest., Inc., 2021 WL 2414872 (S.D.N.Y. June 11, 2021)...20

Bitzko v. Weltman, Weinberg & Reis Co., LPA, 2019 WL 4602329 (N.D.N.Y. Sept. 23, 2019).3

Camara v. Kenner, 2018 WL 1596195 (S.D.N.Y. Mar. 29, 2018)..............................18

Chun Lan Guan v. Long Island Bus. Inst., Inc., 2019 WL 3807455 (E.D.N.Y. Aug. 13, 2019)..21

Consol. Rail Corp. v. Town of Hyde Park, 47 F.3d 473, 483 (2d Cir. 1995) ..............9

Cruz v. Coach Stores, Inc., 1998 WL 812045 (S.D.N.Y. Nov. 18, 1998) .....................2

D'Arpa v. Runway Towing Corp., 2013 WL 3010810 (E.D.N.Y. June 18, 2013)...............3

Davis v. Lenox Hill Hosp., 2004 WL 1926016 (S.D.N.Y. Aug. 31, 2004).....................2

Eng-Hatcher v. Sprint Nextel Corp., 2009 WL 7311383 (S.D.N.Y. Nov. 13, 2009).............7

Exelis, Inc. v. SRC, Inc., 2013 WL 5464706 (N.D.N.Y. Sep. 30, 2013) ......................4

Fainbrun v. Southwest Credit Sys., L.P., 246 F.R.D. 128 (E.D.N.Y. 2007)..................3

Gen. Tel. Co. of Sw v. Falcon, 457 U.S. 147 (1982)........................................6

Guangqing Lin v. Teng Fei Rest. Grp. Inc., 2020 WL 264407 (S.D.N.Y. Jan. 17, 2020) ...........21

Hayes v. New York City Dep't of Corr., 84 F.3d 614 (2d Cir. 1996) ........................12

Hernandez v. Fresh Diet, Inc., 2014 WL 5039431 (S.D.N.Y. Sept. 29, 2014)...............3

Ji Li v. New Ichiro Sushi, Inc 2020 WL 2094095 (S.D.N.Y. Apr. 30, 2020)................21

Jianjun Chen v. WMK 89th St. LLC, 2020 WL 2571010 (S.D.N.Y. May 20, 2020) .............21

Jianshe Guo v. A Canaan Sushi Inc., 2019 WL 1507900 (S.D.N.Y. Apr. 5, 2019)............21

Jin v. Shanghai Original, Inc., 990 F.3d 251 (2d Cir. 2021) ...............................20

Jing Fang Luo v. Panarium Kissenna, Inc., 2021 WL 1259621 (E.D.N.Y. Apr. 6, 2021) .............2

Junjiang Ji v. Jling Inc., 2019 WL 1441130 (E.D.N.Y. Mar. 31, 2019)......................21

Kapiti v. Kelly, 2008 WL 3874310 (S.D.N.Y. Aug. 18, 2008).................................2

Lin v. Quality Woods, Inc., 17-cv-3043(DLI)(SJB) (EDNY, August 10, 2021).................22

Lundquist v. Sec. Pac. Auto. Fin. Servs. Corp., 993 F.2d 11 (2d Cir. 1993)................7

Luo v. Panarium Kissena Inc., 2020 WL 9456895 (E.D.N.Y. Sept. 16, 2020) .................2

Marisol A. v. Giuliani, 126 F.3d 372 (2d Cir.1997)......................................5, 10

Mendez v. U.S. Nonwovens Corp., 312 F.R.D. 81 (E.D.N.Y. 2014)..........................10

Myers v. Hertz Corp., 624 F.3d 537 (2d Cir. 2010) ........................................6

Panora v. Deenora Corp, 2021 WL 736414 (E.D.N.Y. Feb. 25, 2021)........................21

Peng Bai v. Fu Xing Zhuo, 2014 WL 5475395 (E.D.N.Y. 2014)..............................21

Rea v. Just Salad, 15-cv-10183(JGK)...................................................19

Rodpracha v. Pongsri Thai Rest. Corp., 2021 WL 1733515 (S.D.N.Y. Mar. 22, 2021) .............19

Shi Ming Chen v. A Taste of Mao, Inc., 2021 WL 3727093 (S.D.N.Y. Aug. 20, 2021) .............20

Shi Ming Chen v. Hunan Manor Enter., Inc., 2021 WL 2282642 (S.D.N.Y. June 4, 2021) ........20

Shiqiu Chen v. H.B. Rest. Grp., Inc., 2020 WL 115279 (S.D.N.Y. Jan. 9, 2020) .......................21

Sterling v. Envtl. Control Bd. of City of New York, 793 F.2d 52 (2d Cir.1986)..........................2

Vu v. Diversified Collection Servs., Inc., 293 F.R.D. 343 (E.D.N.Y. 2013)................................3

Wal-Mart Stores Inc. v. Dukes, 564 U.S. 338 (2011)......................................................5

Yi Mei Ke v. J R Sushi 2 Inc., 2021 WL 965037 (S.D.N.Y. Mar. 15, 2021) .............................20

Zhang v. Sabrina USA, Inc., 2019 WL 6724351 (S.D.N.Y. Dec. 10, 2019) ..............................21

**<u>Statutes</u>**

§ 195......................................................................................................................... 10, 18
§ 216(b) .......................................................................................................................4
22 NYCRR § 146-2.9...............................................................................................11

**<u>PRELIMINARY STATEMENT</u>**

Defendants submit this memorandum of law in opposition to plaintiffs' motion for Rule 23 class certification.  Simply stated, plaintiffs' motion is untimely and relies entirely on allegations disproven by the documentary evidence.  Thus, plaintiffs has not established the Rule 23 factors by a preponderance of the evidence, and the motion should be denied.  Further, plaintiffs' request to certify a class of delivery persons <u>and</u> food preparers is absurd as plaintiffs have admitted that "the crux of this case is whether Defendants were entitled to tip credits," and Defendants did not take a tip credit for food preparers. Moreover, even if this Court were to accept the plaintiffs' contradictory testimony and affidavits, the allegations made by the plaintiffs themselves demonstrate that there was no global policy or practice to underpay the delivery persons.  For the reasons set forth below, these plaintiffs' motion should be denied in its entirety.

