# TROY LAW, PLLC

ATTORNEYS / COUNSELORS AT LAW
Tel: 718 762 1324   johntroy@troypllc.com   Fax: 718 762 1342
41-25 Kissena Blvd., Suite 103, Flushing, New York 11355

August 1, 2022

*Via ECF*

Honorable John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: **Joint Letter Motion Requesting Court Approval of Settlement Agreement**
*DE LA CRUZ ROSAS et al. v JUST SALAD 600 THIRD LLC et al., 18-cv-07342*

Dear Judge Koeltl:

The Parties write jointly to report that parties have come to an agreement on settling this matter.

## I. Background

Plaintiffs DIEGO DE LA CRUZ ROSAS, ADELAIDO GALEANA, JOSE PEREDA ABARCA, RODOLFO ZEMPALTECA MONTES, ENRIQUE DOSITEO ENCALADA ABAD, LUIS JOFREE LEMA MAYANCELA, JOSE REINALDO YUQUILEMA MULLO, and FELIPE RAMIREZ were employed by Defendants JUST SALAD 600 THIRD LLC; JUST SALAD 134 37TH ST. LLC; JUST SALAD 315 PAS LLC and ; JUST SALAD 30 ROCK LLC; JUST SALAD 706 6TH AVE LLC; JUST SALAD WWP LLC; JUST SALAD 663 LEX LLC; JUST SALAD 8TH ST LLC; JUST SALAD 1471 3RD AVE LLC; JUST SALAD 1ST AVENUE LLC; JUST SALAD HUDSON SQUARE LLC; JUST SALAD 90 BROAD STREET LLC; and/or JUST SALAD 223 BROADWAY LLC, (collectively, "Defendants"),

This lawsuit was originally filed on August 14, 2018, for violations of the Fair Labor Standards Act and New York Labor Law. Plaintiffs alleged that pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid minimum wage, (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest; and/or (5) attorneys' fees and costs. Plaintiffs further alleged pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that they are entitled to recover from the Defendants: (1) unpaid minimum

wage compensation, (2) unpaid overtime compensation, (3) unpaid "spread of hours" compensation, (4) liquidated damages equal to the sum of unpaid minimum wage, unpaid overtime, unpaid "spread of hours," in the amount of twenty five percent under NYLL §§ 190 *et seq.*, §§ 650 *et seq.*, and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, (5) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (6) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (7) 9% simple prejudgment interest provided by NYLL, (8) post-judgment interest, and (9) attorney's fees and costs. Defendants deny all of Plaintiffs' claims in its entirety.

## II.     The FLSA Settlement is Fair and Reasonable

Based on the estimated total damages, the amount of One Hundred Twenty Thousand Dollars ($120,000.00) (**exclusive of Plaintiffs' of attorneys' fees, expenses, and costs now accrued**) is fair and the proposed settlement agreement should be approved.  This settlement was the result of a contested litigation and arm's-length bargaining between experienced counsels, and guidance of this Court.

In this context, we note that the litigation risks faced by the parties are substantial. Plaintiffs claimed that they were not paid at least the minimum hourly wage rate for all hours worked, and one and one half times the rate of regular hourly rate in excessing of forty hours (40) in a given workweek. If this settlement agreement does not go through, then the parties would go forward to a full trial on the merits.  Afterward, the determination of the case could be the subject of a further appeal.  The parties anticipate that further litigation would lead to increased litigation costs, use of judicial resources, and extensive delay of resolution.  In light of these factors, including the serious risks posed by further litigation, this settlement agreement is a reasonable compromise over the contested issues and the Court's approval is appropriate.  The parties believe for all of the reasons stated in this letter, the Cheeks v. Freeport Pancake House, Inc., 796 F. 3d 199, 206 (2d Cir. 2015) factors have been satisfied.

Of the Settlement Amount ($120,000.00) due to Plaintiffs:

> 01) $17,288.84 is due to DIEGO DE LA CRUZ ROSAS, representing 14.41% of the Settlement Sum of $120,000.00;
> 02) $13,333.60 is due to ADELAIDO GALEANA, representing 11.11% of the Settlement Sum of $120,000.00;

Hon. John G. Koeltl
Page 3

> 03) $23,329.22 is due to JOSE PEREDA ABARCA, representing 19.44% of the Settlement Sum of $120,000.00;
> 04) $9,107.40 is due to RODOLFO ZEMPOALTECA MONTES, representing 7.59% of the Settlement Sum of $120,000.00;
> 05) $17,306.55 is due to ENRIQUE DOSITEO ENCALADA ABAD, representing 14.42% of the Settlement Sum of $120,000.00;
> 06) $5,933.38 is due to LUIS JOFREE LEMA MAYANCELA, representing 4.94% of the Settlement Sum of $120,000.00;
> 07) $5,708.48 is due to JOSE REINALDO YUQUILEMA MULLO, representing 4.76% of the Settlement Sum of $120,000.00; and
> 08) $27,992.53 is due to FELIPE RAMIREZ, representing 23.33% of the Settlement Sum of $120,000.00.