<u>**ARGUMENT**</u>

<u>**POINT I**</u>

<u>**PLAINTIFFS' MOTION IS UNTIMELY AND IMPROPERLY FILED AS A CROSS-MOTION**</u>

It is well-settled that "a party's failure to move for class certification until a late date is a valid reason for denial of such a motion." <u>Sterling v. Envtl. Control Bd. of City of New York</u>, 793 F.2d 52, 58 (2d Cir.1986).  Rule 23 provides that a court must determine whether to certify a class "at an early practicable time."  As such, plaintiffs' filing of this motion more than three (3) years after commencement of the litigation; a year after document discovery was completed; and nearly four (4) months after fact discovery was completed is untimely.

Courts in this Circuit have consistently held that delays in filing the motion for certification causes prejudice to defendants, mandating denial of the motion. <u>Kapiti v. Kelly</u>, 2008 WL 3874310, at *3 (S.D.N.Y. Aug. 18, 2008)[Denying as untimely motion that was filed one (1) year after commencement of the litigation, prior to the close of discovery); <u>Davis v. Lenox Hill Hosp.</u>, 2004 WL 1926086, at *3-4 (S.D.N.Y. Aug. 31, 2004); <u>Cruz v. Coach Stores, Inc.</u>, 1998 WL 812045, at *1 (S.D.N.Y. Nov. 18, 1998).

Moreover, counsel for plaintiffs has been put on notice of the need to move for certification at an early date.  Judge Kuntz recently denied plaintiffs' counsel's motion to certify a class where the motion was made after the close of discovery. <u>Jing Fang Luo v. Panarium Kissenna, Inc.</u>, 2021 WL 1259621, at *3 (E.D.N.Y. Apr. 6, 2021). Similarly, Magistrate Tiscione denied counsel's motion for certification that was filed after the close of discovery. <u>Luo v. Panarium Kissena Inc.</u>, 2020 WL 9456895, at *6 (E.D.N.Y. Sept. 16, 2020).

The cases cited by plaintiffs in their August 11, 2021 letter do not support plaintiffs' argument.  In just one (1) case did the court grant a motion for certification that was filed after the

defendants' summary judgment motion. Bitzko v. Weltman, Weinberg & Reis Co., LPA, 2019 WL 4602329 (N.D.N.Y. Sept. 23, 2019). However, in that Northern District case, the defendants requested that the court stay determination of the class motion until after the summary judgment motion was decided. Id. at *11. While the court granted the defendants' request, it noted that a "decision on the merits should not ordinarily occur before or simultaneous with a decision on class certification." Id. As such, Bitzko does not support plaintiffs' assertion that their motion for certification was timely.

The other cases cited by plaintiffs likewise do not support their position. See Hernandez v. Fresh Diet, Inc., 2014 WL 5039431, at *1 (S.D.N.Y. Sept. 29, 2014)[certification was denied on the merits without reaching timeliness issue]; Vu v. Diversified Collection Servs., Inc., 293 F.R.D. 343, 350 (E.D.N.Y. 2013)[Plaintiffs moved for certification after discovery, but before defendants' motion for summary judgment pursuant to an agreed upon briefing schedule]; D'Arpa v. Runway Towing Corp., 2013 WL 3010810, at *1 (E.D.N.Y. June 18, 2013)[Plaintiffs moved for certification prior to defendants' motion for summary judgment]; Fainbrun v. Southwest Credit Sys., L.P., 246 F.R.D. 128 (E.D.N.Y. 2007)[Plaintiffs moved for certification prior to defendants' motion for summary judgment].

Moreover, in order to obfuscate the lateness of the filing, plaintiffs have completely misstated the procedural history of the instant lawsuit, as well as the Court's prior decision. Plaintiffs argue that

> Here, where Plaintiffs sought both to notify a collective of employees of their right to opt into this matter pursuant to Section 216(b) of the FLSA, and to certify a class, the Court decided to hear both motions only after all discovery with respect to the named plaintiffs had been taken. This class motion naturally followed the collective motion and opt-in period, as if any employee had opted in, there would have been additional discovery available with respect to them that could have impacted this class motion. In the event, no employee opted in, but that does not diminish the validity of the initial concern.

3

Plaintiffs' Memorandum at p. 23.

Amazingly, every word of what plaintiffs just said was wrong.  Plaintiffs did <u>not</u> previously seek to certify a class in this matter.  Rather, plaintiffs moved for conditional certification under § 216(b). ECF 57.   Notably, not plaintiffs' prior notice of motion; attorney declaration; or memorandum of law requested Rule 23 certification. ECF 57, 58, 59.  Moreover, the Court did not decide to hear plaintiffs' motion only after all discovery had been taken.  Instead, the Court clearly DENIED plaintiffs' 216(b) motion. ECF 75 [emphasis in original].  That the denial was without prejudice does not mean that the Court decided to hear the class motion at a later date.  Further, the instant application did <u>not</u> follow any collective motion and opt-in period.  Plaintiffs' motion for conditional certification was denied; as such, there was no opt-in period, and thus no reason to delay the Rule 23 motion.