The Plaintiffs' allocation percentage is determined as follows: By first finding the sum of compensatory damages (FLSA and NYLL) in the damages computed and one liquidated damage (NYLL) for each Plaintiff; plus Time-of-Hire and Paystub violations and any breach-of-contract out-of-pocket expenses and then finding the total for Plaintiffs; and finding the weight of each Plaintiff's compensatory and liquidated damages of this total.

The Settlement Agreement is attached hereto as Exhibit 1.

### A. Plaintiffs' Assessment

Plaintiffs' counsel evaluated Plaintiffs' potential damages by discussing with Plaintiffs in great detail the length of their employment, the nature of their work, the hours they worked, and the pay they received as compensation.

Calculations were made based on this review and the potential damages for the Plaintiffs are as follows:

Plaintiff DIEGO DE LA CRUZ ROSAS claimed that he worked forty three and thirty nine hundredth (43.39) hours on average each week from August 13, 2012 to September 10, 2017, and that between the period he was paid between six dollars and fifty cents ($6.50) and seven dollars and fifty cents ($7.50) from August 13, 2012 to September 10, 2017. The sum of one NYLL compensatory and liquidated damages, plus NYLL paystub and time-of-hire notice violation, with prejudgment interest, is Thirty-Eight Thousand One Dollars And Sixty Cents ($38,001.60).

Plaintiff ADELAIDO GALEANA claimed that he worked approximately twenty one and forty seven hundredth hours (21.47) hours on average each week from February 02, 2015 to September 02, 2018; and he was paid between seven dollars ($7.00) and eight dollars and sixty five cents ($8.65) per hour from February 02, 2015 to September 02, 2018. The sum of one NYLL compensatory and liquidated damages, plus NYLL paystub

Hon. John G. Koeltl
Page 4

and time-of-hire notice violation, with prejudgment interest, is Thirty-One Thousand Four Hundred Fifty-Seven Dollars And Eighty-Two Cents ($31,457.82).

Plaintiff JOSE PEREDA ABARCA claimed that he worked approximately forty and forty six hundredth (40.46) hours on average each week from August 13, 2012 to September 17, 2017; and he was paid between Six Dollars and Fifty Cents ($6.50) and seven dollars and fifty cents ($7.50) per hour from August 13, 2012 to September 17, 2017. The sum of one NYLL compensatory and liquidated damages, plus NYLL paystub and time-of-hire notice violation, with prejudgment interest, is Fifty Thousand One Hundred Eighty-Six Dollars And One Cent ($50,186.01).

Plaintiff RODOLFO ZEMPALTECA MONTES claimed that he worked approximately thirty five and fifty two hundredth (35.52) hours on average each week from March 02, 2015 to April 30, 2017; and he was paid between Six Dollars And Fifty Cents ($6.50) per hour and nine dollars ($9.00) an hour from March 02, 2015 to April 30, 2017. The sum of one NYLL compensatory and liquidated damages, plus NYLL paystub and time-of-hire notice violation, with prejudgment interest, is Twenty-One Thousand Two Hundred Eighty-One Dollars And Fifteen Cents ($21,281.15).

Plaintiff ENRIQUE DOSITEO ENCALADA ABAD claimed that he worked approximately thirty five and ninety six hundredth (35.96) hours on average each week from August 13, 2012 to March 04, 2018; and he was paid between Six Dollars And Fifty Cents ($6.50) per hour and eight dollars and sixty five cents ($8.65) per hour from August 13, 2012 to March 04, 2018. The sum of one NYLL compensatory and liquidated damages, plus NYLL paystub and time-of-hire notice violation, with prejudgment interest, is Thirty-Eight Thousand Seven Hundred Twenty-Five Dollars And One Cent ($38,725.01).