Likewise, plaintiffs' improper filing of the instant application as a cross-motion is yet another attempt to disguise the lateness of the filing.  A cross-motion "seek[s] relief that competes with the relief sought in" the original motion. <u>Exelis, Inc. v. SRC, Inc.</u>, 2013 WL 5464706 (N.D.N.Y. Sep. 30, 2013).  Here, Defendants sought to dismiss the claims as against the named plaintiffs, whereas the "cross-motion" does not seek <u>any</u> relief related to the named plaintiffs. Instead, the "cross-motion" relates entirely to whether <u>other</u> individuals should be joined to the action pursuant to Rule 23. Moreover, the Court held a telephone conference on May 27th to discuss the scheduling of post-discovery motions, and plaintiffs made no mention of their intention to move for class certification.

Indeed, not only is the relief sought in the purported "cross-motion" completely unrelated to the underlying motion, plaintiffs failed to even file the moving papers within the time allotted to oppose the summary judgment motion.  Plaintiffs' opposition to the motion was initially due on

4

July 26th. ECF 126.  Plaintiffs requested an extension of time to file their opposition, to which Defendants consented. ECF 136.  The Court granted plaintiffs' request. ECF 137.  On July 28th, plaintiffs requested a second extension to which Defendants consented. ECF 138.  The Court granted the request, extending plaintiffs' time to respond to August 6th. ECF 139. Notably, plaintiffs did not include any reference to a cross-motion in either request.

Plaintiffs filed their opposition on August 6th, consisting of a declaration and a memorandum of law.  Two (2) days later, on Sunday, August 8th, plaintiffs filed the instant request for certification.  Thus, even if the instant application was a proper cross-motion, it would still be untimely.

Additionally, the "cross-motion" relies on an entirely separate brief and declaration.  In other words, the so-called cross-motion is completely unrelated to plaintiffs' opposition in terms of the relief requested, contents, and time of filing, and is styled such solely to obscure the untimeliness.

As the certification motion is untimely, it should be denied.

## POINT II

## APPLICABLE STANDARD FOR CERTIFICATION

Plaintiffs' statement that the truth of the factual allegations in the complaint are to be assumed as true for a Rule 23 certification motion is completely without merit, and in fact contrary to well-established law. Plaintiffs' Brief at p. 9. Plaintiffs cite to Marisol A. v. Giuliani, 126 F.3d 373, 377 (2d Cir. 1997); however, that case makes no such statement.

It is well-established that Rule 23 certification requires more than "a mere pleading standard." Wal-Mart Stores Inc. v. Dukes, 564 U.S. 338, 350 (2011).  The court must probe behind the pleadings in answering the certification question.  Id.  The party seeking class certification

bears the burden of establishing Rule 23's requirements "by a preponderance of the evidence." Myers v. Hertz Corp., 624 F.3d 537, 547 (2d Cir. 2010).  The class may only be certified "after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." Gen. Tel. Co. of Sw v. Falcon, 457 U.S. 147, 161 (1982).

At bar, after extensive discovery has been completed, thus there is no basis to assume the facts in the complaint are true, as asserted by plaintiffs.  The documentary evidence including payroll records, personnel files, and deposition testimony must all be considered in evaluating the motion by plaintiffs for class certification under the "rigorous analysis" required.  Id.  It is the plaintiffs' burden to establish that they have met the requirements of Rule 23, which plaintiffs have clearly failed to do.

## POINT III

## PLAINTIFFS' PROPOSED CLASS IS IMPROPER

### Plaintiffs' Inclusion of "Food Preparers" Is Improper

Plaintiffs' attempt to certify a class consisting of "all deliverymen and food preparers" completely lacks merit.  As an initial matter, the complaint in this matter makes no reference to "food preparers", nor did the parties conduct any discovery regarding food preparers. Plaintiffs' stated basis for this class is that each named plaintiff was "formerly employed by Just Salad as a deliveryman or food preparers."  In reality, each plaintiff was formerly employed as a delivery person, and not one of the plaintiffs even alleges that they were employed as a food preparer.[1] See, Plaintiffs' Exhibits 45-58.

Plaintiffs' memorandum does not even attempt to explain why food preparers would be an appropriate class as the claims plaintiffs are asserting do not even make logical sense for food

---

[1] The Court may recall that a separate state court case, filed shortly before the instant action, sought to certify a class of all hourly employees. Counsel in that matter realized it was improper prior to moving for certification.

preparers.  Plaintiffs allege that they were not paid minimum wage because Defendants were not entitled to the tip credit, Defendants improperly calculated the overtime wage due to the tip credit, that Defendants illegally retained tips, and that Just Salad should have reimbursed for bicycle maintenance.  However, none of those allegations even apply to the food preparers who did not receive tips or a tip credit and did not need bicycles to perform their jobs.

Plaintiffs do not include any evidence, testimonial or otherwise, that any food preparer has any claim against Defendants, let alone claims that are related to the claims at bar. Plaintiffs' failure to define an appropriate class warrants denial of the motion. Lundquist v. Sec. Pac. Auto. Fin. Servs. Corp., 993 F.2d 11, 15 (2d Cir. 1993).

**Plaintiffs' Inclusion of Stores Where Plaintiffs Did Not Work is Improper**

Plaintiffs allege that they worked at twelve (12) Just Salad locations.  Plaintiffs have not provided any evidence, documentary or testimonial, that any employee at any other store has any claim against Just Salad.  Nonetheless, plaintiffs have sued, and seek to certify a class of employees from, "all of the Just Salad stores." Declaration of Troy at ¶ 10.  Incredibly, this would include employees at stores in other states, and even other countries, despite ALL of the class claims relating to alleged violations of New York law. Troy Declaration at ¶¶ 9, 12.   Clearly, plaintiffs' attempt to include employees not subject to New York law in the class is frivolous.

Moreover, employees from locations where the named plaintiffs did not work can only be properly included in a class if the plaintiffs provide evidence that the employees were victims of a common policy. Eng-Hatcher v. Sprint Nextel Corp., 2009 WL 7311383, at *6 (S.D.N.Y. Nov. 13, 2009). In Eng, plaintiffs were hourly employees of Sprint stores that alleged they were not properly compensated for overtime. Id. at *5.  Plaintiffs sought to certify a Rule 23 class in an overtime case consisting of all hourly employees at New York locations. Id. at *6.  The court denied the

motion, holding that plaintiffs had failed to provide any evidence of a uniform policy regarding overtime across all stores. Id.