Plaintiff LUIS JOFREE LEMA MAYANCELA claimed that he worked approximately thirty one and eight hundredth (31.08) hours on average each week from April 13, 2015 to November 06, 2016; and he was paid between Six Dollars And Fifty Cents ($6.50) per hour and nine dollars ($9.00) per hour from April 13, 2015 to November 06, 2016. The sum of one NYLL compensatory and liquidated damages, plus NYLL paystub and time-of-hire notice violation, with prejudgment interest, is Fourteen Thousand Two Hundred Seventy-Nine Dollars And Forty-Seven Cents ($14,279.47).

Plaintiff JOSE REINALDO YUQUILEMA MULLO claimed that he worked approximately twenty one and fifty six hundredth (21.56) hours on average each week from September 07, 2015 to February 25, 2018; and he was paid between Six Dollars And Fifty Cents ($6.50) and eight dollars and sixty five cents ($8.65) per hour from September 07, 2015 to February 25, 2018. The sum of one NYLL compensatory and liquidated damages, plus NYLL paystub and time-of-hire notice violation, with

Hon. John G. Koeltl
Page 5

prejudgment interest, is Fourteen Thousand Fifty Dollars And Ninety-Six Cents ($14,050.96).

Plaintiff FELIPE RAMIREZ claimed that he worked approximately thirty four and seventy two hundredth (34.72) hours on average each week from August 13, 2012 to November 18, 2018; and he was paid between Six Dollars And Fifty Cents ($6.50) and thirteen dollars and seventy five cents ($13.75) per hour from August 13, 2012 to November 18, 2018. The sum of one NYLL compensatory and liquidated damages, plus NYLL paystub and time-of-hire notice violation, with prejudgment interest, is Sixty-Two Thousand Five Hundred Ninety-One Dollars And Ninety-Five Cents ($62,591.95).

Plaintiffs' Damages Calculation is attached hereto as Exhibit 02.

After extensive negotiations, and given the inherent risks of litigation and Defendant's capacity to pay the judgment, Plaintiff and Defendants agreed to settle for the proposed settlement amount of One Hundred Twenty Thousand Dollars ($120,000.00) **exclusive** of attorney fees of the Plaintiff's counsel.

### B. Defendants' Assessment

Pursuant to the decision issued by Your Honor, half of the plaintiffs and a majority of the claims were dismissed from the action on summary judgment. Defendants, for the purposes of settlement negotiation only, accept as true, Plaintiffs' allegations of period of employment, hours worked and amount of compensation.

Plaintiffs are not entitled to recover claimed compensatory damages under both Fair Labor Standards Act ("FSLA") and the New York Labor Law ("NYLL"). As such, Plaintiffs' double calculation of claimed compensatory damages under FSLA and NYLL is without merit. As for claimed liquidated damages, courts in the Second Circuit have also held that Plaintiff is not entitled to both FSLA and NYLL damages because they serve the same practical purposes in compensating the Plaintiff and deterring wage violations.

However, the Court has the discretion to reduce or deny the liquidated damages if the employer shows that its action was in good faith and that he had reasonable grounds to believe that his act or omission was not a violation of FLSA or willful underpayment under NYLL. Defendants showed that their action was in good faith and there was no willful underpayment. As such, Defendants are of the position that Plaintiffs are not entitled to any claimed liquidated damages.

In view of the foregoing, we acknowledge that this is a fair settlement for the individual plaintiffs,

Hon. John G. Koeltl
Page 6

Defendants further point out that, given the havoc wreaked on the restaurant industry due to the ongoing pandemic, Defendants require an installment payment schedule to fund the instant settlement.

### III. The Attorneys' Fees Are to Be Brought Forth Via a Separate Fee Application

Defendants will provide Plaintiffs with a settlement in the amount of One Hundred Twenty Thousand Dollars ($120,000.00). This amount is for any claims alleged in the Complaint **ONLY**, including compensatory damages, liquidated damages, punitive damages, penalties, and prejudgment interest pertaining to Plaintiffs' employment with Defendants as specified in the Complaint but **exclusive of attorneys' fees, expenses, and costs now accrued**. The attorneys' fees will be determined through a separate fee application to the court.

Respectfully Submitted,

**TROY LAW PLLC**  
*Attorneys for Plaintiffs*

**MSSSV, LLP**  
*Attorneys for Defendants*

/s/ John Troy
John Troy, Esq.
41-25 Kissena Blvd., Suite 103
Flushing, NY 11355
Tel.: 718 762 1324

/s/ Michael Miranda
Michael A. Miranda, Esq.
240 Mineola Blvd
Mineola, NY 11501
Tel: 516.741.7676

\* authorized to sign by email on August 4, 2022 at 6:31 pm