The instant request must be denied for the same reason.  There is simply no evidence of a uniform policy that would apply to all Just Salad locations; rather it was dependent on individual stores who each had distinct managers.  ECF 133-1 at p. 20.  Indeed, plaintiffs' own testimony clearly establishes that there were different policies regarding their rates of pay and hours at each location.  In this regard, plaintiff Ortiz testified that he was paid at a higher rate when he performed non-tipped work. ECF 133-2 at p. 61.  Likewise, Mullo's affidavit alleges that he was required to perform non-tipped work at 600 Third Avenue, but not while he worked at 134 37th Street. Ex. 49 at ¶ 6.  Thus, plaintiffs' own testimony and affidavits establishes that there was no policy across all Just Salad stores of requiring deliverymen to perform non-tipped work while taking advantage of the tip credit.

Indeed, the evidence is clear that it was the policy of Just Salad to notify employees of the tip credit, and to ensure that tipped employees did not spend more than 20% of their time performing non-tipped work.  In this regard, not only did Ms. Abrams testify that she informed each employee about the tip credit, but notification was actually included in the handbook and on the employees' pay stubs. ECF 133-1 at p. 51-52, 70. Moreover, Ms. Abrams sent separate emails to all managers and all delivery persons to ensure that no delivery persons were being asked to perform non-tipped work. ECF 67.

As plaintiffs have failed to provide any evidence to support their allegations regarding the proposed class, plaintiffs' motion must be denied.

<u>**POINT IV**</u>

**PLAINTIFFS FAILED TO ESTABLISH NUMEROSITY**

Plaintiffs' motion asserts a class of 1,200 putative members, but fails to actually provide any evidence to support such a claim. Plaintiffs allege that "there are around 60 employees at each of Just Salad store." Declaration of John Troy at ¶ 10. In support of this statement, plaintiffs note that one store had more than 60 employees. Troy Declaration at ¶ 10. Of course, they claim cite to a payroll report spanning <u>6 years</u>. See Ex. 24. Needless to say, each store does not have close to 60 employees.

However, the list of all employees extends beyond the proposed class, even accounting for plaintiffs' frivolous class definition. Indeed, the records relied on by plaintiffs include dishwashers, managers, trainees and trainers, and many other employees outside the purported class. As such, plaintiffs have not provided any evidence that the numerosity requirement is satisfied.

Moreover, as argued above, it is clear that plaintiffs' proposed class is drastically overbroad, specifically to try and avoid the numerosity requirement. The named plaintiffs are all delivery persons that worked at twelve (12) Just Salad locations at most -- some for brief periods. The testimony of the plaintiffs established that each store would typically have 2-4 delivery persons. ECF133-2 at p.39; ECF 133-4 at p. 26; ECF 133-6 at p. 20. Thus, a class of delivery persons in those Just Salad locations would include 24-48 members at most. Moreover, several of those members have already brought forth claims in previous litigation brought by these same attorneys, and thus the 24-48 number is probably half that -- at best.

Typically, numerosity can be satisfied by a showing of forty (40) or more members. <u>Consol. Rail Corp. v. Town of Hyde Park</u>, 47 F.3d 473, 483 (2d Cir. 1995). Plaintiffs clearly

cannot meet this threshold.

<u>POINT V</u>

**<u>PLAINTIFFS FAILED TO ESTABLISH COMMONALITY OR TYPICALITY</u>**

The requirements of commonality and typicality are routinely analyzed together by courts. <u>Marisol A. v. Giuliani</u>, 126 F.3d 372, 376 (2d Cir.1997). The ultimate inquiry is whether the proposed class members were "were subject to a common illegal policy." <u>Mendez v. U.S. Nonwovens Corp.</u>, 312 F.R.D. 81, 106 (E.D.N.Y. 2014). Here, the testimony and affidavits of the named plaintiffs conclusively demonstrate that there was no common policy to which the plaintiffs were subjected, as this Court has already found. ECF 77. As such, certification is not appropriate.

**A. Minimum Wage Claims**

Plaintiffs allege, without evidence, that defendants took tip credits to which they were not entitled. Plaintiffs allege this occurred by failing to provide notifications about the tip credit and/or requiring plaintiffs to perform non-tipped work for at least 20% of their workday. This claim is disproven by the documentary evidence, and, even without the evidence, the claims of the individual plaintiffs vary so widely as to make clear that there was no common policy.

The documentary evidence demonstrates that the plaintiffs were notified <u>repeatedly</u> that Just Salad was taking a tip credit--Rachel Abrams personally informed the plaintiffs, they signed § 195 notices and tip credit notices, the tip credit was disclosed in the handbook, and was specifically identified on the plaintiffs' pay stubs. ECF 67; ECF 133-49; ECF 133-50; ECF 133-54; ECF 133-55.

Moreover, the claims of the plaintiffs themselves mandate denial of certification. The testimony and affidavits of the plaintiffs do not just differ as to the rate of pay or the hours that the plaintiffs worked, but rather the very nature of each claim is different. For example, some plaintiffs

10

claim that they were never told about the tip credit (Ex. 45 at ¶ 41; Ex. 50 at ¶ 13); some plaintiffs admit that they signed tip credit notifications (ECF 133-14 at p. 88; ECF 133-6 at p. 48; ECF 133-15 at pp. 98-100); and some plaintiffs claim that they signed forms but that the forms were blank[2]. Rosas testified that he saw other delivery persons receive and sign the tip credit notification. ECF 133-3 at p. 101. Thus, even if the plaintiffs' wild accusations are credited, there was no policy not to provide tip credit notifications to the plaintiffs and thus class certification is inappropriate.

The record regarding the non-tipped work is just as varied. In this regard, not all plaintiffs testified that they performed non-tipped work for more than 20% of their time. The plaintiffs all worked a different number of hours, and alleged that they performed different side work. In fact, the only thing that was consistent between the plaintiffs' allegations is just how unbelievable they are.

As an initial matter, Galeana, Baten, Ramirez, Flores, Sanchez, and Abad all admitted during depositions or in their affidavits that they did <u>not</u> spend more than twenty percent of their time on non-tipped work. Exs. 48, 50, 51, 53, 54, 58. For example, contrary to plaintiffs' argument, Baten stated in his affidavit that he spent one (1) hour out of a five (5) hour shift performing non-tipped work. Ex. 50 at ¶¶ 6, 10. As the regulations allow employers to take the tip credit if the employees work twenty percent (20%) or less of their time performing non-tipped work, defendants were entitled to take the tip credit. 22 NYCRR § 146-2.9.

Likewise, plaintiffs' brief argues that Abad testified that he worked more than 20% of his time performing non-tipped work; however, this is completely contrary to what Abad actually

---

[2] The testimony regarding allegedly blank forms is, quite simply, not believable. For example, Guittierez testified that he had never seen the document, and then when he noticed his signature, changed his testimony to state that the document was blank when he signed it. ECF 133-16 at p. 51. Likewise, when questioned by defense counsel, plaintiff Abarca testified that he did not know if he had seen the documents before the deposition. ECF 133-6 at pp. 46-47. After a break, plaintiffs' counsel questioned Abarca who suddenly remembered not only that he signed the document, but that it was a blank document, and how much time he was given to review the document. ECF 133-6 at pp. 52-53.

testified.  Abad testified that, prior to making deliveries, he stocked two (2) refrigerators which would take forty (40) minutes, after which he spent his time making deliveries. ECF 133-10 at pp. 20-21.  Abad testified that he would mop the floors during the day, which would take an hour, but that he would also be doing deliveries during this time. ECF 133-10 at pp. 21-22.  Abad also testified that he worked a ten (10) hour shift during this period. ECF 133-10 at pp. 17-18.  Thus, Abad testified that he spent less than twenty percent (20%) of his time performing non-tipped work.

Similarly, Galeana testified that while working morning shifts, he only made deliveries and brought boxes to other stores, which happened less than once per day. ECF 133-5 at pp. 30-31. Galeana testified that bringing boxes took between 15 and 40 minutes, and that he worked a 3.5 hour shift those days. ECF 133-5 at pp. 25, 31.  Thus, pursuant to his testimony, Galeana spent, at most, 19% of his time on non-tipped work during that period.[3]

Likewise, plaintiffs admit that Ramirez was paid at two (2) different rates depending on whether he was performing tipped or non-tipped work.  Plaintiffs' brief at p. 6.  Similarly, Ortiz was paid at two (2) different rates depending on whether he was performing tipped or non-tipped work.

Moreover, even some of the plaintiffs that allege that they performed non-tipped work specifically allege that other plaintiffs did not.  For example, Montes not only testified that he somehow performed five to six (5-6) hours of non-tipped work in a four to five (4-5) hour shift -- while simultaneously making deliveries (ECF 133-9 at pp. 33-37), he also testified that other delivery persons did less non-tipped work than he did. ECF 133-9 at pp. 36-37.  Thus, pursuant to

---

[3] Thus, Galeana's affidavit, stating that he spent 1/3 of his time performing non-tipped work during this period must be disregarded as it is contrary to his deposition testimony. Hayes v. New York City Dep't of Corr., 84 F.3d 614, 619 (2d Cir. 1996).

Montes's testimony, other delivery persons <u>at the same store at the same time</u> spent considerably less time performing non-tipped work than he did.

Further, Montes testified that when he worked at Third Avenue he was required to clean during the day, but that when he worked at First Avenue he was not required to clean. ECF 133-9 at p. 51. Thus, Montes's testimony establishes that there was no policy to have delivery persons perform non-tipped work for more than 20% of their time.

Moreover, the <u>only</u> evidence of a policy from Just Salad disproves plaintiffs' allegations. Ms. Abrams sent emails to every delivery person and every store manager specifically stating that it was the policy <u>not</u> to have tipped workers perform non-tipped work for more than 10 percent (10%) of their time. ECF 67.

As plaintiffs cannot establish a policy of paying below the minimum wage, class certification must be denied.

**Overtime Claims**

Plaintiffs' argument that a class is appropriate for the overtime claims likewise fails. Plaintiffs state, without any citation to the evidence, that the overtime rates were improper because of the tip credits. Plaintiffs' brief at pp. 12-13. Incorporating the tip credit does not mean that plaintiffs were not paid minimum wage—the records are clear that defendants paid the plaintiffs the greater of 1.5x their wages or 1.5x the minimum wage less the tip credit for all overtime work.

Moreover, the record is also clear that the vast majority of plaintiffs did <u>not</u> work more than forty (40) hours in a week. Plaintiffs de la Cruz Rosas, Fernandez, Ramierez, Baten, Galeana, Carranza, Flores, Montes, Sanchez admitted in their affidavits that they worked forty (40) hours or fewer each week. Plaintiffs' Exs. 46, 47, 50, 51, 54, 55, 57. Thus, nine (9) out of the fifteen (15) plaintiffs to submit an affidavit admit that they were not entitled to overtime pay.

Further, the remaining plaintiffs have vastly different claims.  Plaintiffs allege that Ortiz, Cruz, and Pereda were paid for overtime at an incorrect rate. Plaintiffs' Brief at p. 6.  These allegations are simply false, as the very documents identified by plaintiffs demonstrate that they were paid properly. Ortiz during this period was paid <u>more</u> than the minimum wage, even without the tip credit.  As such, he was properly paid for overtime at a rate of 1.5x his base wages.  Cruz was paid at a rate of $7.00 per hour in 2013, and an overtime rate of $10.63.  ECF 133-40. The minimum wage in 2013 was $7.25 and the tip credit was $1.60; thus the minimum wage for overtime was $9.25. ECF 133-40.   As such, Cruz's overtime rate of $10.63 was more than the minimum wage, and more than 1.5x his salary. ECF 133-40.

Moreover, plaintiffs allege that Pereda was not paid properly for overtime during a brief four (4) month period in 2014, thereby admitting that he was properly compensated for overtime the remainder of the time and demonstrating why class certification would be improper.

Lema presents an entirely different scenario.  Lema alleges that he was not paid for overtime when he worked more than forty (40) hours at two stores combined in 2016. Plaintiffs' Brief at p. 6. However, Lema specifically stated in his affidavit that he did <u>not</u> work overtime during this period. Ex. 56 at ¶ 9. Thus, either plaintiffs' counsel made a claim they know to be false in their brief, or they submitted an affidavit knowing it contained falsehoods. Lema's affidavit was also executed by plaintiff <u>Ortiz</u>, so both Lema's and Ortiz's claims must be treated as highly suspicious. Ex. 56 at p. 5.

Plaintiffs allege that Ramirez was paid at an improper rate because he was paid at two separate rates (for tipped and non-tipped work) and that he did not receive any overtime compensation. Plaintiffs' brief at p. 6. However, Ramirez was paid overtime in addition to the two base rates. See, e.g., Ex. 11 at Bates No.: DEF13188.

Thus, not only are the plaintiffs' claims disproven by the documentary evidence, but even if credited, the allegations mandate denial of certification.  If we believe the plaintiffs rather than the documentary evidence, most did not work overtime, and those that did work overtime were either paid properly or allege that the overtime payments were calculated improperly, or allege that they were not paid properly for working in multiple stores, or claim that they were not paid properly for working multiple jobs in the same store.  Simply stated, plaintiffs cannot point to a common policy regarding overtime.  Indeed, the plaintiffs' own allegations demonstrate that the policy was to pay proper wages, with certain <u>individuals</u> (falsely) alleging that their particular pay was not calculated properly.

**Spread of Hours**

Plaintiffs allege that four (4) plaintiffs were not properly paid for spread of hours, without any evidence. Plaintiffs' Brief at p. 5.  As an initial matter, this is not true. For example, Ortiz's spread of hours pay was included in his paychecks each week that he worked over forty (40) hours. During the week of June 6th through 12th, 2016, Ortiz worked 38.20 hours, and worked a shift of more than ten (10) hours on two (2) of those days. Plaintiffs' Ex. 25 at Bates No.: 8732-8746.  His paycheck included 40.42 hours representing the hours worked, plus 2.22 hours representing the spread of hours pay. Plaintiff's Ex. 41 at p. 52. The following week, Mr. Ortiz worked 38.53 hours, including one (1) day of more than ten (10) hours, and was paid for 39.64 hours. Plaintiffs' Exs. 25 at Bates No.: 8732-8746; 41 at p. 53.   The week of June 20th through June 26th, 2016, Ortiz worked 38.67 hours, including three (3) days of more than ten (10) hours, and was paid for 42 hours. Plaintiffs' Exs. 25 at Bates No.: 8732-8746; 41 at p. 54.   In other words, every time that Mr. Ortiz worked more than ten (10) hours in a day, he was paid for an extra 1.11 hours at his rate of $8.12, or $9.00 per hour, the minimum wage without the tip credit.

Similarly, the record is clear that Pereda was properly paid for spread of hours pay. See, e.g., Ex. 38 at p. 19.  So, too, Galeana and Flores were paid spread of hours pay. ECF 133-36, 133-55.  Lema, on the other hand, alleges that he worked more than ten (10) hours per day in 2014, but also alleges that he began work in 2015, so his allegation cannot be credited. Ex. 56 at ¶¶ 3, 6.

Thus, the evidence disproves plaintiffs' claims.  Moreover, even if plaintiffs' claims were credited, only four (4) of sixteen (16) plaintiffs allege they were not paid for spread of hours, thus proving that certification would be inappropriate.

**Kick Backs**

Plaintiffs allege that three (3) employees suffered three (3) entirely different issues, while offering no proof to support any of the allegations.  Plaintiffs allege that Cruz was required to work when clocked out, Galeana was forced to cover for unpaid orders, and Carranza had tips taken by managers. Plaintiffs' brief at pp. 4-5.  However, even if these unfounded allegations were true, plaintiffs have not alleged a common policy that would affect all class members, and thus certification must be denied.

**Delivery Fee**

Plaintiffs allege that Just Salad[4] instituted a delivery fee in 2017, and that, for some, their tips decreased after that. Plaintiffs' Brief at p. 5.  However, a delivery fee is not a tip, specifically here where there was a disclaimer on the website specifically stating that the delivery fee was not a tip. ECF 133-52.  As such, plaintiffs have no claim for the delivery fee, let alone an argument for certification.

Moreover, only eight (8) of the plaintiffs: Rosas, Fernandez, Ramirez, Mullo, Galeana, Abarca, Flores and Abad, worked when the delivery fee went into effect.  Plaintiffs allege four (4)

---

[4]  In actuality, the fees were not instituted by defendants - but the online delivery companies; and did not go to defendants.  ECF 133-1 at pp. 127-128.

of those plaintiffs earned less in tips after the institution of the delivery fee, which means the remaining four (4) plaintiffs did <u>not</u> earn less after the delivery fee went into effect.  Thus, even if it was sufficient for plaintiffs to allege that their tips had lessened after the delivery fee went into effect, certification would still not be appropriate.

Moreover, plaintiffs' argument is not only legally insufficient, but it is directly contradicted by the evidence. For example, plaintiffs state that Fernandez's tips decreased after the delivery fee went into effect on September 4, 2017. Plaintiffs' Brief at p. 5. However, the week prior to the delivery fee going into effect, Fernandez earned $11.52 per hour in tips.  ECF 133-45.  The following weeks, Fernandez earned $12.38, $12.87, and $11.69 per hour in tips. ECF 133-45.

Likewise, plaintiffs allege that Yuquilema earned less in tips after the delivery fee was instituted, but the records demonstrate that the week prior to the fee he made $11.71 in tips, but the next three (3) weeks he earned $13.86, $14.16, and $12.39 per hour in tips. ECF 133-43.

Given that plaintiffs were not entitled to any part of the delivery fee, and the record is clear that the customers did <u>not</u> consider the delivery fee a tip, certification would be inappropriate.

**Uniform Maintenance Pay**

Plaintiffs' argue that they were not given a sufficient number of uniforms; however, the wash and wear exception applies and therefore uniform maintenance pay is not required. Moreover, the allegations of the plaintiffs differed, with certain plaintiffs alleging they started with as many as twenty (20) shirts.  ECF 133-9 at pp. 62-63.  As such, certification would be inappropriate.

**Bicycles**

Plaintiffs allege, without <u>any</u> evidence, that they should not have been required to pay to maintain their delivery vehicles because it would have pushed their wages below the minimum

wage.  However, this Court has already noted that such a claim cannot stand without proof as to each plaintiff. Camara v. Kenner, 2018 WL 1596195, at *14 (S.D.N.Y. Mar. 29, 2018).  As the validity of each class member's claim would depend on their own proof as to expenses and whether their incurred expenses brought their wages below the minimum wage, certification is not appropriate. Moreover, plaintiffs' argument that there was "an implied agreement for Defendants to reimburse Plaintiffs for vehicle repairs" is absurd. Plaintiffs' Brief at p. 17. Every plaintiff testified that they did not believe they would be reimbursed for bicycle costs as it was a basic requirement of their job.

**Wage Notices**

Plaintiffs' allegations with regard to the wage notices vary wildly.  Some plaintiffs allege they did not receive forms; some plaintiffs allege they received forms but only in English; some plaintiffs allege that they received the forms in English and Spanish but with information missing; some plaintiffs allege that information on the forms was incorrect, and many plaintiffs do not deny that they were provided proper notices. Plaintiffs' Brief at pp. 3-4.  As such, plaintiffs have not alleged that defendants had a common policy of not providing wage notices -- particularly when so many received proper §195 forms -- and class certification would be inappropriate.

**POINT VI**

**PLAINTIFFS' COUNSEL IS NOT ADEQUATE TO REPRESENT THE CLASS**

Simply stated, there have been numerous questions raised regarding counsel's veracity and competence as class counsel not only during this litigation, but in numerous other cases.  As such, counsel is not adequate and the motion for certification must be denied.

Counsel's truthfulness has been called into question numerous times during this litigation. For example, eight (8) of the fourteen (14) plaintiffs who submitted an affidavit in support of

18

plaintiffs' motion for conditional certification and attended a deposition testified that the affidavit contained incorrect information. See, ECF 133-2 at pp. 64-65; ECF 133-4 at pp. 53-56; ECF 133-5 at pp. 63-64; ECF 133-7 at pp. 63-68; ECF 133-8 at pp. 57-64; ECF 133-9 at pp. 74-80; ECF 133-11 at pp. 80-82; ECF 133-14 at p. 77. A ninth plaintiff, Carranza, denied even signing the affidavit that was submitted by counsel. ECF 133-13 at p. 53.

Moreover, the affidavits submitted by counsel in support of their motion for conditional certification were directly contradicted by documentary evidence counsel possessed at the time the motion was filed. Ortiz, Rosas, Carranza, Mullo, Sanchez, and, Montes all submitted affidavits stating that they were not "paid overtime pay for overtime work" despite counsel possessing pay stubs demonstrating that they were paid for overtime. ECF 58-4, 58-5, 58-10, 58-11, 58-14, 58-15. Likewise, Pereda, Galeana, and Flores submitted affidavits stating that they were not paid for spread of hours pay despite having pay stubs stating that they were paid for spread of hours pay. ECF 58-7, 58-8, 58-9.

Even the instant application was improperly filed as a cross motion and misrepresents the procedural history of the case in order to obfuscate counsel's failure to make a timely application for relief. See, Point I, supra.

Unfortunately, counsel's adequacy has not just been brought into question during the instant litigation.   As this Court may recall, plaintiffs were unable to move for certification in the Rea case because counsel missed the deadline. Rea v. Just Salad, 15-cv-10183(JGK), ECF 38. Other judges have taken notice of counsel's behavior, and courts refusing to certify classes with Troy Law as class counsel has become the norm.

Recently, Judge Freeman refused to certify a class because of the inadequacy of counsel. Rodpracha v. Pongsri Thai Rest. Corp., 2021 WL 1733515, at *1 (S.D.N.Y. Mar. 22, 2021). The

court "[took] issue with some of the representations made by Schweitzer in his recounting of the procedural history of this case, or with the way he has tried to 'spin' that history." Id. at *1. The court further noted that counsel's submissions to the court contained "errors of both fact and law, combined with inconsistences." Id. at *2. Finally, the court noted that it "shares the broader concern that has been expressed by other judges, in this district and elsewhere, that, regardless of its professed level of experience in wage-and-hour cases, Troy Law has shown a tendency towards prejudicial neglect of its clients' interests." Id. Judge Freeman made clear that the reason for denial of certification was counsel's inadequacy, noting that she would entertain a certification motion from alternate counsel. Id. at *3.

Judge Freeman is not alone. The Second Circuit recently upheld the drastic remedy of decertification of a class specifically because counsel was no longer "fairly and adequately represent[ing] the interests of the class." Jin v. Shanghai Original, Inc., 990 F.3d 251, 263 (2d Cir. 2021). So, too, Judge Gorenstein found recently that Troy Law was not adequate to serve as class counsel. Shi Ming Chen v. Hunan Manor Enter., Inc., 2021 WL 2282642, at *8 (S.D.N.Y. June 4, 2021), report and recommendation adopted sub nom. Shi Ming Chen v. A Taste of Mao, Inc., 2021 WL 3727093 (S.D.N.Y. Aug. 20, 2021). Judge Gorenstein found that "Troy Law's conduct in this regard represents a serious dereliction of responsibility." Id.

Recently, Judge Moses, the magistrate overseeing discovery in the instant matter, sanctioned counsel for its failure to comply with court orders. Yi Mei Ke v. J R Sushi 2 Inc., 2021 WL 965037, at *2 (S.D.N.Y. Mar. 15, 2021). Likewise, Judge Broderick recently sanctioned counsel for failure to comply with her orders and filing papers without a legal basis. Bao Guo Zhang v. Shun Lee Palace Rest., Inc., 2021 WL 2414872, at *1 (S.D.N.Y. June 11, 2021).

Incredibly, these are far from only cases where Troy Law has been sanctioned for its

conduct. See, e.g., Panora v. Deenora Corp, 2021 WL 736414, at *2 (E.D.N.Y. Feb. 25, 2021); Ji Li v. New Ichiro Sushi, Inc2020 WL 2094095, at *10 (S.D.N.Y. Apr. 30, 2020); Guangqing Lin v. Teng Fei Rest. Grp. Inc., 2020 WL 264407, at *3 (S.D.N.Y. Jan. 17, 2020); Chun Lan Guan v. Long Island Bus. Inst., Inc., 2019 WL 3807455, at *1 (E.D.N.Y. Aug. 13, 2019); Jianshe Guo v. A Canaan Sushi Inc., 2019 WL 1507900, at *4 (S.D.N.Y. Apr. 5, 2019); Junjiang Ji v. Jling Inc., 2019 WL 1441130, at *14 (E.D.N.Y. Mar. 31, 2019). In fact, Judge Woods recently had to sanction counsel on two separate occasions during the same case. Jianjun Chen v. WMK 89th St. LLC, 2020 WL 2571010, at *7 (S.D.N.Y. May 20, 2020).

Other courts have noted credibility issues with regard to affidavits submitted by counsel. For example, in Peng Bai v. Fu Xing Zhuo, 2014 WL 5475395, at *3 (E.D.N.Y. 2014), the Court denied the plaintiff's (represented by Troy Law) collective action motion, identifying discrepancies in a key affidavit. In this regard, the Court held:

> Although plaintiff's second affidavit states that Helen, Ahtang and Zheng worked for defendants until 2011, this turns out not to be so. Rather, as plaintiff's counsel acknowledged during oral argument, the Second Amended Complaint accurately alleges that each of these employees ceased working for any of the defendants in 2007. This discrepancy not only calls the reliability of plaintiff's affidavit into question, but more significantly reveals that the pay practices experienced by Helen, Ahtang and Zheng took place outside of any applicable limitations period.

Peng Bai, 2014 WL 5475395, at *3 (internal citations omitted).

Likewise, Judge Lehrburger noted that the case before him was "yet another instance in which Plaintiffs' counsel – Troy Law PLLC – has submitted conflicting sworn testimony." Shiqiu Chen v. H.B. Rest. Grp., Inc., 2020 WL 115279, at *12 (S.D.N.Y. Jan. 9, 2020).  Additionally, in Zhang v. Sabrina USA, Inc., 2019 WL 6724351, at *3 (S.D.N.Y. Dec. 10, 2019), the court noted that it was concerned "about the discrepancies regarding key facts that would be difficult to classify as a mere mistake."

Similarly, Judge Bulsara recently refused to grant a default judgment to plaintiffs represented by Troy Law, specifically because the court could not credit the submissions put forth by counsel. Judge Bulsara held that

> Over the last four years, Troy has advanced claims he knew or should have known to be meritless, made false or baseless statements to the Court, and submitted false or baseless statements made by others to the Court. The result is a dizzying array of discordant factual allegations and incompatible theories of liability, from which the Court cannot recommend the entry of a default judgment.

Lin v. Quality Woods, Inc., 17-cv-3043(DLI)(SJB) at *2 (EDNY, August 10, 2021). Judge Bulsara indicated sanctions would be forthcoming. Id. at *13.

It goes without saying that counsel did not address any of these cases, or the many others, in their moving papers or explain why this Court should find counsel adequate where so many others did not.  As such, certification must be denied.

22

## <u>CONCLUSION</u>

For all the reasons set forth above, defendants respectfully request that this Court issue an

Order denying plaintiffs' motion for class certification in its entirety.


Dated:  Mineola, New York
           September 3, 2021

                                        MIRANDA SLONE
                                        SKLARIN VERVENIOTIS LLP
                                        Attorneys for Defendants


                                        _____
                                        Michael A. Miranda
                                        Richard B. Epstein
                                        The Esposito Building
                                        240 Mineola Boulevard
                                        Mineola, New York 11501
                                        (516) 741-7676

23

## <u>CERTIFICATION</u>

I certify that this brief contains 6,872 words, exclusive of the over page, certification of compliance, table of contents, and table of authorities.

I further certify that this brief complies with the formatting requirements of Rule 2(D) of the Honorable Judge Koeltl's Individual Rules.

MIRANDA SLONE
SKLARIN VERVENIOTIS LLP
Attorneys for Defendants

_____
Michael A. Miranda
Richard B. Epstein
The Esposito Building
240 Mineola Boulevard
Mineola, New York 11501
(516) 741-7676